## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

I, GAYLE PARKER, Clerk of the Circuit Court of Harrison County, Mississippi, do hereby certify that the above and foregoing constitutes a true and correct copy of the following documents relative to that certain numbered and styled cause, as follows, to-wit:

### JASON JORDAN, ET AL

### VERSUS

### HARD ROCK CAFÉ INTERNATIONAL, (STP), INC., ET AL

### A2402-2013-51

1. **COMPLAINT**
2. **SUMMONS  TO HARD ROCK CAFÉ INTERNATIONAL**
3. **SUMMONS  TO THE CITY OF BILOXI**
4. **SUMMONS  JOSHUA HAMILTON**
5. **NOTICE OF SERVICE OF INTERROGATORIES**
6. **NOTICE OF SERVICE OF REQUEST FOR PRODUCTION OF DOCUMENTS**
7. **NOTICE OF SERVICE OF REQUEST FOR ADMISSIONS**
8. **SUMMONS RETURNED**
9. **AMENDED COMPLAINT**
10. **NOTICE OF SERVICE OF INTERROGATORIES**
11. **NOTICE OF SERVICE OF REQUEST FOR PRODUCTION OF    DOCUMENTS**
12. **NOTICE OF SERVICE OF REQUEST FOR ADMISSIONS**
13. **SUMMONS ISSUED TO PREMIER ENTERTAINMENT**
14. **SUMMONS RETURNED EXECUTED**

As the same now appears in the Circuit Court, of the Second Judicial District of Harrison County, Biloxi, Mississippi.

AND I FURTHER CERTIFY that said Circuit Court is a Court of Record with an official seal and that I, as Clerk of said Circuit Court, am the custodian of the records and seal of the said Court.



IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this said court, at the CITY OF BILOXI, on this 22ND   day of APRIL   in the year of our Lord, Two Thousand and Thirteen.

GAYLE PAKER
CLERK OF CIRCUIT COURT

# Mississippi Electronic Courts
## Harrison County Circuit Court (Circuit Court - Biloxi)
## CIVIL DOCKET FOR CASE #: 24CI2:13-cv-00051
## Internal Use Only

Jordan et al v. Hard Rock Cafe International (STP), Inc. et al

Assigned to: Lisa P. Dodson

Date Filed: 04/05/2013

Jury Demand: Plaintiff

Nature of Suit: 185 Wrongful Death

Jurisdiction: General

### Plaintiff

**Jason Jordan**
828 Oakleigh Ave., Apt. 9
Gulfport, MS 39507

represented by **Thomas Bellinder**
Thomas J. Bellinder, P.A.
351 Edgewood Terrace Dr.
Jackson, MS 39206
JACKSON , MS 39206
769-257-6052
Fax: 769-257-6596
Email: thomas.bellinder@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Alyssa Jordan**
828 Oakleigh Ave., Apt. 9
GULFPORT, MS 39507
*Individually*

represented by **Thomas Bellinder**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased**
828 Oakleigh Ave., Apt. 9,
Gulfport, MS 39507
*On Behalf Of All Of The Heirs And Law And Wrongful Death Beneficiaries Of Unborn Baby Jordan, Deceased*

represented by **Thomas Bellinder**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Christopher Soukup**
Afghanistan

represented by **Thomas Bellinder**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hard Rock Cafe International (STP), Inc.**
777 Beach Blvd.,
Biloxi, MS 39530
*TERMINATED: 04/12/2013*
*agent of*
d/b/a Hard rock Hotel & Casino Biloxi
*TERMINATED: 04/12/2013*

**Defendant**

**The City Of Biloxi, MS**
140 Lameuse
Biloxi, MS 39530

**Defendant**

**Joshua Hamilton**
170 Porter Ave.,
Biloxi, MS 39530
*In His Official And Individual Capacities*

**Defendant**

**Doe Defendant One**

**Defendant**

**Doe Defendant Three**

**Defendant**

**Premier Entertainment Biloxi, LLC**
**D/B/A Hard Rock Hotel and Casino**
777 Beach Blvd
Biloxi, MS 39530

**Defendant**

**Doe Defendant Four**

**Defendant**

**Doe Defendant Five**

**Defendant**

**Doe Defendants 6-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2013 | 1 | COMPLAINT against Doe Defendant Five, Doe Defendant Four, Doe Defendant One, Doe Defendant Three, Doe Defendants 6-10, Joshua Hamilton, Hard Rock Cafe International (STP), Inc., The City Of Biloxi, MS, filed by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased, Alyssa Jordan, Jason Jordan, Christopher Soukup. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet) (MF) (Entered: 04/05/2013) |
| 04/05/2013 | 2 | SUMMONS Issued as to Hard Rock Cafe International (STP), Inc. C/O CT Corporation System. Mailed to attorney for service. (MF) (Entered: 04/05/2013) |
| 04/05/2013 | 3 | SUMMONS Issued as to The City Of Biloxi, MS.c/o A.J. Holloway Office of the Mayor. Mailed to attorney for service. (MF) (Entered: 04/05/2013) |
| 04/05/2013 | 4 | SUMMONS Issued as to Joshua Hamilton. Mailed to attorney for service. (MF) (Entered: 04/05/2013) |
| 04/05/2013 | 5 | (Court only) Filing fee: $ 166, Receipt Number: 40945, Method of Payment: Check, Fee Status: Paid, Paid By: Thomas Bellinder, Remarks: ck#1089,. (MF) (Entered: 04/05/2013) |
| 04/09/2013 | 6 | NOTICE OF SERVICE of Interrogatories Propounded to All Named Defendants by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased. (Bellinder, Thomas) (Entered: 04/09/2013) |
| 04/09/2013 | 7 | NOTICE OF SERVICE of Request for Production of Documents Propounded to All Named Defendants by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased. (Bellinder, Thomas) (Entered: 04/09/2013) |
| 04/09/2013 | 8 | NOTICE OF SERVICE of Request for Admissions Propounded to All Named Defendants by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased. (Bellinder, Thomas) (Entered: 04/09/2013) |
| 04/10/2013 | 9 | "DOCKET ANNOTATION as to document 6 7 8 : Cause number was not included in case style; attorney should include cause number for all documents filed. (MF) (Entered: 04/10/2013) |
| 04/10/2013 | 10 | SUMMONS Returned Executed by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased. Hard Rock Cafe International (STP), Inc. served on 4/10/2013, answer due 5/10/2013. Service type: Personal (Bellinder, Thomas) (Entered: 04/10/2013) |
| 04/11/2013 | 11 | AMENDED COMPLAINT against Doe Defendant Five, Doe Defendant Four, Doe Defendant One, Doe Defendant Three, Doe Defendants 6-10, Joshua Hamilton, Hard Rock Cafe International (STP), Inc., The City Of Biloxi, MS, Premier Entertainment Biloxi, LLC D/B/A Hard Rock Hotel and Casino, filed by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased. (Attachments: # 1 Exhibit Notice |

| | | of Claims Letter) (Bellinder, Thomas) (Entered: 04/11/2013) |
|---|---|---|
| 04/11/2013 | ⚫ 12 | NOTICE OF SERVICE of Interrogatories Propounded to Premier Entertainment Biloxi, LLC by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased. (Bellinder, Thomas) (Entered: 04/11/2013) |
| 04/11/2013 | ⚫ 13 | NOTICE OF SERVICE of Request for Production of Documents Propounded to Premier Entertainment Biloxi, LLC by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased. (Bellinder, Thomas) (Entered: 04/11/2013) |
| 04/11/2013 | ⚫ 14 | NOTICE OF SERVICE of Request for Admissions Propounded to Premier Entertainment Biloxi, LLC by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased. (Bellinder, Thomas) (Entered: 04/11/2013) |
| 04/12/2013 | ⚫ | (Court only) *** Party Hard Rock Cafe International (STP), Inc. terminated. (MF) (Entered: 04/12/2013) |
| 04/17/2013 | ⚫ 15 | SUMMONS Issued as to Premier Entertainment Biloxi, LLC c/o Robert Callaway. Mailed to attorney for service. (MF) (Entered: 04/17/2013) |
| 04/18/2013 | ⚫ 16 | SUMMONS Returned Executed by Alyssa Jordan, On Behalf Of The Estate Of Unborn Baby Jordan, Deceased. The City Of Biloxi, MS served on 4/16/2013, answer due 5/16/2013. Service type: Substituted (Bellinder, Thomas) (Entered: 04/18/2013) |

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP**       **PLAINTIFFS**

**V.**          CAUSE NO.: A2402-13-51

**HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10**       **DEFENDANTS**

---

### COMPLAINT
### (PLAINTIFFS REQUEST TRIAL BY JURY OF ALL PARTIES)

---

COMES NOW Plaintiffs, Jason Jordan, Alyssa Jordan, Individually and on behalf of the Estate of Unborn Baby Jordan, Deceased, and on behalf of all of the Heirs at Law and Wrongful Death Beneficiaries of Unborn Baby Jordan, Deceased (hereafter collectively "Plaintiffs") by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure and files this Complaint against Defendants Hard Rock Café International (STP), Inc. d/b/a Hard Rock Hotel & Casino Biloxi, The City of Biloxi, Mississippi, Doe Defendant One, Joshua Hamilton, in his Official and Individual Capacities, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10 (collectively hereafter "Defendants"). In support thereof, Plaintiffs would show unto this Honorable Court the following:

FILED

APR 0 5 2013

## I.

### JURISDICTION AND VENUE

1.      This Honorable Court has jurisdiction and venue over the parties and this cause of action.  This civil action arises out of the acts and/or omissions of the Defendants committed in whole or in part in Harrison County in the State of Mississippi against residents of Harrison County, Mississippi.

2.      This Court has personal jurisdiction over all the Defendants in the instant suit who reside or may be found in the State of Mississippi, or who are doing business in the State of Mississippi.  Additionally, the allegations which caused and/or contributed to the subject incident occurred within the confines of Harrison County, Mississippi.

3.      Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(i) (Amended 2006).  Pursuant to the statute, venue is proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

## II.

### PARTIES

4.      Plaintiff Jason Jordan is an adult resident citizen of Harrison County, Mississippi who may be contacted by and through his undersigned attorney.

5.      Plaintiff Alyssa Jordan is an adult resident citizen of Harrison County, Mississippi who may be contacted by and through her undersigned attorney.  Plaintiff Alyssa Jordan brings this action in an individual capacity and in a representative capacity on behalf of the Estate of Unborn Baby Jordan, Deceased, and on behalf of all of the Heirs at Law and Wrongful Death Beneficiaries of Unborn Baby Jordan, Deceased.

6.     Plaintiff Christopher Soukup is an adult resident citizen of Harrison County, Mississippi, is currently deployed to active military duty in Afghanistan and who may be contacted by and through his undersigned attorney.

7.     Defendant Hard Rock Café International (STP), Inc., upon information and belief is the owner of (in whole or in part) and does business in the state of Mississippi as Hard Rock Hotel & Casino Biloxi, located at 777 Beach Blvd., Biloxi, MS 39530.  Upon information and belief this Defendant may be served with process at CT Corporation System, 645 Lakeland East Dr., Ste. 101, Flowood, MS 39232.

8.     Defendant The City of Biloxi, Mississippi, is a municipality organized and existing under and by virtue of the laws of the State of Mississippi.  The City of Biloxi, Mississippi is subject to suit pursuant to Miss. Code Ann. § 11-46-5 and 11-46-7, and may be served with process through its mayor at City of Biloxi, Office of the Mayor, 140 Lameuse St., Biloxi, MS 39530.

9.     Doe Defendant One is the individual security guard, agent and/or employee of Hard Rock Café International (STP), Inc. and/or Doe Defendants 5-10 who can be seen on the surveillance video pinning Jason Jordan to the ground by placing the entirety of his weight onto Jordan's body for over three (3) full minutes and until Jason Jordan was unconscious, and whose actions or inactions proximately caused the Plaintiffs' damages, and whose identity is not currently known despite good faith investigative efforts.

10.    Defendant Joshua Hamilton, upon information and belief is an adult resident citizen of Harrison County, Mississippi who may be served with process at 170 Porter Ave., Biloxi, MS 39530.

11.     Doe Defendant Three is the police officer, agent and/or employee of The City of Biloxi, Mississippi who can be seen on the surveillance video tazing Jason Jordan, place him in handcuffs and proceeding to drag his motionless body through the nightclub by wrenching his arms in an unnatural position, and whose actions or inactions proximately caused the Plaintiffs' damages, and whose identity is not currently known despite good faith investigative efforts.

12.     Doe Defendant Four is the individual, security guard, police officer, agent and/or employee of Hard Rock Café International (STP), Inc., The City of Biloxi, Mississippi and/or Doe Defendants 5-10 who physically assaulted Alyssa Jordan and caused and/or contributed to her miscarriage of Unborn Baby Jordan, and whose actions or inactions proximately caused the Plaintiffs' damages, and whose identity is not currently known despite good faith investigative efforts.

13.     Doe Defendant Five is the individual, security guard, police officer, agent and/or employee of Hard Rock Café International (STP), Inc., The City of Biloxi, Mississippi and/or Doe Defendants 5-10 who physically assaulted Christopher Soukup, detained and improperly handcuffed him, and whose actions or inactions proximately caused the Plaintiffs' damages, and whose identity is not currently known despite good faith investigative efforts.

14.     Doe Defendants 6-10 are other individuals, persons, businesses, institutions, corporate persons or entities whose identities are unknown to the Plaintiffs at the filing of this complaint, but who may be liable for all or part of the acts or omissions committed resulting in the subject incident herein and against whom Plaintiffs may seek recovery of damages.

## III.

## NOTICE OF CLAIMS

15.     In correspondence dated November 15, 2012 the Plaintiffs, by and through counsel caused to be filed and delivered by certified U.S. mail to The City of Biloxi, Mississippi, Attn: A.J. Holloway, Mayor, Attn: Legal Department, Office of the Mayor, P.O. Box 429, Biloxi, MS 39533; Biloxi Police Department, Attn: John Miller, Chief of Police, Lopez-Quave Public Safety Center, 170 Porter Ave., Biloxi, MS 39530, and Mississippi Attorney General Office, Attn: Jim Hood, P.O. Box 220, Jackson, MS 39201 a notice of claim letter regarding the act(s) and/or omission(s) set forth herein, pursuant to Miss. Code Ann. δ 11-46-11, 42 U.S.C. § 1983 and any and all other applicable state or federal statute(s) or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action.   A copy of this letter and certified returns of service is incorporate herein by referenced and attached as "Exhibit A."  To date, no response has been received.  Plaintiffs submit that this notice of claims letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing the instant suit.

## IV.

## FACTS

16.     As is reflected by the surveillance video of the Biloxi Hard Rock Hotel and Casino currently within undersigned's possession, on November 27, 2011 active military personnel Jason Jordan, at the time stationed at Kessler Air Force Base in Biloxi, Mississippi, was physically assaulted by an individual identified as 'Airman Dorack' at the Hard Rock Hotel & Casino Biloxi, located at 777 Beach Blvd., Biloxi, MS 39530.

17.     Christopher Soukup, Jordan's shift supervisor, was also present at the Hard Rock.  Mr. Soukup was not involved in the altercation in any way, other than his attempts to intervene and pull Mr. Jordan and 'Airman Dorack' apart.

18.     Moments after the altercation ended, several large males without any insignia or nametags identifying them as security or police or Hard Rock employees grabbed, restrained and physically assaulted Jason Jordan.

19.     One of the large males pinned Jason Jordan to the ground by placing the entirety of his weight onto Jordan's body for over three (3) full minutes and until Jason Jordan is unconscious, as evidenced by the surveillance video.

20.     Next, the surveillance video shows the large male stand up.  Jason Jordan remains lying on the floor, unconscious.  Biloxi Police officers then arrive on the scene.

21.     Despite his unconscious state, Biloxi Police do not wait for paramedics or a stretcher to arrive.  Instead, Defendant Joshua Hamilton and another officer taze Mr. Jordan, place him in handcuffs and proceed to drag his motionless body through the nightclub by wrenching his arms in an unnatural position.

22.     At times, Defendant Hamilton and the other officer appear to tire from dragging a lifeless Mr. Jordan and allow his body to slump to the floor.

23.     Defendant Hamilton and the other officer then continue to drag Mr. Jordan throughout the casino.

24.     The surveillance video shows Defendant Hamilton and the other officer at one point dragging Mr. Jordan face-first down an escalator.

25.    At some point, Mr. Jordan's pants fall to his knees, exposing his genitals. Defendant Hamilton and the other officer never pull up Mr. Jordan's pants; in fact, when his wife Alyssa Jordan asks that they do so, the officers assault her and place her in handcuffs.

26.    Alyssa Jordan was pregnant at the time of her assault; the attack resulted in her having a miscarriage 2 weeks later.

27.    Later, Defendant Hamilton appears to shackle Mr. Jordan's feet.    When Defendant Hamilton and the other officer finally reach the exit door of the casino, they drop Mr. Jordan's lifeless body and allow him to lie on the ground for several more minutes before again applying force to his motionless body.

28.    Defendant Hamilton and the other officer then violently shove and pull him into a police SUV.

29.    Mr. Jordan suffered a broken wrist in the attack, which doctors expect to require at least two (2) surgeries to repair the damage.

30.    Moments after Mr. Jordan is shoved into the police SUV, video captured by a cell phone and posted to the website Youtube entitled "Biloxi Police Abusing Their Power" shows one of the officers involved in the assaults violently cursing at a patron and ordering him to "get the f**k out of my face". As the patron complies by turning and walking away, Biloxi Police officers rush the man, throw him to the ground and taze him.

31.    Meanwhile and despite his non-involvement in and efforts to stop the altercation, Christopher Soukup was handcuffed and detained by personnel of the Hard Rock. Video surveillance shows Hard Rock employees leading a handcuffed Mr. Soukup down a corridor and into an interrogation room, where he remained for nearly an hour. Mr. Soukup complains to the Hard Rock employees that the handcuffs were improperly applied, but is

ignored.  Mr. Soukup suffered a dislocated elbow and a broken wrist at the hands of the Hard Rock employees.  Doctors have informed Mr. Soukup he will likely require wrist surgery.

32.     These physical attacks resulted in significant physical injuries and emotional distress to Mr. Jordan and Mr. Soukup, including broken wrists, a dislocated elbow numerous scrapes, cuts, bruising, sprains and strains, and potentially permanent nerve damage.

33.     These physical attacks resulted in significant physical injuries and emotional distress to Mrs. Jordan, including but not limited to the death of her unborn child.

34.     Over a dozen witnesses have voluntarily contacted Mr. and Mrs. Jordan and Mr. Soukup, their immediate family and undersigned counsel, indicating their willingness and intention to testify as to the actions of the individuals involved in these incidents.

35.     At no point was Mr. Jordan, Mrs. Jordan or Mr. Soukup read their rights.

36.     The actions of the individuals involved were reckless, grossly negligent, malicious, and amount to a conscious disregard of the civil rights of the Claimants.

37.     The individuals involved acted in reckless disregard of the safety and well being of the Claimants.

38.     As a result of the act(s) and/or omission(s) of these Defendants, the Plaintiffs have sustained economic damages.

39.     As a result of the act(s) and/or omission(s) of these Defendants, the Plaintiffs have sustained non-economic damages.

40.     As a result of said accident and the acts and/or omissions of all Defendants, Plaintiffs sustained serious injuries which require continuing medical care.  Plaintiffs suffered and continues to suffer from, but not limited to, death, a dislocated elbow, broken wrists, severe and continuing physical pain, swelling, stiffness, contusions, mental anguish, loss of

enjoyment of life, hedonic damages, medical bills, prescription drug costs and other damages more specifically set forth below and to be proven at trial. Furthermore, as their injuries develop Plaintiffs may suffer from permanent physical pain, impairment, disfigurement, and/or a loss of past, present and future income.

41.    Further, Plaintiffs sustained loss of consortium damages as a result of this accident. As a result of the accident, Mr. Jordan, as a husband, was not able to accomplish various tasks to include, but are not limited to, household chores and conjugal fellowship. As a result of the accident, Mrs. Jordan, as a wife, had to perform additional tasks that were previously performed by her husband and she was deprived of various things, to include but are not limited to, affection, assistance and conjugal fellowship. As a result of the accident, Mrs. Jordan, as a wife, was not able to accomplish various tasks to include, but are not limited to, household chores and conjugal fellowship. As a result of the accident, Mr. Jordan, as a husband, had to perform additional tasks that were previously performed by his wife and he was deprived of various things, to include but are not limited to, affection, assistance and conjugal fellowship.

## V.

## CLAIMS FOR RELIEF

## COUNT I -- PREMISES LIABILITY

42.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

43.    Defendants Hard Rock Café International (STP), Inc. d/b/a Hard Rock Hotel & Casino Biloxi and Doe Defendants 6-10, as the proprietor(s) of a business in Mississippi owed Jason Jordan, Alyssa Jordan, her unborn child and Christopher Soukup, as a business

patrons and invitees, a duty to maintain the premises in a reasonably secure or safe condition, including duty to exercise reasonable care to protect the Plaintiffs from reasonably foreseeable injury at the hands of others. At all relevant times hereto, the aforementioned Defendants were negligent in their failure to fulfill their duty of ordinary reasonable care to make the Hard Rock Hotel & Casino Biloxi reasonably safe, including failing to take reasonable precautions or measures to protect patrons from the foreseeable harm suffered by the Plaintiff.

44.    Defendants had actual or constructive knowledge of the prior violent conduct by their security personnel and police on their premises and had actual or constructive knowledge that an atmosphere of violence existed at the premises, shown by violent incidents before the incident described in this complaint. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

45.    Defendants had actual or constructive knowledge of the necessity of use of reasonable care and to take adequate and reasonable precautions or measures to protect business patrons and invitees of their hotel and casino from foreseeable harm and danger, including the harm suffered by the Plaintiffs on the day in question. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

46.    Defendants had actual or constructive knowledge of the necessity of warning business patrons and invitees of past and foreseeable violent conduct. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive

knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

47.     Defendants had actual or constructive knowledge of the necessity of exercising reasonable care to protect their business patrons and invitees from reasonably foreseeable injuries. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

48.     Defendants had actual or constructive knowledge of the insufficient security measures, unsafe conditions and overall inadequacies of the Hard Rock Hotel & Casino Biloxi. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

49.     Defendants had actual or constructive knowledge of the necessity of warning the Plaintiffs of the foreseeable harm they suffered.  Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

50.     Defendants had actual or constructive knowledge of the necessity of reasonable inspection of the Hard Rock Hotel & Casino Biloxi and the need to make the premises safe from the foreseeable harm suffered by the Plaintiffs. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

51.     Defendants had actual or constructive knowledge of the necessity of attentiveness by their security personnel while crimes are being committed. Defendants failed

to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

## COUNT II - WRONGFUL DEATH

52.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

53.    Prior to Alyssa Jordan entering Defendants' establishment, her unborn child had a reasonable life expectancy of years remaining. Alyssa Jordan would have been a good, faithful and industrious mother. She would have given her child wise counsel, advice and help. By reason of the death of Unborn Baby Jordan, the decedent's beneficiaries have been damaged in an amount in excess of the jurisdictional limits of this Court as will be proven at trial, including but not limited to those damages outlined herein.

54.    Plaintiffs assert claims for the recovery of damages in the amount the jury determines to be just, taking into consideration all damages of every kind to the decedent and all damages of every kind to any and all interested parties in the suit, pursuant to Mississippi's wrongful-death statute. These claims shall include but shall not be limited to: (1) medical and funeral costs; (2) the present net cash value of the life expectancy of the deceased; (3) the loss of the companionship and society of the decedent; (4) the pain and suffering of the decedent between the time of injury and death; and (5) punitive damages.

55.    By reason of the negligence and/or gross negligence of the Defendants, and the death of Unborn Baby Jordan, it was reasonably necessary to provide for the funeral service and the burial of Unborn Baby Jordan, a sum which was fair, reasonable, customary and necessary.

## COUNT III - NEGLIGENCE AND NEGLIGENCE *PER SE*

56.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

57.     Defendants Hard Rock Café International (STP), Inc. d/b/a Hard Rock Hotel & Casino Biloxi and Doe Defendants 6-10, as the proprietor(s) of a business in Mississippi, owe a duty to an invitees to exercise reasonable care to protect said invitees from reasonably foreseeable injuries, specifically, the duty to provide reasonable security measures for the protection of Jason Jordan, Alyssa Jordan, Unborn Baby Jordan and Christopher Soukup and all other invitees, business guests, customers and patrons of the hotel and casino from foreseeable harm.

58.     Defendants were negligent inasmuch as they should have been on notice as to any previous negligent act(s) and/or omission(s) of its employees, agents, and/or servants as well as the following particulars, among others:

(a)     failing to keep properly trained security on the premises;

(b)     failing to act in response to an emergency situation regarding an invitee;

(c)     inattention while crimes are being committed;

(d)     failing to abide by the laws of any state on previous occasions;

(e)     failing to maintain control of the premises on previous occasions; and

(f)     other acts of negligence as will be more fully shown at trial.

The above acts constitute negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiffs' damages.

59.    Doe Defendant One, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10, as security personnel and other relevant employees/agents, owe a duty to invitees to exercise reasonable care to protect said invitee from reasonably foreseeable injuries, specifically the duty to make the premises safe and to provide adequate security.

60.    Defendants knew or should have known before the date of the subject incident that the subject premises owned and operated by the Defendants had inadequate security. As a result, Defendants were aware that the premises were not reasonably safe for their business guests, invitees and patrons.

61.    Despite its knowledge of these unsafe conditions, Defendants did nothing to remedy or address the unsafe conditions and inadequacies.

62.    Defendants collectively breached their duty owed to the Plaintiffs to exercise reasonable care to protect invitees from reasonably foreseeable injuries, and were negligent by failing to provide adequate security at the premises known as the Hard Rock Hotel & Casino Biloxi, located at 777 Beach Blvd., Biloxi, MS 39530, by and including (but not limited to) failing to provide adequate security personnel, by failing to take or implement reasonable measures for the personal security and safety of the Plaintiffs, by failing to warn the Plaintiffs of the foreseeable harm they suffered, and by failing to reasonably inspect and make safe the premises from the foreseeable harm suffered by the Plaintiffs.

63.    To the extent that one of more of these Defendants, through their act(s) and/or omission(s) violated a Mississippi statute in the operation of the casino, night club and police department at issue, and (i) the Plaintiffs were in the class of persons the statute was designed to protect and (ii) the injuries they sustained were of a type the statue was designed to prevent, then these Defendants are *per se* negligent. The act(s) and/or omission(s) of these Defendants

constitute negligence *per se* and were a proximate cause of the occurrence of this incident. Further, the act(s) and/or omission(s) of the Defendants results in the Plaintiffs' losses and damages.

64.     As a direct and proximate result of the collective negligence and breach of duty of care of the Defendants, Unborn Baby Jordan was killed and the Plaintiffs were injured. As a result, Plaintiffs seek damages for wrongful death, mental pain and suffering, emotional distress, conscious pain and suffering, loss of past and future earnings, and any other economic, non-economic, actual, compensatory, incidental, and/or consequential damages recoverable, pursuant to Miss. Code. Ann § 11-7-13 or any other relevant statute.

## COUNT IV - GROSS NEGLIGENCE

65.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.     The actions of Defendants, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiffs herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiffs are entitled to the recovery of punitive damages.

## COUNT V - NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

67.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

68.     At the time and on the occasion in question, Defendants were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s),

Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10. Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, as well as in the maintenance of its security measures. Defendants breached that duty in the following respects, among others:

(a)     failing to adequately inquire into the competence, employment history and criminal background of employee, agent or servant, Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four and Doe Defendants 5-10;

(b)     failing to adequately train employee, agent or servant, Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10;

(c)     failing to properly supervise employee, agent or servant, Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10;

(d)     failing to comply with industry standards and regulations regarding supervision of security personnel and police officers, and;

(e)     other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiffs' damages.

## COUNT VI - RES IPSA LOQUITUR

69.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

70.     At all pertinent times, Defendants collectively were in sole and complete control of their security measures, police policies and practices and personnel, which became the instrumentality causing the resulting death of the decedent and injuries sustained by the Plaintiffs. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and safety measures were in place to avoid the decedent's death and injuries sustained by the Plaintiffs.

71.     Defendants were presented with an available opportunity to avoid the resulting incident. Defendants, however, failed to exercise such control over their security personnel and police officers to prevent the death of decedent and injuries sustained by the Plaintiffs.

72.     The duty of care owed to the Plaintiffs was therefore breached by the Defendants.

73.     The manner of death of Unborn Baby Jordan is the type of event that does not ordinarily occur in the absence of negligence.

74.     The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting injury, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

75.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## COUNT VII - RESPONDEAT SUPERIOR

76.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

77.     Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10 was in the course and scope of his employment with Defendants Hard Rock Café International (STP), Inc. d/b/a Hard Rock Hotel & Casino Biloxi, The City of Biloxi, Mississippi, and Doe Defendants 5-10 at all relevant times immediately subsequent and preceding the incident in question, and therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s).

## COUNT VIII - AGENCY

78.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

79.     At the times material hereto, Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10 were in the course and scope of their employment with and acted in furtherance of the interests of Defendants Hard Rock Café International (STP), Inc. d/b/a Hard Rock Hotel & Casino Biloxi, The City of Biloxi, Mississippi, and Doe Defendants 6-10, and/or was an apparent agent acting within thes actual or apparent authority of Defendants Hard Rock Café International (STP), Inc. d/b/a Hard Rock Hotel & Casino Biloxi, The City of Biloxi,

Mississippi, and Doe Defendants 6-10; therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s).

## COUNT IX - LOSS OF CONSORTIUM

80.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

81.     At the time of the accident complaint of herein, Plaintiffs Jason Jordan and Alyssa Jordan were married and continue to be married.

82.     That as a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

83.     That all of the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

## COUNT X - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### (General Allegations)

84.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

85.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

86.     More specifically, the Plaintiffs had their Eighth Amendment Right to be free from cruel and unusual punishment violated while in the custody of the Defendants through the Defendants' use of unreasonable, unnecessary and excessive force causing the Plaintiffs to sustain certain severe injuries.

87.     Furthermore, the Plaintiffs' Fifth and Fourteenth Amendment Rights to substantive due process and equal protection of the laws were violated as a result of the Defendants' conduct.

88.     The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable civil rights, i.e., life, liberty, and/or the unnecessary and wanton infliction of pain and inhumane torture in light of the circumstances confronted by the defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by using force and physical violence designed and intended to cause the Plaintiffs physical, mental and emotional harm, pain, humiliation and/or injury and thereafter, evidencing deliberate indifference to the immediate, grave and serious condition the Plaintiffs were left in, resulting in the severe and irreversible medical conditions they now face.

89.     In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law to set into motion a chain of events leading to the death of Unborn Baby Jordan and the injuries sustained by the Plaintiffs.  The acts and/or omissions of the Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

90.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

91.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT XII - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

92.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

93.     Defendants The City of Biloxi, Mississippi, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10 (including employees of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the routine use of excessive force, the absence of adequate police training and the absence of adequate police supervision for its officers.

94.     The failure of all Defendants to adequately train and supervise their employees, agents, police officers and security personnel amount to deliberate indifference to the rights of the Plaintiffs to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

95.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and

seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

## COUNT XIII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

97.     The act(s) and/or omission(s) of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.), on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

98.     The negligent conduct perpetrated upon the Plaintiffs was awful, traumatic, and disturbing events, which has caused the Plaintiffs to suffer serious emotional anguish.

99.     At all relevant times, the Plaintiffs were in the zone of danger as a result of the act(s) and/or omission(s) of the Defendants.

100.    The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of the injuries of the Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

## COUNT XIV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

101.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

102.    The acts and conduct of all Defendants herein, by and through their employee-agents and described herein, were done willfully, maliciously, deliberately, and

purposely with the intention to inflict emotional distress upon the Plaintiffs. Such acts were extreme, outrageous and done in reckless disregard of the probability of causing the Plaintiffs' emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiffs.

103.   The Defendants had a responsibility to oversee and control the conduct of their employees, specifically a duty to refrain from the actions detailed herein. Defendants breached their duty through their repeated failures to refrain from such actions.

104.   As a direct and proximate result of the Defendants' acts alleged herein, the Plaintiffs were caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, fear, nervousness, and anxiety. The Plaintiffs continues to suffer the emotional effects of being subjected to the incidents detailed herein.

105.   The above act(s) and/or omission(s) constitute intentional infliction of emotional distress under Mississippi law and were each a proximate cause of the injuries and damages sustained by the Plaintiffs.

## COUNT XV - BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

106.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

107.   The failure and/or refusal of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) to prevent the death of Unborn Baby Jordan and the injuries sustained by the Plaintiffs, at a time when the same was absolutely essential, constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiffs and other persons similar situated.

## COUNT XVI - THE COMMON LAW TORT OF OUTRAGE

108.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

109.    The overall conduct of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) on the dates in question was so outrageous that it shocks the moral and legal conscience of the community.   This outrageous conduct resulted in the Plaintiffs suffering potentially permanent damage to their physical, psychological and emotional well-being.   The manner, method and design of the aforementioned Defendants' conduct amounted to a cold, callous, premeditated abuse of authority.

110.    As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, these Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct.  Thus, Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## COUNT XVII - RECKLESS DISREGARD FOR THE RIGHTS AND SAFETY OF OTHERS

111.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

112.    The act(s) and/or omission(s) of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.),

individually, jointly, and severally, constitute a reckless disregard for the rights and safety of the Plaintiffs herein.

113.     Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable, prudent person can certainly conclude that these act(s) and/or omission(s) were carried out with a reckless disregard for the rights and safety of the Plaintiffs and others.  Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of the Plaintiffs as defined under Mississippi law.

114.     The act(s) and/or omission(s) of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.), individually, jointly, and severally, were a proximate cause as to the injuries and damages sustained by Plaintiffs.

### COUNT XVIII - NEGLIGENT FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

115.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

116.     The Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) were vested with the authority to hire, fire, and discipline employees, police officers and/or security personnel of the Hard Rock Hotel & Casino Biloxi and the City of Biloxi Police Department.

117.     Furthermore, on information and belief, Plaintiffs will show that over the course of the past several years, there have been numerous complaints made about, but not limited to, incidents of excessive force, violence by officers and security personnel and the

failure to provide adequate supervision of employees, police officers and/or security personnel.

118.   The decision by the Defendants to hire, retain and not discipline these employees, officers and/or security personnel resulted in the creation of an environment of excessive force and violence.

119.   As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective action in the past, regarding employees, officers and/or security personnel employed at the Hard Rock Hotel & Casino Biloxi and the City of Biloxi Police Department, the aforementioned Defendants are liable for the unlawful death and corresponding deprivation of rights sustained by the Plaintiffs.

## COUNT XIX - CIVIL CONSPIRACY

120.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

121.   The Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) took the above-described actions in concert and in furtherance of a conspiracy to commit and cover up the wrongs complained of herein.

122.   As a proximate result of the acts in concert by Defendants, Plaintiffs have been damaged.

## COUNT XX - MALICIOUS PROSECUTION

123.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

124.    Plaintiffs were arrested and imprisoned at the direction of Defendants Hard Rock Café International (STP), Inc. d/b/a Hard Rock Hotel & Casino Biloxi, Doe Defendant One, Doe Defendant Four, Doe Defendant Five and/or Doe Defendants 6-10, without being allowed to provide proof of their innocence, in spite of attempts by Plaintiffs to provide such proof, and Defendants; unreasonable refusal to accept such proof.

125.    The Defendants knew or should have known that said charges were baseless and wholly without merit; however, Defendants maliciously insisted on holding the Plaintiffs and filing criminal charges against the Plaintiffs despite the absence of even a reasonable suspicion of a crime committed by the Plaintiffs.

126.    Upon information and belief the charges were subsequently dismissed in favor of Plaintiffs.

127.    Plaintiffs have suffered and continue to suffer damages of an emotional, physical, and financial nature due to the events perpetrated by the Defendants.

128.    The Defendants are liable to Plaintiffs for all damages sustained as a consequence of the aforesaid malicious prosecution.

## COUNT XXI - FALSE ARREST AND FALSE IMPRISONMENT

129.    While a patron at the Defendant establishment and having committed no crime whatsoever, Plaintiffs were accosted by security personnel and police officers, and were falsely and unlawfully arrested and imprisoned at the direction of one or more of the Defendants.

130.    Such actions were intentional or taken with such reckless disregard of Plaintiffs' rights as to be deemed intentional in that the wrongful arrest and imprisonment

of the Plaintiffs was made without proper inquiry, or ignoring information obtained during such inquiry.

131.   Defendants' actions in having the Plaintiffs arrested were malicious.

132.   The actions taken by the Defendants violated the constitutional and civil rights of the Plaintiffs to be free in their persons, as required by the First Amendment, and also violated their rights to due process, such rights being enforceable through the civil rights statute 42 U.S.C. § 1983.

133.   The Defendants are liable to Plaintiffs for all damages sustained as a consequence of the aforesaid false arrest and imprisonment.

## COUNT XXII - CIVIL ASSAULT

134.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

135.   The actions of Defendants establish that a civil assault was committed against the Plaintiffs.

136.   At all relevant times prior to the beatings, Plaintiffs were in reasonable apprehension of imminent harmful or offensive contact.

137.   Defendants' overt acts of pinning Jason Jordan to the ground by placing the entirety of his weight onto Jordan's body for over three (3) full minutes and until Jason Jordan was unconscious, tazing Jason Jordan, place Jason Jordan in handcuffs and proceeding to drag his motionless body through the nightclub by wrenching his arms in an unnatural position and physically grabbing and wrestling Alyssa Jordan away from her husband constitutes a threat or menace to the Plaintiffs. Defendants' physical ability to inflict the threatened harm established that these Defendants committed a civil assault.

138.    The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries to Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

## COUNT XXIII - CIVIL BATTERY

139.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

140.    The acts(s) and/or omission(s) of Defendants establish that they committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of the Plaintiffs caused by the act of Defendants, whether directed at Plaintiffs personally or at a third party. Defendants committed a civil battery upon the Plaintiffs when they struck, tazed and manhandled the Plaintiffs. The Defendants also intended to cause offensive and harmful contact with the Plaintiffs when they continued to beat and drag the Plaintiffs. The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## COUNT XXIV - ABUSE OF PROCESS

141.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

142.    Based upon the facts set forth herein, Defendants made an illegal use of civil and criminal process, a use neither warranted nor authorized by the process.

143.    Defendants in this matter had an ulterior motive, i.e. to embarrass and punish the Plaintiffs and make an example out of them.

144.    Damages resulted from the perverted use of the process in this matter, proximately caused by the actions and/or inactions of the Defendants.

## VI.

## DAMAGES

### ECONOMIC DAMAGES

145.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

146.   As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of economic damages available under the law and incurred as a result of the death of Unborn Baby Jordan, deceased, and the injuries they sustained.

### NON-ECONOMIC DAMAGES

147.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

148.   As a result of  the act(s) and/or omission(s) of these Defendants, Plaintiffs seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: physical injuries, pain and suffering, severe mental pain and suffering, anguish, suffering, inconvenience, worry, emotional distress, loss of society and companionship, loss of consortium, physical impairment, loss of the enjoyment of life, hedonic damages, loss of credit worthiness, medical or special damages, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

149.   Plaintiffs have suffered out-of-pocket expenses which include travel expenses, attorneys' fees, costs of court, time from work, funeral expenses, nursing

expenses, physical therapy expenses and other expenses. Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

150.    The amount of total damages suffered by Plaintiffs is significant and continuing in nature. Plaintiffs reserve the right to amend and state further with respect to their damages.

## PUNITIVE DAMAGES

151.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

152.    Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

153.    Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

## JURY TRIAL DEMANDED

154.    Plaintiffs demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment interest, costs of Court, attorneys' fees, and for such other and further relief to which they may show themselves to be justly entitled.

This the 1st day of April, 2013.

Respectfully submitted,

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF UNBORN BABY JORDAN, DECEASED AND ON BEHALF OF ALL OF THE HEIRS AND LAW AND WRONGFUL DEATH BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED; AND CHRISTOPHER SOUKUP**

By: _____
　　　Thomas J. Bellinder

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone: (769) 257-6052
Fax: (601) 714-1583
Email: Thomas.Bellinder@gmail.com

# THOMAS J. BELLINDER, P.A.

**351 EDGEWOOD TERRACE DR.**
**JACKSON, MS 39206**
**P.O. BOX 24**
**JACKSON, MS 39205**
**EMAIL: THOMAS.BELLINDER@GMAIL.COM**

MS BAR: 103115
FL BAR: 65254
DC BAR: 996096

PHONE: (769) 257-6052
FAX: (601) 714-1583

November 15, 2012

**VIA CERTIFIED U.S. MAIL**
The City of Biloxi, Mississippi
Attn: A.J. Holloway, Mayor
Attn: Legal Department
Office of the Mayor
P.O. Box 429
Biloxi, MS 39533

**VIA CERTIFIED U.S. MAIL**
Biloxi Police Department
Attn: John Miller, Chief of Police
Lopez-Quave Public Safety Center
170 Porter Ave.
Biloxi, MS 39530

**VIA CERTIFIED U.S. MAIL**
Mississippi Attorney General Office
Attn: Jim Hood
P.O. Box 220
Jackson, MS 39201

Re:   **Notice of Claim**

Dear Sir or Madam;

Scope of Representation

This letter will serve as official notice of a claim against the City of Biloxi, Mississippi, the Biloxi Police Department and John Does 1-10 (agents/employees/ members of the City of Biloxi, Mississippi and/or the Biloxi Police Department) in their personal and official capacities pursuant to Miss. Code Ann. δ 11-46-11, 42 U.S.C. δ 1983, any other applicable state or federal statute or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action.  The aforementioned individuals and/or entities as well as unknown employees and/or agents of the City of Biloxi, Mississippi and the Biloxi Police Department are known to be involved with the incident described herein


EXHIBIT "A"

<u>Residence of the Person Making the Claim at the Time of the Injury</u>

At the time of this injury, Jason Jordan and Alyssa Jordan resided at 828 Oakleigh Ave., Apt. 9, Gulfport, MS 39507. At the time of this injury, Christopher Soukup resided at 14041 Harley Drive, Biloxi, MS 39535.

<u>Residence of the Claimant at the time of the Filing of this Notice</u>

At the filing of this notice, Jason Jordan and Alyssa Jordan reside at 828 Oakleigh Ave., Apt. 9, Gulfport, MS 39507. At the filing of this notice, Christopher Soukup is deployed to Afghanistan.

## LITIGATION HOLD

This letter provides you with written notice to place a Litigation Hold on any and all documents, papers, records, accident and/or incident documents (including but not limited to reports, records, notes, minute, investigations, documents and/or photos), documents reflecting the identity of all investigators and all interviews, documents, statements (taken from witnesses, officers, Jason Jordan, Alyssa Jordan, Christopher Soukup or otherwise) incident reports (and all supplements thereto), recordings of interviews (in any form), CDs, CD-rom discs, digital recordings, diagrams, diagrams of the scene of the incident, drawings, 911 call recordings (in any form), electronic media, evidence, tangible evidence, documentary evidence, demonstrative evidence, tape recordings, video tapes, photographs, physical evidence, reports or statements of experts, criminal record or history, exculpatory material, discovery, internal memos, notes, correspondence, estimates, other written documents, docket book entries, affidavits, arrest warrants, certified copy of any arrest record, arrests, convictions, charges, dismissals, sentences, mug shots, fingerprints, motions, orders, judgments, and any other materials or data relevant to the herein-named individuals, and any and all general orders, memos, rules, regulations, policies, procedures, and any documentation of the City of Biloxi, Mississippi and/or the Biloxi Police Department dealing with the use of force, excessive force and the detention of and/or arrest of persons at the Hard Rock Casino.

## REQUEST FOR WRITTEN DESTRUCTION LOG

This letter shall also serve as our formal request for a Written Destruction Log containing an identification of any and all documents, papers, records, accident and/or incident documents (including but not limited to reports, records, notes, minute, investigations, documents and/or photos), documents reflecting the identity of all investigators and all interviews, documents, statements (taken from witnesses, officers, Jason Jordan, Alyssa Jordan, Christopher Soukup or otherwise) incident reports (and all supplements thereto), recordings of interviews (in any form), CDs, CD-rom discs, digital recordings, diagrams, diagrams of the scene of the incident, drawings, 911 call recordings (in any form), electronic media, evidence, tangible evidence, documentary evidence, demonstrative evidence, tape recordings, video tapes, photographs, physical evidence, reports or statements of experts, criminal record or history, exculpatory material, discovery, internal memos, notes, correspondence, estimates, other written documents, docket book entries, affidavits, arrest warrants, certified copy of any arrest record, arrests,

convictions, charges, dismissals, sentences, mug shots, fingerprints, motions, orders, judgments, and any other materials or data relevant to the herein-named individuals, and any and all general orders, memos, rules, regulations, policies, procedures, and any documentation of the City of Biloxi, Mississippi and/or the Biloxi Police Department dealing with the use of force, excessive force and the detention of and/or arrest of persons at the Hard Rock Casino, which were destroyed prior to your receipt of this notice.

> The Circumstances Which Brought About the Injury
> The Extent of the Injury
> The Names of All Persons Known to Be Involved

As is reflected by the surveillance video of the Biloxi Hard Rock Hotel and Casino currently within undersigned's possession, on November 27, 2011 active military personnel Jason Jordan, currently stationed at Kessler Air Force Base in Biloxi, Mississippi, was involved in a physical altercation with an individual identified as 'Airman Dorack'. Christopher Soukup, Jordan's shift supervisor, was also present at the Hard Rock. Mr. Soukup was not involved in the altercation in any way, other than his attempts to intervene and pull Mr. Jordan and 'Airman Dorack' apart. Moments after the altercation ended, several large males without any insignia or nametags identifying them as security or police or Hard Rock employees grabbed, restrained and physically assaulted Jason Jordan. One of the large males pinned Jason Jordan to the ground by placing the entirety of his weight onto Jordan's body for over three (3) full minutes and until Jason Jordan is unconscious, as evidenced by the surveillance video.

Next, the surveillance video shows the large male stand up. Jason Jordan remains lying on the floor, unconscious. Biloxi Police officers then arrive on the scene. Despite his unconscious state, Biloxi Police do not wait for paramedics or a stretcher to arrive. Instead, the officers taze Mr. Jordan, place him in handcuffs and proceed to drag his motionless body through the nightclub by wrenching his arms in an unnatural position. At times, the officers appear to tire from dragging a lifeless Mr. Jordan and allow his body to slump to the floor. The officers then continue to drag Mr. Jordan throughout the casino. The surveillance video shows the officers at one point dragging Mr. Jordan face-first down an escalator. At some point, Mr. Jordan's pants fall to his knees, exposing his genitals. The officers never pull up Mr. Jordan's pants; in fact, when Alyssa Jordan asks that they do so, the officers assault her and place her in handcuffs. A third officer arrives on scene and appears to shackle Mr. Jordan's feet. When the officers finally reach the exit door of the casino, they drop Mr. Jordan's lifeless body and allow him to lie on the ground for several more minutes before again applying force to his motionless body. The officers then violently shove and pull him into a police SUV. Mr. Jordan suffered a broken wrist in the attack, which doctors expect to require at least two (2) surgeries to repair the damage. As a result of the attack, Alyssa Jordan lost her unborn child.

Moments after Mr. Jordan is shoved into the police SUV, video captured by a cell phone and posted to the website Youtube entitled "Biloxi Police Abusing Their Power" shows one of the officers involved in the assaults violently cursing at a patron and ordering him to "get the f**k out of my face". As the patron complies by turning and walking away, Biloxi Police officers rush the man, throw him to the ground and taze him.

Meanwhile and despite his non-involvement in and efforts to stop the altercation, Christopher Soukup was handcuffed and detained by personnel of the Hard Rock. Video surveillance shows Hard Rock employees leading a handcuffed Mr. Soukup down a corridor and into an interrogation room, where he remains for several minutes. Mr. Soukup complains to the Hard Rock employees that the handcuffs were improperly applied, but is ignored. Mr. Soukup suffered a dislocated elbow and a broken wrist at the hands of the Hard Rock employees. Doctors have told Mr. Soukup he will require wrist surgery.

These physical attacks resulted in significant physical injuries and emotional distress to Mr. Jordan, Mrs. Jordan and Mr. Soukup, including a miscarriage, broken wrists, a dislocated elbow numerous scrapes, cuts, bruising, sprains and strains, and potentially permanent nerve damage. Over a dozen witnesses have voluntarily contacted Mr. Jordan, Mrs. Jordan and Mr. Soukup, their immediate family and undersigned counsel, indicating their willingness and intention to testify as to the actions of the individuals involved in these incidents. At no point was Mr. Jordan, Mrs. Jordan or Mr. Soukup read their rights. The actions of the individuals involved were reckless, grossly negligent, malicious, and amount to a conscious disregard of the civil rights of the Claimants. The individuals involved acted in reckless disregard of the safety and well being of the Claimants. Upon information and belief, at all pertinent times the individuals involved acted within the course and scope of their employment with the City of Biloxi, Mississippi and/or the Biloxi Police Department.

<u>Types of Claims Likely to Be Made</u>
<u>Amount of Money Damages Sought</u>

Jason Jordan, Alyssa Jordan and Christopher Soukup intend to file a lawsuit in this matter pursuant to Miss. Code Ann. δ 11-46-11, 42 U.S.C. δ 1983, any other applicable state or federal statute or constitutional provision. Claimants assert the following state law claims: (i) negligence, (ii) gross negligence, (iii) civil assault, (iv) civil battery, (v) nuisance, (vi) intentional infliction of emotional distress, (vii) negligent infliction of emotional distress, (viii) reckless disregard for the rights and safety of others, (ix) violation and deprivation of civil rights pursuant to Title 42 U.S.C. §1983 under color of law, (x) *res ipsa loquitur,* (xi) false arrest, (xii) false imprisonment, (xiii) due process violations, (xiv) malicious prosecution, (xv) abuse of process, (xvi) negligent failure to hire, train, control and/or supervise, (xvii) negligent failure to discipline and/or take necessary corrective action, (xviii) respondeat superior, (xix) breach of a non-delegable fiduciary duty, (xx) the common law tort of outrage, and (xxi) others.

Claimants seek money damages in excess of the jurisdictional amount of the Circuit Court of Harrison County, Mississippi or the United States District Court for the Southern District of Mississippi for all actual, economic, non-economic, compensatory, exemplary, punitive, incidental, and consequential damages, pre-judgment interest, post-judgment interest, costs of Court, attorneys fees, past physical pain and mental suffering, future physical pain and mental suffering, past and future mental anguish, past necessary medical expenses, future necessary medical and other expenses that in reasonable probability will be sustained, past and future loss wages, past and future diminishment of employment/vocational capacity, past and future physical impairment, loss of credit worthiness, past and future loss of enjoyment and quality of life, punitive and exemplary damages in an amount above the minimum jurisdictional

costs of Court, attorneys fees, past physical pain and mental suffering, future physical pain and mental suffering, past and future mental anguish, past necessary medical expenses, future necessary medical and other expenses that in reasonable probability will be sustained, past and future loss wages, past and future diminishment of employment/vocational capacity, past and future physical impairment, loss of credit worthiness, past and future loss of enjoyment and quality of life, punitive and exemplary damages in an amount above the minimum jurisdictional limits of the court, and any additional damages Claimants may be entitled to by law or that the circuit court may deem appropriate.   Claimants seek an award of damages adequate to compensate for all injuries sustained, for all general/special damages caused by the conduct of the Defendants, for the costs of litigating the case, for punitive damages sufficient to punish the Defendants for their egregious conduct and to deter them from ever repeating such atrocities; and for all other relief to which Claimants are entitled by Mississippi and/or Federal law.

Please refer all correspondence or communication to my office relating to this claim. Should you need additional information, please contact my office.

Respectfully,

**THOMAS J. BELLINDER, P.A.**

By: _____
        Thomas J. Bellinder

TJB/

cc:    Warren L. Martin, Jr.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The City of Biloxi, Mississippi
Attn: A.J. Holloway, Mayor
Attn: Legal Dept.
Office of the Mayor
PO Box 429
Biloxi, MS 39533

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
CJ Tyler                         11/19/12

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 1640 0002 3681 3194

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

BILOXI, MS 39533

| | | |
|---|---|---|
| Postage | $ $0.65 | 0014 |
| Certified Fee | $2.95 | 12 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.95 | 11/15/2012 |

Sent To  The City of Biloxi, Mississippi
Street, Apt. No.; or PO Box No.  PO Box 429
City, State, ZIP+4  Biloxi, MS 39533

PS Form 3800, August 2006   See Reverse for Instructions

7012 1640 0002 3681 3194

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Biloxi Police Department
Alan John Miller, COP
Lopez - Quave Public Safety Cent
170 Porter Ave
Biloxi, MS 39530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Dolores Izzette    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Dolores Izzette    11/17/12

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7012 1640 0002 3681 3217

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

BILOXI MS 39530

|  |  |  |
|---|---|---|
| | $0.65 | 0014 |
| Postage | $ | |
| Certified Fee | $2.95 | 12 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $  $5.95 | 11/15/2012 |

Sent To  Biloxi Police Department
Street, Apt. No.; or PO Box No.  170 Porter Ave
City, State, ZIP+4  Biloxi, MS 39530

PS Form 3800, August 2006    See Reverse for Instructions

7012 1640 0002 3681 3217

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mississippi Attorney General's Office
Attn: Jim Hood
PO Box 220
Jackson, MS 39201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   VANITY Reed   C. Date of Delivery  1-16-12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7012 1640 0002 3681 3200

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1640

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

JACKSON MS 39201

| | | |
|---|---|---|
| Postage | $ $0.65 | 0014 |
| Certified Fee | $2.95 | 12 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.95 | 11/15/2012 |

Sent To  Mississippi Attorney General's Office
Street, Apt. No.; or PO Box No.  PO Box 220
City, State, ZIP+4  Jackson, MS 39201

PS Form 3800, August 2006      See Reverse for Instructions

7012 1640 0002 3681 3200

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

**Court Identification Docket #**

Court ID [CH, CI, CO]

| County # | Judicial District | Court ID [CH, CI, CO] |
| --- | --- | --- |

**Case Year** 2013

**Docket Number** 1-1511

Local Docket ID

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01 (Rev 2009)

Month 04 Date 05 Year 12

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **Circuit** Court of **Harrison** County - **Second** Judicial District

**Origin of Suit (Place an "X" in one box only)**

| ☒ Initial Filing | ☐ Reinstated | ☐ Foreign Judgment Enrolled | ☐ Transfer from Other court | ☐ Other |
| --- | --- | --- | --- | --- |
| ☐ Remanded | ☐ Reopened | ☐ Joining Suit/Action | ☐ Appeal | |

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  **Jordan** (Last Name)   **Jason** (First Name)   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business ___
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff  **628 Oakleigh Ave. Apt. 9, Gulfport, MS 39507**

Attorney (Name & Address)  **Thomas Bellinto, 351 Edgewood Terrace Dr., Jackson, MS 39206**   MS Bar No. **10315**

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney.

Signature of Individual Filing: ___

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual ___ (Last Name)   (First Name)   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business  **Hard Rock Cafe International (STP), Inc.**
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known ___   MS Bar No. ___

**Damages Sought:**   Compensatory $ ___   Punitive $ ___   Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
| --- | --- | --- | --- |
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion Minor | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | ☐ Removal of Minority | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Other | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | **Civil Rights** | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Partition |
| ☐ Modification | ☐ Other | ☐ Expungement | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | ☐ Habeas Corpus | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | ☐ Other |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other | **Torts** |
| ☐ Termination of Parental Rights | ☐ Commitment | **Contract** | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Breach of Contract | ☐ Fraud |
| ☐ Other | ☐ Guardianship | ☐ Installment Contract | ☐ Loss of Consortium |
| **Appeals** | ☐ Heirship | ☐ Insurance | ☐ Malpractice - Legal |
| ☐ Administrative Agency | ☐ Intestate Estate | ☐ Specific Performance | ☐ Malpractice - Medical |
| ☐ County Court | ☐ Minor's Settlement | ☐ Other | ☐ Mass Tort |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | **Statutes/Rules** | ☐ Negligence - General |
| ☐ Justice Court | ☐ Name Change | ☐ Bond Validation | ☐ Negligence - Motor Vehicle |
| ☐ MS Dept Employment Security | ☐ Testate Estate | ☐ Civil Forfeiture | ☐ Product Liability |
| ☐ Worker's Compensation | ☐ Will Contest | ☐ Declaratory Judgment | ☐ Subrogation |
| ☐ Other | ☐ Other | ☐ Injunction or Restraining Order | ☐ Wrongful Death |
| | | ☐ Other | ☐ Other |

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | | | | Case Year | Docket Number |
|---|---|---|---|---|---|
| 2 4 | 7 1 | C I 2 | | 2 0 1 3 | 7 7 5 1 |
| County # | Judicial District | Court ID (CH, CI, CO) | | | Local Docket ID |

Mississippi Supreme Court      Form AOC/01
Administrative Office of Courts      (Rev 2009)

| 0 4 | 0 5 | 1 3 |
|---|---|---|
| Month | Date | Year |

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the _Circuit_ Court of _Harrison_ County _Second_ Judicial District

**Origin of Suit (Place an "X" in one box only)**

| [X] Initial Filing | [ ] Reinstated | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
|---|---|---|---|---|
| [ ] Remanded | [ ] Reopened | [ ] Joining Suit/Action | [ ] Appeal | |

**Plaintiff - Party(ies) initially Bringing Suit Should be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual   _Jordan_                    _Alyssa_
                  Last Name              First Name              Maiden Name, if applicable      M.I.   Jr/Sr/III/IV

[X] Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _Estate of Unborn Baby Jordan, Deceased_

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _____
                  Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff _828 Oakleigh Ave, Apt. 9, Gulfport, MS 39507_

Attorney (Name & Address) _____                    MS Bar No. _____

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney.
Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual _____
                  Last Name              First Name              Maiden Name, if applicable      M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _The City of Biloxi, MS_
                  Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known _____                    MS Bar No. _____

**Damages Sought:**   Compensatory $ _____   Punitive $ _____   Check ( x ) if child support is contemplated as an issue in this suit.*
                                                  *If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other ___ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other ___ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other ___ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other ___ | **Torts** |
| [ ] Termination of Parental Rights | [ ] Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other ___ | [ ] Guardianship | [ ] Installment Contract | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other ___ | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Product Liability |
| [ ] Worker's Compensation | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Subrogation |
| [ ] Other ___ | [ ] Other ___ | [ ] Injunction or Restraining Order | [X] Wrongful Death |
| | | [ ] Other ___ | [ ] Other ___ |

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|

County # / Judicial District / Court ID (CH, CI, CO)

Mississippi Supreme Court
Administrative Office of Courts
Form AOC/01
(Rev 2009)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the *Circuit* Court of *Harrison* County - *Second* Judicial District

**Origin of Suit (Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual   *Soukup*   *Christopher*
Last Name / First Name / Maiden Name, if applicable / M.I. / Jr/Sr/III/IV

___ Check ( x ) if individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business ___
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where Incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff   *Afghanistan*

Attorney (Name & Address)   MS Bar No. ___

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney.
Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants or Separate Form**

Individual   *Hamilton*   *Joshua*
Last Name / First Name / Maiden Name, if applicable / M.I. / Jr/Sr/III/IV

___ Check ( x ) if individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business ___
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where Incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known   MS Bar No. ___

**Damages Sought:**   Compensatory $ ___   Punitive $ ___   Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| Child Custody/Visitation | Accounting (Business) | Adoption - Contested | Adverse Possession |
| Child Support | Business Dissolution | Adoption - Uncontested | Ejectment |
| Contempt | Debt Collection | Consent to Abortion Minor | Eminent Domain |
| Divorce: Fault | Employment | Removal of Minority | Eviction |
| Divorce: Irreconcilable Diff. | Foreign Judgment | Other | Judicial Foreclosure |
| Domestic Abuse | Garnishment | **Civil Rights** | Lien Assertion |
| Emancipation | Replevin | Elections | Partition |
| Modification | Other | Expungement | Tax Sale: Confirm/Cancel |
| Paternity | **Probate** | Habeas Corpus | Title Boundary or Easement |
| Property Division | Accounting (Probate) | Post Conviction Relief/Prisoner | Other |
| Separate Maintenance | Birth Certificate Correction | Other | **Torts** |
| Termination of Parental Rights | Commitment | **Contract** | Bad Faith |
| UIFSA (eff 7/1/97; formerly URESA) | Conservatorship | Breach of Contract | Fraud |
| Other | Guardianship | Installment Contract | Loss of Consortium |
| **Appeals** | Heirship | Insurance | Malpractice - Legal |
| Administrative Agency | Intestate Estate | Specific Performance | Malpractice - Medical |
| County Court | Minor's Settlement | Other | Mass Tort |
| Hardship Petition (Driver License) | Muniment of Title | **Statutes/Rules** | Negligence - General |
| Justice Court | Name Change | Bond Validation | Negligence - Motor Vehicle |
| MS Dept Employment Security | Testate Estate | Civil Forfeiture | Product Liability |
| Worker's Compensation | Will Contest | Declaratory Judgment | Subrogation |
| Other | Other | Injunction or Restraining Order | Wrongful Death |
| | | Other | Other |

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                      **PLAINTIFFS**

**V.**                                                     CAUSE NO.: A2462-13-51

HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10            **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HARRISON

TO:   Hard Rock Café International (STP), Inc.
      c/o CT Corporation System
      645 Lakeland East Dr., Ste. 101
      Flowood, MS 39232

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to the
Complaint to Thomas J. Bellinder, attorney for the Plaintiffs, whose street address is 351
Edgewood Terrace Dr., Jackson, MS 39206. Your response must be mailed or delivered
within thirty (30) days from the date of delivery of this summons and complaint or a
judgment by default will be entered against you for the money or other things demanded
in the complaint.

You must also file the original of your response with the Clerk of this court within
a reasonable time afterward.

Issued under my hand and the seal of the Court, this the _____5th_____ day of
_____April_____, 2013.

(Seal)
GAYLE PARKER, CIRCUIT CLERK   CIRCUIT COURT CLERK
HARRISON COUNTY   HARRISON COUNTY, MISSISSIPPI
PO BOX 235
BILOXI MS 39533

BY: _____

**Counsel for Plaintiffs**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

       and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone: (769) 257-6052
Fax: (601) 714-1583
Email: Thomas.Bellinder@gmail.com

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP**                                    **PLAINTIFFS**

**V.**                                          **CAUSE NO.:** A2402-1351

**HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10**          **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HARRISON

     TO:   The City of Biloxi, Mississippi
            c/o A.J. Holloway
            Office of the Mayor
            140 Lameuse St.
            Biloxi, MS 39530

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

     You are required to mail or hand-deliver a copy of your written response to the Complaint to Thomas J. Bellinder, attorney for the Plaintiffs, whose street address is 351 Edgewood Terrace Dr., Jackson, MS 39206. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

     You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

     Issued under my hand and the seal of the Court, this the _____5th_____ day of ___April___, 2013.



(Seal)
GAYLE PARKER, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 235
BILOXI MS 39533

CIRCUIT COURT CLERK
HARRISON COUNTY, MISSISSIPPI

BY: _____ D.C.



**Counsel for Plaintiffs**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone:  (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

        and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone:  (769) 257-6052
Fax: (601) 714-1583
Email:  Thomas.Bellinder@gmail.com

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP**                                    **PLAINTIFFS**

**V.**                                    **CAUSE NO.:** A2402-1351

**HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
 DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10**                **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HARRISON

> TO:   Joshua Hamilton
>         170 Porter Ave.
>         Biloxi, MS 39530

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to the Complaint to Thomas J. Bellinder, attorney for the Plaintiffs, whose street address is 351 Edgewood Terrace Dr., Jackson, MS 39206. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

Issued under my hand and the seal of the Court, this the _____5th_____ day of _____April_____, 2013.

GAYLE PARKER, CIRCUIT CLERK CIRCUIT COURT CLERK
HARRISON COUNTY          HARRISON COUNTY, MISSISSIPPI
PO BOX 235
BILOXI MS 39533

BY: _____

**Counsel for Plaintiffs**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

        and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone: (769) 257-6052
Fax: (601) 714-1583
Email: Thomas.Bellinder@gmail.com

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                        **PLAINTIFFS**

V.                                          CAUSE NO.:_____

HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
 DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10            **DEFENDANTS**

### NOTICE OF SERVICE

Notice is hereby given that the Plaintiffs have this date served in the above-referenced matter the following documents, along with the original complaint:

1) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Hard Rock Café International (STP), Inc.;

2) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant The City of Biloxi, Mississippi; and

3) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Joshua Hamilton.

The undersigned retains the original of the above document as custodian thereof pursuant to the local rules.

Respectfully submitted this the 1st day of April, 2013.

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF UNBORN BABY JORDAN, DECEASED AND ON BEHALF OF ALL OF THE HEIRS AND LAW AND WRONGFUL DEATH BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED; AND CHRISTOPHER SOUKUP**

By:    /s/ Thomas J. Bellinder_____
　　　　　Thomas J. Bellinder, Esq.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone:  (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone:  (769) 257-6052
Fax: (601) 714-1583
Email:  Thomas.Bellinder@gmail.com

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing was served along with the complaint in this matter.

This the 1st day of April, 2013.

By:    /s/ Thomas J. Bellinder_____
　　　　　Thomas J. Bellinder, Esq.

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                                  **PLAINTIFFS**

V.                                                    CAUSE NO.:_____

HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
 DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10                    **DEFENDANTS**

### NOTICE OF SERVICE

Notice is hereby given that the Plaintiffs have this date served in the above-referenced matter the following documents, along with the original complaint:

1) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Hard Rock Café International (STP), Inc.;

2) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant The City of Biloxi, Mississippi; and

3) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Joshua Hamilton.

The undersigned retains the original of the above document as custodian thereof pursuant to the local rules.

Respectfully submitted this the 1st day of April, 2013.

**JASON   JORDAN;   ALYSSA   JORDAN,
INDIVIDUALLY AND ON BEHALF OF THE
ESTATE   OF   UNBORN   BABY   JORDAN,
DECEASED AND ON BEHALF OF ALL OF
THE HEIRS AND LAW AND WRONGFUL
DEATH BENEFICIARIES OF UNBORN BABY
JORDAN, DECEASED; AND CHRISTOPHER
SOUKUP**

By:   /s/ Thomas J. Bellinder
          Thomas J. Bellinder, Esq.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone:  (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone:  (769) 257-6052
Fax: (601) 714-1583
Email:  Thomas.Bellinder@gmail.com

## CERTIFICATE OF SERVICE

    I, Thomas J. Bellinder, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing was served along with the complaint in this matter.

    This the 1st day of April, 2013.

By:   /s/ Thomas J. Bellinder
          Thomas J. Bellinder, Esq.

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                    **PLAINTIFFS**

V.                                                    CAUSE NO.:_____

HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
 DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10            **DEFENDANTS**

## NOTICE OF SERVICE

Notice is hereby given that the Plaintiffs have this date served in the above-referenced matter the following documents, along with the original complaint:

1) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Hard Rock Café International (STP), Inc.;

2) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant The City of Biloxi, Mississippi; and

3) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Joshua Hamilton.

The undersigned retains the original of the above document as custodian thereof pursuant to the local rules.

Respectfully submitted this the 1st day of April, 2013.

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF UNBORN BABY JORDAN, DECEASED AND ON BEHALF OF ALL OF THE HEIRS AND LAW AND WRONGFUL DEATH BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED; AND CHRISTOPHER SOUKUP**

By:    /s/ Thomas J. Bellinder
                Thomas J. Bellinder, Esq.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone:  (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone:  (769) 257-6052
Fax: (601) 714-1583
Email:  Thomas.Bellinder@gmail.com

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing was served along with the complaint in this matter.

This the 1st day of April, 2013.

By:    /s/ Thomas J. Bellinder
                Thomas J. Bellinder, Esq.

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP**                                    **PLAINTIFFS**

**V.**                                    **CAUSE NO.:_____**

**HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10**          **DEFENDANTS**

### NOTICE OF SERVICE

Notice is hereby given that the Plaintiffs have this date served in the above-referenced matter the following documents, along with the original complaint:

1) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Hard Rock Café International (STP), Inc.;

2) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant The City of Biloxi, Mississippi; and

3) Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Joshua Hamilton.

The undersigned retains the original of the above document as custodian thereof pursuant to the local rules.

Respectfully submitted this the 1st day of April, 2013.

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF UNBORN BABY JORDAN, DECEASED AND ON BEHALF OF ALL OF THE HEIRS AND LAW AND WRONGFUL DEATH BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED; AND CHRISTOPHER SOUKUP**

By: ___/s/ Thomas J. Bellinder_____
       Thomas J. Bellinder, Esq.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone: (769) 257-6052
Fax: (601) 714-1583
Email: Thomas.Bellinder@gmail.com

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing was served along with the complaint in this matter.

This the 1st day of April, 2013.

By: ___/s/ Thomas J. Bellinder_____
       Thomas J. Bellinder, Esq.

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                          PLAINTIFFS

V.                                            CAUSE NO.: A2402-13-51

HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10                DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HARRISON

> TO:   Hard Rock Café International (STP), Inc.
>       c/o CT Corporation System
>       645 Lakeland East Dr., Ste. 101
>       Flowood, MS 39232

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to the
Complaint to Thomas J. Bellinder, attorney for the Plaintiffs, whose street address is 351
Edgewood Terrace Dr., Jackson, MS 39206. Your response must be mailed or delivered
within thirty (30) days from the date of delivery of this summons and complaint or a
judgment by default will be entered against you for the money or other things demanded
in the complaint.

You must also file the original of your response with the Clerk of this court within
a reasonable time afterward.

Issued under my hand and the seal of the Court, this the _____5th_____ day of
_____April_____, 2013.

GAYLE PARKER, CIRCUIT CLERK
(Seal)
HARRISON COUNTY
PO BOX 235
BILOXI MS 39533

CIRCUIT COURT CLERK
HARRISON COUNTY, MISSISSIPPI

BY: _____

**Counsel for Plaintiffs**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

    and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone: (769) 257-6052
Fax: (601) 714-1583
Email: Thomas.Bellinder@gmail.com

PROOF OF SERVICE--SUMMONS
(Process Server)

Hard Rock Cafe International (STP), Inc.

Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

\_\_\_\_ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

__X__ PERSONAL SERVICE. I personally delivered copies to _CT Corporation System_ on the _10th_ day of _April_, 2013, where I found said person(s) in _Rankin_ County of the State of _Mississippi_.

\_\_\_\_ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, (\_\_\_\_). I served the summons and complaint on the \_\_\_ day of _____, 2013, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the (_____), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the \_\_\_ day of _____, 2013, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_\_ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $ _0.00_ .

Name _Thomas J. Bellinder_
Social Security No. _XXX-XX-6440_
Address _351 Edgewood Terrace Dr., Jackson, MS 39206_
Telephone No. _(769) 257-6052_

State of _Mississippi_ )
County of _Hinds_ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

Process Server (Signature)

Sworn to and subscribed before me this the _10th_ day of _April_, 2013.

Notary Public

(Seal) My Commission Expires: _____

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 101442
FRANCEENINA WHITE
Commission Expires
Oct. 29, 2016
HINDS COUNTY

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                          **PLAINTIFFS**

V.                                                      **CAUSE NO.: A2402-13-51**

PREMIER ENTERTAINMENT BILOXI, LLC
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
 DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10                  **DEFENDANTS**

---

### FIRST AMENDED COMPLAINT
### (PLAINTIFFS REQUEST TRIAL BY JURY OF ALL PARTIES)

---

COMES NOW Plaintiffs, Jason Jordan, Alyssa Jordan, Individually and on behalf of

the Estate of Unborn Baby Jordan, Deceased, and on behalf of all of the Heirs at Law and

Wrongful Death Beneficiaries of Unborn Baby Jordan, Deceased, and Christopher Soukup

(hereafter collectively "Plaintiffs") by and through undersigned counsel and pursuant to the

laws of the State of Mississippi and the Mississippi Rules of Civil Procedure and files this

Complaint against Defendants Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel &

Casino Biloxi, The City of Biloxi, Mississippi, Doe Defendant One, Joshua Hamilton, in his

Official and Individual Capacities, Doe Defendant Three, Doe Defendant Four, Doe

Defendant Five and Doe Defendants 6-10 (collectively hereafter "Defendants").  In support

thereof, Plaintiffs would show unto this Honorable Court the following:

## I.

## JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction and venue over the parties and this cause

of action.   This civil action arises out of the acts and/or omissions of the Defendants

committed in whole or in part in Harrison County in the State of Mississippi against residents

of Harrison County, Mississippi.

2.     This Court has personal jurisdiction over all the Defendants in the instant suit

who reside or may be found in the State of Mississippi, or who are doing business in the State

of Mississippi.   Additionally, the allegations which caused and/or contributed to the subject

incident occurred within the confines of Harrison County, Mississippi.

3.     Venue is properly established before this Court based upon Mississippi Code

Annotated § 11-11-3 (1)(a)(i) (Amended 2006).   Pursuant to the statute, venue is proper

because the present action has been instituted where at least one of the individual defendants

resides and/or where the acts and omissions complained of occurred.

## II.

## PARTIES

4.     Plaintiff Jason Jordan is an adult resident citizen of Harrison County,

Mississippi who may be contacted by and through his undersigned attorney.

5.     Plaintiff Alyssa Jordan is an adult resident citizen of Harrison County,

Mississippi who may be contacted by and through her undersigned attorney.   Plaintiff Alyssa

Jordan brings this action in an individual capacity and in a representative capacity on behalf

of the Estate of Unborn Baby Jordan, Deceased, and on behalf of all of the Heirs at Law and

Wrongful Death Beneficiaries of Unborn Baby Jordan, Deceased.

6.     Plaintiff Christopher Soukup is an adult resident citizen of Harrison County, Mississippi, is currently deployed to active military duty in Afghanistan and who may be contacted by and through his undersigned attorney.

7.     Defendant Premier Entertainment Biloxi, LLC, upon information and belief is the owner of (in whole or in part) and does business in the state of Mississippi as Hard Rock Hotel & Casino Biloxi, located at 777 Beach Blvd., Biloxi, MS 39530.  Upon information and belief this Defendant may be served with process through its registered agent Robert Callaway at 777 Beach Boulevard, Biloxi, MS 39530.

8.     Defendant The City of Biloxi, Mississippi, is a municipality organized and existing under and by virtue of the laws of the State of Mississippi.  The City of Biloxi, Mississippi is subject to suit pursuant to Miss. Code Ann. § 11-46-5 and 11-46-7, and may be served with process through its mayor at City of Biloxi, Office of the Mayor, 140 Lameuse St., Biloxi, MS 39530.

9.     Doe Defendant One is the individual security guard, agent and/or employee of Premier Entertainment Biloxi, LLC and/or Doe Defendants 5-10 who can be seen on the surveillance video pinning Jason Jordan to the ground by placing the entirety of his weight onto Jordan's body for over three (3) full minutes and until Jason Jordan was unconscious, and whose actions or inactions proximately caused the Plaintiffs' damages, and whose identity is not currently known despite good faith investigative efforts.

10.     Defendant Joshua Hamilton, upon information and belief is an adult resident citizen of Harrison County, Mississippi who may be served with process at 170 Porter Ave., Biloxi, MS 39530.

11.     Doe Defendant Three is the police officer, agent and/or employee of The City of Biloxi, Mississippi who can be seen on the surveillance video tazing Jason Jordan, place him in handcuffs and proceeding to drag his motionless body through the nightclub by wrenching his arms in an unnatural position, and whose actions or inactions proximately caused the Plaintiffs' damages, and whose identity is not currently known despite good faith investigative efforts.

12.     Doe Defendant Four is the individual, security guard, police officer, agent and/or employee of Premier Entertainment Biloxi, LLC, The City of Biloxi, Mississippi and/or Doe Defendants 5-10 who physically assaulted Alyssa Jordan and caused and/or contributed to her miscarriage of Unborn Baby Jordan, and whose actions or inactions proximately caused the Plaintiffs' damages, and whose identity is not currently known despite good faith investigative efforts.

13.     Doe Defendant Five is the individual, security guard, police officer, agent and/or employee of Premier Entertainment Biloxi, LLC, The City of Biloxi, Mississippi and/or Doe Defendants 5-10 who physically assaulted Christopher Soukup, detained and improperly handcuffed him, and whose actions or inactions proximately caused the Plaintiffs' damages, and whose identity is not currently known despite good faith investigative efforts.

14.     Doe Defendants 6-10 are other individuals, persons, businesses, institutions, corporate persons or entities whose identities are unknown to the Plaintiffs at the filing of this complaint, but who may be liable for all or part of the acts or omissions committed resulting in the subject incident herein and against whom Plaintiffs may seek recovery of damages.

## III.

## NOTICE OF CLAIMS

15.     In correspondence dated November 15, 2012 the Plaintiffs, by and through counsel caused to be filed and delivered by certified U.S. mail to The City of Biloxi, Mississippi, Attn: A.J. Holloway, Mayor, Attn: Legal Department, Office of the Mayor, P.O. Box 429, Biloxi, MS 39533; Biloxi Police Department, Attn: John Miller, Chief of Police, Lopez-Quave Public Safety Center, 170 Porter Ave., Biloxi, MS 39530, and Mississippi Attorney General Office, Attn: Jim Hood, P.O. Box 220, Jackson, MS 39201 a notice of claim letter regarding the act(s) and/or omission(s) set forth herein, pursuant to Miss. Code Ann. δ 11-46-11, 42 U.S.C. § 1983 and any and all other applicable state or federal statute(s) or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action.   A copy of this letter and certified returns of service is incorporate herein by referenced and attached as "Exhibit A."   To date, no response has been received.   Plaintiffs submit that this notice of claims letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing the instant suit.

## IV.

## FACTS

16.     As is reflected by the surveillance video of the Biloxi Hard Rock Hotel and Casino currently within undersigned's possession, on November 27, 2011 active military personnel Jason Jordan, at the time stationed at Kessler Air Force Base in Biloxi, Mississippi, was physically assaulted by an individual identified as 'Airman Dorack' at the Hard Rock Hotel & Casino Biloxi, located at 777 Beach Blvd., Biloxi, MS 39530.

17.     Christopher Soukup, Jordan's shift supervisor, was also present at the Hard Rock. Mr. Soukup was not involved in the altercation in any way, other than his attempts to intervene and pull Mr. Jordan and 'Airman Dorack' apart.

18.     Moments after the altercation ended, several large males without any insignia or nametags identifying them as security or police or Hard Rock employees grabbed, restrained and physically assaulted Jason Jordan.

19.     One of the large males pinned Jason Jordan to the ground by placing the entirety of his weight onto Jordan's body for over three (3) full minutes and until Jason Jordan is unconscious, as evidenced by the surveillance video.

20.     Next, the surveillance video shows the large male stand up.  Jason Jordan remains lying on the floor, unconscious.  Biloxi Police officers then arrive on the scene.

21.     Despite his unconscious state, Biloxi Police do not wait for paramedics or a stretcher to arrive.  Instead, Defendant Joshua Hamilton and another officer taze Mr. Jordan, place him in handcuffs and proceed to drag his motionless body through the nightclub by wrenching his arms in an unnatural position.

22.     At times, Defendant Hamilton and the other officer appear to tire from dragging a lifeless Mr. Jordan and allow his body to slump to the floor.

23.     Defendant Hamilton and the other officer then continue to drag Mr. Jordan throughout the casino.

24.     The surveillance video shows Defendant Hamilton and the other officer at one point dragging Mr. Jordan face-first down an escalator.

25.     At some point, Mr. Jordan's pants fall to his knees, exposing his genitals. Defendant Hamilton and the other officer never pull up Mr. Jordan's pants; in fact, when his wife Alyssa Jordan asks that they do so, the officers assault her and place her in handcuffs.

26.     Alyssa Jordan was pregnant at the time of her assault; the attack resulted in her having a miscarriage 2 weeks later.

27.     Later, Defendant Hamilton appears to shackle Mr. Jordan's feet.   When Defendant Hamilton and the other officer finally reach the exit door of the casino, they drop Mr. Jordan's lifeless body and allow him to lie on the ground for several more minutes before again applying force to his motionless body.

28.     Defendant Hamilton and the other officer then violently shove and pull him into a police SUV.

29.     Mr. Jordan suffered a broken wrist in the attack, which doctors expect to require at least two (2) surgeries to repair the damage.

30.     Moments after Mr. Jordan is shoved into the police SUV, video captured by a cell phone and posted to the website Youtube entitled "Biloxi Police Abusing Their Power" shows one of the officers involved in the assaults violently cursing at a patron and ordering him to "get the f**k out of my face". As the patron complies by turning and walking away, Biloxi Police officers rush the man, throw him to the ground and taze him.

31.     Meanwhile and despite his non-involvement in and efforts to stop the altercation, Christopher Soukup was handcuffed and detained by personnel of the Hard Rock. Video surveillance shows Hard Rock employees leading a handcuffed Mr. Soukup down a corridor and into an interrogation room, where he remained for nearly an hour.  Mr. Soukup complains to the Hard Rock employees that the handcuffs were improperly applied, but is

ignored. Mr. Soukup suffered a dislocated elbow and a broken wrist at the hands of the Hard Rock employees. Doctors have informed Mr. Soukup he will likely require wrist surgery.

32.     These physical attacks resulted in significant physical injuries and emotional distress to Mr. Jordan and Mr. Soukup, including broken wrists, a dislocated elbow numerous scrapes, cuts, bruising, sprains and strains, and potentially permanent nerve damage.

33.     These physical attacks resulted in significant physical injuries and emotional distress to Mrs. Jordan, including but not limited to the death of her unborn child.

34.     Over a dozen witnesses have voluntarily contacted Mr. and Mrs. Jordan and Mr. Soukup, their immediate family and undersigned counsel, indicating their willingness and intention to testify as to the actions of the individuals involved in these incidents.

35.     At no point was Mr. Jordan, Mrs. Jordan or Mr. Soukup read their rights.

36.     The actions of the individuals involved were reckless, grossly negligent, malicious, and amount to a conscious disregard of the civil rights of the Claimants.

37.     The individuals involved acted in reckless disregard of the safety and well being of the Claimants.

38.     As a result of the act(s) and/or omission(s) of these Defendants, the Plaintiffs have sustained economic damages.

39.     As a result of the act(s) and/or omission(s) of these Defendants, the Plaintiffs have sustained non-economic damages.

40.     As a result of said accident and the acts and/or omissions of all Defendants, Plaintiffs sustained serious injuries which require continuing medical care. Plaintiffs suffered and continues to suffer from, but not limited to, death, a dislocated elbow, broken wrists, severe and continuing physical pain, swelling, stiffness, contusions, mental anguish, loss of

enjoyment of life, hedonic damages, medical bills, prescription drug costs and other damages more specifically set forth below and to be proven at trial. Furthermore, as their injuries develop Plaintiffs may suffer from permanent physical pain, impairment, disfigurement, and/or a loss of past, present and future income.

41.     Further, Plaintiffs sustained loss of consortium damages as a result of this accident. As a result of the accident, Mr. Jordan, as a husband, was not able to accomplish various tasks to include, but are not limited to, household chores and conjugal fellowship. As a result of the accident, Mrs. Jordan, as a wife, had to perform additional tasks that were previously performed by her husband and she was deprived of various things, to include but are not limited to, affection, assistance and conjugal fellowship. As a result of the accident, Mrs. Jordan, as a wife, was not able to accomplish various tasks to include, but are not limited to, household chores and conjugal fellowship. As a result of the accident, Mr. Jordan, as a husband, had to perform additional tasks that were previously performed by his wife and he was deprived of various things, to include but are not limited to, affection, assistance and conjugal fellowship.

## V.

## CLAIMS FOR RELIEF

## COUNT I – PREMISES LIABILITY

42.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

43.     Defendants Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi and Doe Defendants 6-10, as the proprietor(s) of a business in Mississippi owed Jason Jordan, Alyssa Jordan, her unborn child and Christopher Soukup, as a business

patrons and invitees, a duty to maintain the premises in a reasonably secure or safe condition, including duty to exercise reasonable care to protect the Plaintiffs from reasonably foreseeable injury at the hands of others. At all relevant times hereto, the aforementioned Defendants were negligent in their failure to fulfill their duty of ordinary reasonable care to make the Hard Rock Hotel & Casino Biloxi reasonably safe, including failing to take reasonable precautions or measures to protect patrons from the foreseeable harm suffered by the Plaintiff.

44.     Defendants had actual or constructive knowledge of the prior violent conduct by their security personnel and police on their premises and had actual or constructive knowledge that an atmosphere of violence existed at the premises, shown by violent incidents before the incident described in this complaint. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

45.     Defendants had actual or constructive knowledge of the necessity of use of reasonable care and to take adequate and reasonable precautions or measures to protect business patrons and invitees of their hotel and casino from foreseeable harm and danger, including the harm suffered by the Plaintiffs on the day in question. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

46.     Defendants had actual or constructive knowledge of the necessity of warning business patrons and invitees of past and foreseeable violent conduct. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive

knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

47.   Defendants had actual or constructive knowledge of the necessity of exercising reasonable care to protect their business patrons and invitees from reasonably foreseeable injuries. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

48.   Defendants had actual or constructive knowledge of the insufficient security measures, unsafe conditions and overall inadequacies of the Hard Rock Hotel & Casino Biloxi. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

49.   Defendants had actual or constructive knowledge of the necessity of warning the Plaintiffs of the foreseeable harm they suffered. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

50.   Defendants had actual or constructive knowledge of the necessity of reasonable inspection of the Hard Rock Hotel & Casino Biloxi and the need to make the premises safe from the foreseeable harm suffered by the Plaintiffs. Defendants failed to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

51.   Defendants had actual or constructive knowledge of the necessity of attentiveness by their security personnel while crimes are being committed. Defendants failed

to take reasonable, timely corrective action in spite of their actual and/or constructive knowledge, which proximately caused Plaintiffs' damages including the death of Unborn Baby Jordan.

## COUNT II - WRONGFUL DEATH

52.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

53.     Prior to Alyssa Jordan entering Defendants' establishment, her unborn child had a reasonable life expectancy of years remaining.  Alyssa Jordan would have been a good, faithful and industrious mother.  She would have given her child wise counsel, advice and help.  By reason of the death of Unborn Baby Jordan, the decedent's beneficiaries have been damaged in an amount in excess of the jurisdictional limits of this Court as will be proven at trial, including but not limited to those damages outlined herein.

54.     Plaintiffs assert claims for the recovery of damages in the amount the jury determines to be just, taking into consideration all damages of every kind to the decedent and all damages of every kind to any and all interested parties in the suit, pursuant to Mississippi's wrongful-death statute.  These claims shall include but shall not be limited to: (1) medical and funeral costs; (2) the present net cash value of the life expectancy of the deceased; (3) the loss of the companionship and society of the decedent; (4) the pain and suffering of the decedent between the time of injury and death; and (5) punitive damages.

55.     By reason of the negligence and/or gross negligence of the Defendants, and the death of Unborn Baby Jordan, it was reasonably necessary to provide for the funeral service and the burial of Unborn Baby Jordan, a sum which was fair, reasonable, customary and necessary.

## COUNT III - NEGLIGENCE AND NEGLIGENCE *PER SE*

56.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

57.     Defendants Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi and Doe Defendants 6-10, as the proprietor(s) of a business in Mississippi, owe a duty to an invitees to exercise reasonable care to protect said invitees from reasonably foreseeable injuries, specifically, the duty to provide reasonable security measures for the protection of Jason Jordan, Alyssa Jordan, Unborn Baby Jordan and Christopher Soukup and all other invitees, business guests, customers and patrons of the hotel and casino from foreseeable harm.

58.     Defendants were negligent inasmuch as they should have been on notice as to any previous negligent act(s) and/or omission(s) of its employees, agents, and/or servants as well as the following particulars, among others:

    (a)     failing to keep properly trained security on the premises;

    (b)     failing to act in response to an emergency situation regarding an invitee;

    (c)     inattention while crimes are being committed;

    (d)     failing to abide by the laws of any state on previous occasions;

    (e)     failing to maintain control of the premises on previous occasions; and

    (f)     other acts of negligence as will be more fully shown at trial.

The above acts constitute negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiffs' damages.

59.    Doe Defendant One, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10, as security personnel and other relevant employees/agents, owe a duty to invitees to exercise reasonable care to protect said invitee from reasonably foreseeable injuries, specifically the duty to make the premises safe and to provide adequate security.

60.    Defendants knew or should have known before the date of the subject incident that the subject premises owned and operated by the Defendants had inadequate security.  As a result, Defendants were aware that the premises were not reasonably safe for their business guests, invitees and patrons.

61.    Despite its knowledge of these unsafe conditions, Defendants did nothing to remedy or address the unsafe conditions and inadequacies.

62.    Defendants collectively breached their duty owed to the Plaintiffs to exercise reasonable care to protect invitees from reasonably foreseeable injuries, and were negligent by failing to provide adequate security at the premises known as the Hard Rock Hotel & Casino Biloxi, located at 777 Beach Blvd., Biloxi, MS 39530, by and including (but not limited to) failing to provide adequate security personnel, by failing to take or implement reasonable measures for the personal security and safety of the Plaintiffs, by failing to warn the Plaintiffs of the foreseeable harm they suffered, and by failing to reasonably inspect and make safe the premises from the foreseeable harm suffered by the Plaintiffs.

63.    To the extent that one of more of these Defendants, through their act(s) and/or omission(s) violated a Mississippi statute in the operation of the casino, night club and police department at issue, and (i) the Plaintiffs were in the class of persons the statute was designed to protect and (ii) the injuries they sustained were of a type the statue was designed to prevent, then these Defendants are *per se* negligent.  The act(s) and/or omission(s) of these Defendants

constitute negligence *per se* and were a proximate cause of the occurrence of this incident. Further, the act(s) and/or omission(s) of the Defendants results in the Plaintiffs' losses and damages.

64.     As a direct and proximate result of the collective negligence and breach of duty of care of the Defendants, Unborn Baby Jordan was killed and the Plaintiffs were injured. As a result, Plaintiffs seek damages for wrongful death, mental pain and suffering, emotional distress, conscious pain and suffering, loss of past and future earnings, and any other economic, non-economic, actual, compensatory, incidental, and/or consequential damages recoverable, pursuant to Miss. Code. Ann § 11-7-13 or any other relevant statute.

## COUNT IV - GROSS NEGLIGENCE

65.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.     The actions of Defendants, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiffs herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiffs are entitled to the recovery of punitive damages.

## COUNT V - NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

67.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

68.     At the time and on the occasion in question, Defendants were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s),

Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10. Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, as well as in the maintenance of its security measures. Defendants breached that duty in the following respects, among others:

(a)     failing to adequately inquire into the competence, employment history and criminal background of employee, agent or servant, Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four and Doe Defendants 5-10;

(b)     failing to adequately train employee, agent or servant, Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10;

(c)     failing to properly supervise employee, agent or servant, Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10;

(d)     failing to comply with industry standards and regulations regarding supervision of security personnel and police officers, and;

(e)     other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiffs' damages.

## COUNT VI - RES IPSA LOQUITUR

69.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

70.     At all pertinent times, Defendants collectively were in sole and complete control of their security measures, police policies and practices and personnel, which became the instrumentality causing the resulting death of the decedent and injuries sustained by the Plaintiffs.  Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and safety measures were in place to avoid the decedent's death and injuries sustained by the Plaintiffs.

71.     Defendants were presented with an available opportunity to avoid the resulting incident.  Defendants, however, failed to exercise such control over their security personnel and police officers to prevent the death of decedent and injuries sustained by the Plaintiffs.

72.     The duty of care owed to the Plaintiffs was therefore breached by the Defendants.

73.     The manner of death of Unborn Baby Jordan is the type of event that does not ordinarily occur in the absence of negligence.

74.     The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case.  The mere occurrence of this incident and the resulting injury, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

75.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

**COUNT VII - RESPONDEAT SUPERIOR**

76.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

77.     Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10 was in the course and scope of his employment with Defendants Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi, The City of Biloxi, Mississippi, and Doe Defendants 5-10 at all relevant times immediately subsequent and preceding the incident in question, and therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s).

**COUNT VIII - AGENCY**

78.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

79.     At the times material hereto, Doe Defendant One, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10 were in the course and scope of their employment with and acted in furtherance of the interests of Defendants Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi, The City of Biloxi, Mississippi, and Doe Defendants 6-10, and/or was an apparent agent acting within thes actual or apparent authority of Defendants Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi, The City of Biloxi,

Mississippi, and Doe Defendants 6-10; therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s).

### COUNT IX - LOSS OF CONSORTIUM

80.　　Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

81.　　At the time of the accident complaint of herein, Plaintiffs Jason Jordan and Alyssa Jordan were married and continue to be married.

82.　　That as a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

83.　　That all of the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

### COUNT X - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### (General Allegations)

84.　　Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

85.　　In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

86.     More specifically, the Plaintiffs had their Eighth Amendment Right to be free from cruel and unusual punishment violated while in the custody of the Defendants through the Defendants' use of unreasonable, unnecessary and excessive force causing the Plaintiffs to sustain certain severe injuries.

87.     Furthermore, the Plaintiffs' Fifth and Fourteenth Amendment Rights to substantive due process and equal protection of the laws were violated as a result of the Defendants' conduct.

88.     The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable civil rights, i.e., life, liberty, and/or the unnecessary and wanton infliction of pain and inhumane torture in light of the circumstances confronted by the defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by using force and physical violence designed and intended to cause the Plaintiffs physical, mental and emotional harm, pain, humiliation and/or injury and thereafter, evidencing deliberate indifference to the immediate, grave and serious condition the Plaintiffs were left in, resulting in the severe and irreversible medical conditions they now face.

89.     In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law to set into motion a chain of events leading to the death of Unborn Baby Jordan and the injuries sustained by the Plaintiffs. The acts and/or omissions of the Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

90.    As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

91.    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT XII - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

92.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

93.    Defendants The City of Biloxi, Mississippi, Doe Defendant Two, Doe Defendant Three, Doe Defendant Four, Doe Defendant Five and Doe Defendants 6-10 (including employees of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the routine use of excessive force, the absence of adequate police training and the absence of adequate police supervision for its officers.

94.    The failure of all Defendants to adequately train and supervise their employees, agents, police officers and security personnel amount to deliberate indifference to the rights of the Plaintiffs to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

95.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and

seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

## COUNT XIII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

97.     The act(s) and/or omission(s) of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.), on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

98.     The negligent conduct perpetrated upon the Plaintiffs was awful, traumatic, and disturbing events, which has caused the Plaintiffs to suffer serious emotional anguish.

99.     At all relevant times, the Plaintiffs were in the zone of danger as a result of the act(s) and/or omission(s) of the Defendants.

100.     The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of the injuries of the Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

## COUNT XIV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

101.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

102.     The acts and conduct of all Defendants herein, by and through their employee-agents and described herein, were done willfully, maliciously, deliberately, and

purposely with the intention to inflict emotional distress upon the Plaintiffs. Such acts were extreme, outrageous and done in reckless disregard of the probability of causing the Plaintiffs' emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiffs.

103. The Defendants had a responsibility to oversee and control the conduct of their employees, specifically a duty to refrain from the actions detailed herein. Defendants breached their duty through their repeated failures to refrain from such actions.

104. As a direct and proximate result of the Defendants' acts alleged herein, the Plaintiffs were caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, fear, nervousness, and anxiety. The Plaintiffs continues to suffer the emotional effects of being subjected to the incidents detailed herein.

105. The above act(s) and/or omission(s) constitute intentional infliction of emotional distress under Mississippi law and were each a proximate cause of the injuries and damages sustained by the Plaintiffs.

## COUNT XV - BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

106. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

107. The failure and/or refusal of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) to prevent the death of Unborn Baby Jordan and the injuries sustained by the Plaintiffs, at a time when the same was absolutely essential, constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiffs and other persons similar situated.

## COUNT XVI - THE COMMON LAW TORT OF OUTRAGE

108.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

109.    The overall conduct of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) on the dates in question was so outrageous that it shocks the moral and legal conscience of the community.   This outrageous conduct resulted in the Plaintiffs suffering potentially permanent damage to their physical, psychological and emotional well-being.   The manner, method and design of the aforementioned Defendants' conduct amounted to a cold, callous, premeditated abuse of authority.

110.    As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, these Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct. Thus, Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## COUNT XVII - RECKLESS DISREGARD FOR THE RIGHTS AND SAFETY OF OTHERS

111.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

112.    The act(s) and/or omission(s) of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.),

individually, jointly, and severally, constitute a reckless disregard for the rights and safety of the Plaintiffs herein.

113.    Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable, prudent person can certainly conclude that these act(s) and/or omission(s) were carried out with a reckless disregard for the rights and safety of the Plaintiffs and others.  Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of the Plaintiffs as defined under Mississippi law.

114.    The act(s) and/or omission(s) of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.), individually, jointly, and severally, were a proximate cause as to the injuries and damages sustained by Plaintiffs.

## COUNT XVIII - NEGLIGENT FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

115.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

116.    The Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) were vested with the authority to hire, fire, and discipline employees, police officers and/or security personnel of the Hard Rock Hotel & Casino Biloxi and the City of Biloxi Police Department.

117.    Furthermore, on information and belief, Plaintiffs will show that over the course of the past several years, there have been numerous complaints made about, but not limited to, incidents of excessive force, violence by officers and security personnel and the

failure to provide adequate supervision of employees, police officers and/or security personnel.

118.    The decision by the Defendants to hire, retain and not discipline these employees, officers and/or security personnel resulted in the creation of an environment of excessive force and violence.

119.    As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective action in the past, regarding employees, officers and/or security personnel employed at the Hard Rock Hotel & Casino Biloxi and the City of Biloxi Police Department, the aforementioned Defendants are liable for the unlawful death and corresponding deprivation of rights sustained by the Plaintiffs.

### COUNT XIX - CIVIL CONSPIRACY

120.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

121.    The Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) took the above-described actions in concert and in furtherance of a conspiracy to commit and cover up the wrongs complained of herein.

122.    As a proximate result of the acts in concert by Defendants, Plaintiffs have been damaged.

### COUNT XX - MALICIOUS PROSECUTION

123.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

124.     Plaintiffs were arrested and imprisoned at the direction of Defendants Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi, Doe Defendant One, Doe Defendant Four, Doe Defendant Five and/or Doe Defendants 6-10, without being allowed to provide proof of their innocence, in spite of attempts by Plaintiffs to provide such proof, and Defendants; unreasonable refusal to accept such proof.

125.     The Defendants knew or should have known that said charges were baseless and wholly without merit; however, Defendants maliciously insisted on holding the Plaintiffs and filing criminal charges against the Plaintiffs despite the absence of even a reasonable suspicion of a crime committed by the Plaintiffs.

126.     Upon information and belief the charges were subsequently dismissed in favor of Plaintiffs.

127.     Plaintiffs have suffered and continue to suffer damages of an emotional, physical, and financial nature due to the events perpetrated by the Defendants.

128.     The Defendants are liable to Plaintiffs for all damages sustained as a consequence of the aforesaid malicious prosecution.

## COUNT XXI - FALSE ARREST AND FALSE IMPRISONMENT

129.     While a patron at the Defendant establishment and having committed no crime whatsoever, Plaintiffs were accosted by security personnel and police officers, and were falsely and unlawfully arrested and imprisoned at the direction of one or more of the Defendants.

130.     Such actions were intentional or taken with such reckless disregard of Plaintiffs' rights as to be deemed intentional in that the wrongful arrest and imprisonment

of the Plaintiffs was made without proper inquiry, or ignoring information obtained during such inquiry.

131.    Defendants' actions in having the Plaintiffs arrested were malicious.

132.    The actions taken by the Defendants violated the constitutional and civil rights of the Plaintiffs to be free in their persons, as required by the First Amendment, and also violated their rights to due process, such rights being enforceable through the civil rights statute 42 U.S.C. § 1983.

133.    The Defendants are liable to Plaintiffs for all damages sustained as a consequence of the aforesaid false arrest and imprisonment.

## COUNT XXII - CIVIL ASSAULT

134.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

135.    The actions of Defendants establish that a civil assault was committed against the Plaintiffs.

136.    At all relevant times prior to the beatings, Plaintiffs were in reasonable apprehension of imminent harmful or offensive contact.

137.    Defendants' overt acts of pinning Jason Jordan to the ground by placing the entirety of his weight onto Jordan's body for over three (3) full minutes and until Jason Jordan was unconscious, tazing Jason Jordan, place Jason Jordan in handcuffs and proceeding to drag his motionless body through the nightclub by wrenching his arms in an unnatural position and physically grabbing and wrestling Alyssa Jordan away from her husband constitutes a threat or menace to the Plaintiffs. Defendants' physical ability to inflict the threatened harm established that these Defendants committed a civil assault.

138.    The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries to Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

## COUNT XXIII - CIVIL BATTERY

139.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

140.    The acts(s) and/or omission(s) of Defendants establish that they committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of the Plaintiffs caused by the act of Defendants, whether directed at Plaintiffs personally or at a third party. Defendants committed a civil battery upon the Plaintiffs when they struck, tazed and manhandled the Plaintiffs. The Defendants also intended to cause offensive and harmful contact with the Plaintiffs when they continued to beat and drag the Plaintiffs. The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## COUNT XXIV - ABUSE OF PROCESS

141.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

142.    Based upon the facts set forth herein, Defendants made an illegal use of civil and criminal process, a use neither warranted nor authorized by the process.

143.    Defendants in this matter had an ulterior motive, i.e. to embarrass and punish the Plaintiffs and make an example out of them.

144.    Damages resulted from the perverted use of the process in this matter, proximately caused by the actions and/or inactions of the Defendants.

# VI.

## DAMAGES

### ECONOMIC DAMAGES

145.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

146.    As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of economic damages available under the law and incurred as a result of the death of Unborn Baby Jordan, deceased, and the injuries they sustained.

### NON-ECONOMIC DAMAGES

147.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

148.    As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: physical injuries, pain and suffering, severe mental pain and suffering, anguish, suffering, inconvenience, worry, emotional distress, loss of society and companionship, loss of consortium, physical impairment, loss of the enjoyment of life, hedonic damages, loss of credit worthiness, medical or special damages, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

149.    Plaintiffs have suffered out-of-pocket expenses which include travel expenses, attorneys' fees, costs of court, time from work, funeral expenses, nursing

expenses, physical therapy expenses and other expenses. Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

150.    The amount of total damages suffered by Plaintiffs is significant and continuing in nature. Plaintiffs reserve the right to amend and state further with respect to their damages.

## PUNITIVE DAMAGES

151.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

152.    Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

153.    Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

## JURY TRIAL DEMANDED

154.    Plaintiffs demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment interest, costs of Court, attorneys' fees, and for such other and further relief to which they may show themselves to be justly entitled.

This the 11th day of April, 2013.

Respectfully submitted,

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF UNBORN BABY JORDAN, DECEASED AND ON BEHALF OF ALL OF THE HEIRS AND LAW AND WRONGFUL DEATH BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED; AND CHRISTOPHER SOUKUP**

By: ___/s/ Thomas J. Bellinder___ _____
Thomas J. Bellinder

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

    and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone: (769) 257-6052
Fax: (601) 714-1583
Email: Thomas.Bellinder@gmail.com

# THOMAS J. BELLINDER, P.A.

351 EDGEWOOD TERRACE DR.
JACKSON, MS 39206
P.O. BOX 24
JACKSON, MS 39205
EMAIL: THOMAS.BELLINDER@GMAIL.COM

MS BAR: 103115
FL BAR: 65254
DC BAR: 996096

PHONE: (769) 257-6052
FAX: (601) 714-1583

November 15, 2012

**VIA CERTIFIED U.S. MAIL**
The City of Biloxi, Mississippi
Attn: A.J. Holloway, Mayor
Attn: Legal Department
Office of the Mayor
P.O. Box 429
Biloxi, MS 39533

**VIA CERTIFIED U.S. MAIL**
Biloxi Police Department
Attn: John Miller, Chief of Police
Lopez-Quave Public Safety Center
170 Porter Ave.
Biloxi, MS 39530

**VIA CERTIFIED U.S. MAIL**
Mississippi Attorney General Office
Attn: Jim Hood
P.O. Box 220
Jackson, MS 39201

Re:   **Notice of Claim**

Dear Sir or Madam;

Scope of Representation

This letter will serve as official notice of a claim against the City of Biloxi, Mississippi, the Biloxi Police Department and John Does 1-10 (agents/employees/ members of the City of Biloxi, Mississippi and/or the Biloxi Police Department) in their personal and official capacities pursuant to Miss. Code Ann. δ 11-46-11, 42 U.S.C. δ 1983, any other applicable state or federal statute or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action. The aforementioned individuals and/or entities as well as unknown employees and/or agents of the City of Biloxi, Mississippi and the Biloxi Police Department are known to be involved with the incident described herein



EXHIBIT
**A**
Page 1 of 8

<u>Residence of the Person Making the Claim at the Time of the Injury</u>

At the time of this injury, Jason Jordan and Alyssa Jordan resided at 828 Oakleigh Ave., Apt. 9, Gulfport, MS 39507.  At the time of this injury, Christopher Soukup resided at 14041 Harley Drive, Biloxi, MS 39535.

<u>Residence of the Claimant at the time of the Filing of this Notice</u>

At the filing of this notice, Jason Jordan and Alyssa Jordan reside at 828 Oakleigh Ave., Apt. 9, Gulfport, MS 39507.  At the filing of this notice, Christopher Soukup is deployed to Afghanistan.

## LITIGATION HOLD

This letter provides you with written notice to place a Litigation Hold on any and all documents, papers, records, accident and/or incident documents (including but not limited to reports, records, notes, minute, investigations, documents and/or photos), documents reflecting the identity of all investigators and all interviews, documents, statements (taken from witnesses, officers, Jason Jordan, Alyssa Jordan, Christopher Soukup or otherwise) incident reports (and all supplements thereto), recordings of interviews (in any form), CDs, CD-rom discs, digital recordings, diagrams, diagrams of the scene of the incident, drawings, 911 call recordings (in any form), electronic media, evidence, tangible evidence, documentary evidence, demonstrative evidence, tape recordings, video tapes, photographs, physical evidence, reports or statements of experts, criminal record or history, exculpatory material, discovery, internal memos, notes, correspondence, estimates, other written documents, docket book entries, affidavits, arrest warrants, certified copy of any arrest record, arrests, convictions, charges, dismissals, sentences, mug shots, fingerprints, motions, orders, judgments, and any other materials or data relevant to the herein-named individuals, and any and all general orders, memos, rules, regulations, policies, procedures, and any documentation of the City of Biloxi, Mississippi and/or the Biloxi Police Department dealing with the use of force, excessive force and the detention of and/or arrest of persons at the Hard Rock Casino.

## REQUEST FOR WRITTEN DESTRUCTION LOG

This letter shall also serve as our formal request for a Written Destruction Log containing an identification of any and all documents, papers, records, accident and/or incident documents (including but not limited to reports, records, notes, minute, investigations, documents and/or photos), documents reflecting the identity of all investigators and all interviews, documents, statements (taken from witnesses, officers, Jason Jordan, Alyssa Jordan, Christopher Soukup or otherwise) incident reports (and all supplements thereto), recordings of interviews (in any form), CDs, CD-rom discs, digital recordings, diagrams, diagrams of the scene of the incident, drawings, 911 call recordings (in any form), electronic media, evidence, tangible evidence, documentary evidence, demonstrative evidence, tape recordings, video tapes, photographs, physical evidence, reports or statements of experts, criminal record or history, exculpatory material, discovery, internal memos, notes, correspondence, estimates, other written documents, docket book entries, affidavits, arrest warrants, certified copy of any arrest record, arrests,

convictions, charges, dismissals, sentences, mug shots, fingerprints, motions, orders, judgments, and any other materials or data relevant to the herein-named individuals, and any and all general orders, memos, rules, regulations, policies, procedures, and any documentation of the City of Biloxi, Mississippi and/or the Biloxi Police Department dealing with the use of force, excessive force and the detention of and/or arrest of persons at the Hard Rock Casino, which were destroyed prior to your receipt of this notice.

> The Circumstances Which Brought About the Injury
> The Extent of the Injury
> The Names of All Persons Known to Be Involved

As is reflected by the surveillance video of the Biloxi Hard Rock Hotel and Casino currently within undersigned's possession, on November 27, 2011 active military personnel Jason Jordan, currently stationed at Kessler Air Force Base in Biloxi, Mississippi, was involved in a physical altercation with an individual identified as 'Airman Dorack'. Christopher Soukup, Jordan's shift supervisor, was also present at the Hard Rock. Mr. Soukup was not involved in the altercation in any way, other than his attempts to intervene and pull Mr. Jordan and 'Airman Dorack' apart. Moments after the altercation ended, several large males without any insignia or nametags identifying them as security or police or Hard Rock employees grabbed, restrained and physically assaulted Jason Jordan. One of the large males pinned Jason Jordan to the ground by placing the entirety of his weight onto Jordan's body for over three (3) full minutes and until Jason Jordan is unconscious, as evidenced by the surveillance video.

Next, the surveillance video shows the large male stand up. Jason Jordan remains lying on the floor, unconscious. Biloxi Police officers then arrive on the scene. Despite his unconscious state, Biloxi Police do not wait for paramedics or a stretcher to arrive. Instead, the officers taze Mr. Jordan, place him in handcuffs and proceed to drag his motionless body through the nightclub by wrenching his arms in an unnatural position. At times, the officers appear to tire from dragging a lifeless Mr. Jordan and allow his body to slump to the floor. The officers then continue to drag Mr. Jordan throughout the casino. The surveillance video shows the officers at one point dragging Mr. Jordan face-first down an escalator. At some point, Mr. Jordan's pants fall to his knees, exposing his genitals. The officers never pull up Mr. Jordan's pants; in fact, when Alyssa Jordan asks that they do so, the officers assault her and place her in handcuffs. A third officer arrives on scene and appears to shackle Mr. Jordan's feet. When the officers finally reach the exit door of the casino, they drop Mr. Jordan's lifeless body and allow him to lie on the ground for several more minutes before again applying force to his motionless body. The officers then violently shove and pull him into a police SUV. Mr. Jordan suffered a broken wrist in the attack, which doctors expect to require at least two (2) surgeries to repair the damage. As a result of the attack, Alyssa Jordan lost her unborn child.

Moments after Mr. Jordan is shoved into the police SUV, video captured by a cell phone and posted to the website Youtube entitled "Biloxi Police Abusing Their Power" shows one of the officers involved in the assaults violently cursing at a patron and ordering him to "get the f**k out of my face". As the patron complies by turning and walking away, Biloxi Police officers rush the man, throw him to the ground and taze him.

Meanwhile and despite his non-involvement in and efforts to stop the altercation, Christopher Soukup was handcuffed and detained by personnel of the Hard Rock. Video surveillance shows Hard Rock employees leading a handcuffed Mr. Soukup down a corridor and into an interrogation room, where he remains for several minutes. Mr. Soukup complains to the Hard Rock employees that the handcuffs were improperly applied, but is ignored. Mr. Soukup suffered a dislocated elbow and a broken wrist at the hands of the Hard Rock employees. Doctors have told Mr. Soukup he will require wrist surgery.

These physical attacks resulted in significant physical injuries and emotional distress to Mr. Jordan, Mrs. Jordan and Mr. Soukup, including a miscarriage, broken wrists, a dislocated elbow numerous scrapes, cuts, bruising, sprains and strains, and potentially permanent nerve damage. Over a dozen witnesses have voluntarily contacted Mr. Jordan, Mrs. Jordan and Mr. Soukup, their immediate family and undersigned counsel, indicating their willingness and intention to testify as to the actions of the individuals involved in these incidents. At no point was Mr. Jordan, Mrs. Jordan or Mr. Soukup read their rights. The actions of the individuals involved were reckless, grossly negligent, malicious, and amount to a conscious disregard of the civil rights of the Claimants. The individuals involved acted in reckless disregard of the safety and well being of the Claimants. Upon information and belief, at all pertinent times the individuals involved acted within the course and scope of their employment with the City of Biloxi, Mississippi and/or the Biloxi Police Department.

<u>Types of Claims Likely to Be Made</u>
<u>Amount of Money Damages Sought</u>

Jason Jordan, Alyssa Jordan and Christopher Soukup intend to file a lawsuit in this matter pursuant to Miss. Code Ann. δ 11-46-11, 42 U.S.C. δ 1983, any other applicable state or federal statute or constitutional provision. Claimants assert the following state law claims: (i) negligence, (ii) gross negligence, (iii) civil assault, (iv) civil battery, (v) nuisance, (vi) intentional infliction of emotional distress, (vii) negligent infliction of emotional distress, (viii) reckless disregard for the rights and safety of others, (ix) violation and deprivation of civil rights pursuant to Title 42 U.S.C. §1983 under color of law, (x) *res ipsa loquitur*, (xi) false arrest, (xii) false imprisonment, (xiii) due process violations, (xiv) malicious prosecution, (xv) abuse of process, (xvi) negligent failure to hire, train, control and/or supervise, (xvii) negligent failure to discipline and/or take necessary corrective action, (xviii) respondeat superior, (xix) breach of a non-delegable fiduciary duty, (xx) the common law tort of outrage, and (xxi) others.

Claimants seek money damages in excess of the jurisdictional amount of the Circuit Court of Harrison County, Mississippi or the United States District Court for the Southern District of Mississippi for all actual, economic, non-economic, compensatory, exemplary, punitive, incidental, and consequential damages, pre-judgment interest, post-judgment interest, costs of Court, attorneys fees, past physical pain and mental suffering, future physical pain and mental suffering, past and future mental anguish, past necessary medical expenses, future necessary medical and other expenses that in reasonable probability will be sustained, past and future loss wages, past and future diminishment of employment/vocational capacity, past and future physical impairment, loss of credit worthiness, past and future loss of enjoyment and quality of life, punitive and exemplary damages in an amount above the minimum jurisdictional

costs of Court, attorneys fees, past physical pain and mental suffering, future physical pain and mental suffering, past and future mental anguish, past necessary medical expenses, future necessary medical and other expenses that in reasonable probability will be sustained, past and future loss wages, past and future diminishment of employment/vocational capacity, past and future physical impairment, loss of credit worthiness, past and future loss of enjoyment and quality of life, punitive and exemplary damages in an amount above the minimum jurisdictional limits of the court, and any additional damages Claimants may be entitled to by law or that the circuit court may deem appropriate.  Claimants seek an award of damages adequate to compensate for all injuries sustained, for all general/special damages caused by the conduct of the Defendants, for the costs of litigating the case, for punitive damages sufficient to punish the Defendants for their egregious conduct and to deter them from ever repeating such atrocities; and for all other relief to which Claimants are entitled by Mississippi and/or Federal law.

Please refer all correspondence or communication to my office relating to this claim. Should you need additional information, please contact my office.

Respectfully,

**THOMAS J. BELLINDER, P.A.**

By: _____
         Thomas J. Bellinder

TJB/

cc:     Warren L. Martin, Jr.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The City of Biloxi, Mississippi
Attn: A.J Holloway, Mayor
Attn: Legal Dept.
Office of the Mayor
PO Box 429
Biloxi, MS 39533

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
C.J. Tuser  11/16/12

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)   7012 1640 0002 3681 3194

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

BILOXI MS 39533

| | | |
|---|---|---|
| | $0.65 | 0014 |
| Postage $ | | |
| Certified Fee | $2.95 | 12 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees $ | $5.95 | 11/15/2012 |

Sent To  The City of Biloxi, Mississippi
Street, Apt. No.; or PO Box No.  PO Box 429
City, State, ZIP+4  Biloxi, MS 39533

PS Form 3800, August 2006    See Reverse for Instructions

7012 1640 0002 3681 3194

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Dolores Mizell  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Dolores Mizell  11/17/12

1. Article Addressed to:

Biloxi Police Department
Attn John Miller, COP
Lopez - Quave Public Safety Cent
170 Porter Ave
Biloxi, MS 39530

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7012 1640 0002 3681 3217

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

BILOXI, MS 39530

| | | |
|---|---|---|
| Postage | $ $0.65 | 0014 |
| Certified Fee | $2.95 | 12 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.95 | 11/15/2012 |

Sent To  Biloxi Police Department
Street, Apt. No.; or PO Box No.  170 Porter Ave
City, State, ZIP+4  Biloxi, MS 39530

PS Form 3800, August 2006      See Reverse for Instructions

7012 1640 0002 3681 3217

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Danny Ross_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

_Vanny Ross_   _1-16-12_

1. Article Addressed to:

Mississippi Attorney General's Office
Attn: Jim Hood
PO Box 220
Jackson, MS 39201

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7012 1640 0002 3681 3200

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

JACKSON MS 39201

| | | |
|---|---|---|
| Postage | $ | $0.65   0014 |
| Certified Fee | $2.95 | 12 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $5.95   11/15/2012 |

Sent To _Mississippi Attorney General's Office_
Street, Apt. No.; or PO Box No. _PO Box 220_
City, State, ZIP+4 _Jackson, MS 39201_

7012 1640 0002 3681 3200

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                    **PLAINTIFFS**

**V.**                                                   **CAUSE NO.: A2402-13-51**

PREMIER ENTERTAINMENT BILOXI, LLC
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10              **DEFENDANTS**

### NOTICE OF SERVICE

Notice is hereby given that the Plaintiffs have this date served in the above-referenced matter the following documents, along with the original complaint:

1) Plaintiffs' First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Premier Entertainment Biloxi, LLC.

The undersigned retains the original of the above document as custodian thereof pursuant to the local rules.

Respectfully submitted this the 11th day of April, 2013.

> JASON JORDAN; ALYSSA JORDAN,
> INDIVIDUALLY AND ON BEHALF OF THE
> ESTATE OF UNBORN BABY JORDAN,
> DECEASED AND ON BEHALF OF ALL OF
> THE HEIRS AND LAW AND WRONGFUL
> DEATH BENEFICIARIES OF UNBORN BABY
> JORDAN, DECEASED; AND CHRISTOPHER
> SOUKUP

By:   /s/ Thomas J. Bellinder
Thomas J. Bellinder, Esq.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone:  (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone:  (769) 257-6052
Fax: (601) 714-1583
Email:  Thomas.Bellinder@gmail.com

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, attorney for Plaintiffs, hereby certify that a true and correct copy of the foregoing was served along with the complaint in this matter.

This the 11th day of April, 2013.

By:   /s/ Thomas J. Bellinder
Thomas J. Bellinder, Esq.

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                   **PLAINTIFFS**

V.                                                   **CAUSE NO.: A2402-13-51**

PREMIER ENTERTAINMENT BILOXI, LLC
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10          **DEFENDANTS**

### NOTICE OF SERVICE

Notice is hereby given that the Plaintiffs have this date served in the above-referenced matter the following documents, along with the original complaint:

1) Plaintiffs' First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Premier Entertainment Biloxi, LLC.

The undersigned retains the original of the above document as custodian thereof pursuant to the local rules.

Respectfully submitted this the 11th day of April, 2013.

> **JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF UNBORN BABY JORDAN, DECEASED AND ON BEHALF OF ALL OF THE HEIRS AND LAW AND WRONGFUL DEATH BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED; AND CHRISTOPHER SOUKUP**

By:   /s/ Thomas J. Bellinder
Thomas J. Bellinder, Esq.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone:  (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone:  (769) 257-6052
Fax: (601) 714-1583
Email:  Thomas.Bellinder@gmail.com

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, attorney for Plaintiffs, hereby certify that a true and correct copy of the foregoing was served along with the complaint in this matter.

This the 11th day of April, 2013.

By:   /s/ Thomas J. Bellinder
Thomas J. Bellinder, Esq.

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP**                                      **PLAINTIFFS**

**V.**                                                      **CAUSE NO.: A2402-13-51**

**PREMIER ENTERTAINMENT BILOXI, LLC
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10**              **DEFENDANTS**

### NOTICE OF SERVICE

Notice is hereby given that the Plaintiffs have this date served in the above-referenced matter the following documents, along with the original complaint:

1) Plaintiffs' First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant Premier Entertainment Biloxi, LLC.

The undersigned retains the original of the above document as custodian thereof pursuant to the local rules.

Respectfully submitted this the 11th day of April, 2013.

> **JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF UNBORN BABY JORDAN, DECEASED AND ON BEHALF OF ALL OF THE HEIRS AND LAW AND WRONGFUL DEATH BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED; AND CHRISTOPHER SOUKUP**

By:    /s/ Thomas J. Bellinder
Thomas J. Bellinder, Esq.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone:  (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone:  (769) 257-6052
Fax: (601) 714-1583
Email:  Thomas.Bellinder@gmail.com

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, attorney for Plaintiffs, hereby certify that a true and correct copy of the foregoing was served along with the complaint in this matter.

This the 11th day of April, 2013.

By:    /s/ Thomas J. Bellinder
Thomas J. Bellinder, Esq.

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                    **PLAINTIFFS**

**V.**                                               **CAUSE NO.: A2402-13-51**

PREMIER ENTERTAINMENT BILOXI, LLC
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
 DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10            **DEFENDANTS**

**SUMMONS**

THE STATE OF MISSISSIPPI
COUNTY OF HARRISON

> TO:   Premier Entertainment Biloxi, LLC
>       c/o Robert Callaway
>       777 Beach Boulevard
>       Biloxi, MS 39530

**NOTICE TO DEFENDANT**

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to the
First Amended Complaint to Thomas J. Bellinder, attorney for the Plaintiffs, whose street
address is 351 Edgewood Terrace Dr., Jackson, MS 39206. Your response must be
mailed or delivered within thirty (30) days from the date of delivery of this summons and
complaint or a judgment by default will be entered against you for the money or other
things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within
a reasonable time afterward.

Issued under my hand and the seal of the Court, this the ___17th___ day of
___April_____, 2013.

(Seal)                          CIRCUIT COURT CLERK
                                HARRISON COUNTY, MISSISSIPPI

                                BY: _Angela Calvert_                    D.

**Counsel for Plaintiffs**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone:  (769) 257-6052
Fax: (769) 257-6596
Cell: (601) 918-8590
Email: Warren_Martin_Jr_@hotmail.com

        and

Thomas J. Bellinder (MSB # 103115)
**THOMAS J. BELLINDER, P.A.**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Phone:  (769) 257-6052
Fax: (601) 714-1583
Email:  Thomas.Bellinder@gmail.com

COPY

# THOMAS J. BELLINDER, P.A.

MS BAR: 103115     351 EDGEWOOD TERRACE DR.     PHONE: (769) 257-6052
FL BAR: 65254         JACKSON, MS 39206          FAX: (601) 714-1583
DC BAR: 996096

EMAIL: THOMAS.BELLINDER@GMAIL.COM

April 11, 2013

**VIA U.S. MAIL**
Gayle Parker
Harrison County Circuit Clerk
730 Dr. Martin Luther King, Jr. Blvd.
Biloxi, MS 39350

        RE:    Jason Jordan, et al. v. Premier Entertainment Biloxi, LLC, et al.; In the
                Circuit Court of Harrison County, Mississippi; Cause No.: A2402-13-51

Dear Ms. Parker;

        Please find enclosed an original and a copy of a **Summons** in the above matter.
Please issue the original and copy and return them to me in the self-addressed stamped
envelope enclosed for your convenience.

        Thank you for your usual prompt assistance in this matter. Should you have any
questions, comments or concerns, please do not hesitate to contact me.

                     Warmest Regards,

                     Thomas J. Bellinder, Esq.

TJB/
enclosures

cc:     Warren L. Martin, Jr.

*PS 4-15-13 @ 1330hrs*

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                          **PLAINTIFFS**

V.                                                      CAUSE NO.: _A2402-1351_

HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
d/b/a HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10                          **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HARRISON

TO:   The City of Biloxi, Mississippi
      c/o A.J. Holloway
      Office of the Mayor
      140 Lameuse St.
      Biloxi, MS 39530

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to the
Complaint to Thomas J. Bellinder, attorney for the Plaintiffs, whose street address is 351
Edgewood Terrace Dr., Jackson, MS 39206. Your response must be mailed or delivered
within thirty (30) days from the date of delivery of this summons and complaint or a
judgment by default will be entered against you for the money or other things demanded
in the complaint.

You must also file the original of your response with the Clerk of this court within
a reasonable time afterward.

Issued under my hand and the seal of the Court, this the __5th__ day of
__April__, 2013.

APR 12 2013

*Stacy Thacker
Municipal Clerk*

*2-2013-566*

## PROOF OF SERVICE--SUMMONS
### (Process Server)

_The City of Biloxi, Mississippi_
Name of Person or Entity Served

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

____ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

____ PERSONAL SERVICE. I personally delivered copies to _____ on the ____ day of _____, 2013, where I found said person(s) in _____ County of the State of _____.

____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, ( X ). I served the summons and complaint on the _15th_ day of _April_, 2013, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _Stacy Thacker_ who is the (_Municipal Clerk_) a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _16th_ day of _April_, 2013, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

    At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____.

Name _Amanda Longfellow 385_
Social Security No. _____
Address _____
Telephone No. _228-297-3874_

State of _MS_ )
County of _Harrison_ )

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Amanda Longfellow 385_
Process Server (Signature)

Sworn to and subscribed before me this the _16_ day of _April_, 2013.

_Kathy Rogers_
Notary Public

(Seal) My Commission Expires: ___ _11·8·13_ _____