IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP                                                    **PLAINTIFFS**

v.                                                        CIVIL ACTION NO. 1:13CV195 LG-JMR

PREMIER ENTERTAINMENT BILOXI, LLC d/b/a
HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10                        **DEFENDANTS**

MEMORANDUM BRIEF
IN SUPPORT OF RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

I.

STATEMENT OF FACTS

On April 5, 2013, Plaintiffs Jason Jordan, Alyssa Jordan, and Christopher Soukup filed a

Complaint seeking compensatory and punitive damages from the Hard Rock Café International (STP),

Inc. d/b/a Hard Rock Hotel & Casino Biloxi; the City of Biloxi; Joshua Hamilton, a former Biloxi

police officer; and Does One and Three - Ten for alleged violations of 42 U.S.C. § 1983 and state law.

(Complaint, Exhibit "A" to Response). On April 11, 2013, Plaintiffs filed their First Amended

Complaint substituting Premier Entertainment Biloxi, L.L.C. as a Defendant for Hard Rock Café

International (STP), Inc. (Am. Complaint, Exhibit "B" to Response). On April 22, 2013, at a time

when only the City of Biloxi had been served with process, Defendant City of Biloxi filed a Notice of

Removal removing this case from the Circuit Court of Harrison County, Second Judicial District, to the

United States District Court for the Southern District of Mississippi, Southern Division.  (Exhibit "C" to Response).

Plaintiffs' claims arise out of an incident that occurred on November 27, 2011, at the Hard Rock Hotel & Casino (Hard Rock) when a fight involving Plaintiff Jason Jordan, Plaintiff Christopher Soukup, and another person broke out in The Ledge nightclub inside the Hard Rock.  As a result, Hard Rock security officers closed the nightclub to patrons.  Hard Rock security officers broke up the fight and arrested and restrained Plaintiff Jason Jordan until Biloxi police arrived to take custody of him. Plaintiff Jordan resisted the efforts of Biloxi police to take him into custody, and he was tasered. Plaintiff Jordan refused to get up off the floor of the Hard Rock, and he had to be carried out of the Casino by Biloxi police.  Plaintiff Alyssa Jordan followed the police officers as they carried Jason Jordan, and she interfered in their custody of him.  Plaintiff Jason Jordan was arrested for resisting arrest, disorderly conduct, and public drunk; Plaintiff Alyssa Jordan was arrested for public drunk; and Plaintiff Christopher Soukup was arrested for disorderly conduct.

In Count X of the Amended Complaint entitled "Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 (General Allegations)," Plaintiffs alleged that Defendants engaged in actions to allegedly deprive them of their Fourth, Fifth, Eighth and Fourteenth Amendment rights.  (Exhibit "B" at ¶ 85-87, 89). Additionally, in Count XII [sic, XI] entitled "Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 (Failure to Implement Appropriate Policies, Customs and Practices)," Plaintiffs alleged that Defendant City of Biloxi and the Doe Defendants allegedly adopted policies, customs or practices sanctioning the use of excessive force and inadequate training and supervision which allegedly amounted to violations of the Fourth and Fourteenth Amendments to the United States Constitution.  (Exhibit "B" at ¶ 93-94). Despite these allegations, Plaintiffs have filed a Motion to Remand the case to the Circuit Court of

Harrison County. Defendant City of Biloxi submits this Memorandum Brief in support of its Response in Opposition to Plaintiffs' Motion to Remand.

## II.

## ARGUMENT

**A.    Remand is not warranted because Federal Jurisdiction Exists.**

When a motion to remand has been filed, "the burden is on the removing party to establish that federal jurisdiction exists." Bolden v. McMillin, 2007 U.S. Dist. LEXIS 92198 at *3-*4 (S.D. Miss. Dec. 2, 2007). This burden can be met by showing "that a federal right is an essential element of the plaintiff's cause of action." Id. at *5. Defendant submits that in this case, a remand is not warranted because federal jurisdiction exists as a result of Plaintiffs' allegations of a cause of action under 42. U.S.C. § 1983.

Defendant City of Biloxi removed this action from state court to the United States District Court for the Southern District of Mississippi, Southern Division, on the basis of 28 U.S.C. § 1441(a) which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the courts of the United States have original jurisdiction.'" City of Chicago v. International College of Surgeons, 522 U.S.156, 163, 118 S.Ct. 523, 529 (1997) (quoting 28 U.S.C. § 1441(a)). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." Id.; Caterpillar, Inc. v. Williams, 482 U.S. 386, 392,

107 S.Ct. 2425, 2429 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar, Inc. v. Williams, 482 U.S. at 392, 107 S.Ct. at 2429. "The district courts have original jurisdiction under the federal question statute over cases 'arising under the Constitution, laws, or treaties of the United States.'" City of Chicago v. International College of Surgeons, 522 U.S. at 163, 118 S.Ct. at 529 (quoting 28 U.S.C. § 1331). "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1545 (1987). Another test frequently cited is that a "suit arises under the law that creates the cause of action." American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 586 (1916). See Medina v. Ramsey Steel Co., 238 F.3d 674, 680 (5th Cir. 2001) (removal is supported when a "federal right is an essential element of the plaintiff's cause of action")).

Determining the presence of federal question jurisdiction for removal purposes is "governed by the 'well-pleaded complaint rule', which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. at 392, 107 S.Ct. at 2429. This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. In this case, in Counts X and XII [sic, XI] of the Amended Complaint,[1] both of which are entitled "Violation of Civil Rights Pursuant to 42 U.S.C. § 1983", Plaintiffs alleged violations of 42 U.S.C. § 1983. (Exhibit "B" at p. 19, 21). In Count X, Plaintiffs alleged that Defendants engaged in actions to allegedly deprive Plaintiffs of their Fourth, Fifth, Eighth and Fourteenth Amendment rights. (Id. at ¶ 85-87, 89). Additionally, in

---

[1] Counts X and XII [sic, XI] were identical in the original Complaint. (Exhibit "A" at p. 19, 21).

Count XII [sic, XI], Plaintiffs alleged that Defendant City of Biloxi and the Doe Defendants allegedly adopted policies, customs or practices sanctioning the use of excessive force, inadequate training and inadequate supervision which, according to Plaintiffs, amounted to violations of the Fourth and Fourteenth Amendments to the United States Constitution.  (Id. at ¶ 93-94).

Claims alleging a violation of § 1983 arise under federal law and support removal under 28 U.S.C. § 1441(a).  Bolden v. McMillin, 2007 U.S. Dist. LEXIS 92198 at *6 (S.D. Miss. Dec. 2, 2007) ("[P]laintiff pled a federal cause of action in Count II - 'Action for deprivation of civil rights (Title 42 U.S.C. § 1983),' invoked his Fifth, Eighth, and Fourteenth Amendments rights, and remand was denied)); Webb v. City of Leland, 2007 U.S. Dist. LEXIS 30550 at *4 (N.D. Miss. Dec. 6, 2004) (Plaintiff's allegations of a § 1983 claim and violations of the Fourth, Sixth, and Fourteenth Amendments "clearly, on their face, state federal claims" and complaint was properly removed)); Pace v. Hunt, 847 F. Supp. 508, 509 (S.D. Miss. 1994) ("[T]his action brought in part under ... § 1983, is a case arising under the laws of the United States, for which this Court has original jurisdiction.")).  Significantly, in this case, Plaintiffs have not disputed that their claims under § 1983 "pose federal questions...."  (Remand Brief at p. 5).  Defendant submits that Plaintiffs pled claims, both in their Complaint and Amended Complaint, arising under federal law which conferred federal question jurisdiction under 28 U.S.C. § 1331, and therefore, the standard for removal was met.  This Court has federal question jurisdiction over the § 1983 claims, and, Defendant submits, a remand is not warranted.

**B.      Concurrent Jurisdiction of Federal and State Courts does not warrant remand.**

Without citation to any supporting case law, Plaintiffs argue that because state courts have concurrent jurisdiction over claims brought under 42 U.S.C. § 1983, this case should be remanded to the state court.  (Remand Brief at p. 4-5).  Similar arguments have been rejected by the Fifth Circuit.

In Baldwin v. Sears, Roebuck and Co., 667 F.2d 458 (5th Cir. 1982), Defendant removed a case containing allegations that Defendant had violated the Age Discrimination in Employment Act (ADEA) which, like § 1983, gave concurrent jurisdiction over such claims to both federal and state courts.  In response to Plaintiff's motion to remand the case, the Court noted that

> [u]nless, therefore, there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable.  It is undisputed that a federal court would have original jurisdiction of this action....  Appellant's ADEA claim '... arises under the constitution, laws, or treaties of the United States ....'

Baldwin v. Sears, Roebuck and Co., 667 F.2d at 460 & n. 3.  Finding "no express prohibition against removal pursuant to 28 U.S.C. § 1441(a)," the Court affirmed the district court's refusal to remand the case.  Id. at 461.

In Urgent Care, Inc. v. Southern Mississippi Urgent Care, Inc., 2007 U.S. Dist. LEXIS 26754 (S.D. Miss. April 10, 2007), the Court declined to remand a lawsuit alleging, among other state law claims, that Defendant infringed on the UrgentCare, Inc. trademark in violation of the Lanham Trademark Act.  The Court held that

> the fact that federal and state courts have concurrent jurisdiction over Lanham Act cases does not require that this case be remanded.  Unless 'there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable.'... Remand on this basis will be denied.

Id. at *4 (quoting Baldwin v. Sears, Roebuck and Co., 667 F.2d at 460 and citing Pace v. Hunt, 847 F. Supp. 508 (S.D. Miss. 1994)).

Similarly, in Bolden v. McMillin, 2007 U.S. Dist. LEXIS 92198 (S.D. Miss. Dec. 2, 2007), the Court rejected Plaintiff's argument that his case, which alleged state law torts of negligence, assault and battery, emotional distress and outrage but also alleged a violation of Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983, should

be remanded. The Court held that Plaintiff's claim under § 1983 "pled a federal cause of action", and that "[a] federal court is not required to remand a case to state court because of concurrent jurisdiction." Bolden v. McMillin, 2007 U.S. Dist. LEXIS at *6, *7.

In Pace v. Hunt, 847 F. Supp. 508 (S.D. Miss. 1994), the Court rejected Plaintiff's motion to remand his case when the complaint contained allegations that 42 U.S.C. § 1983 had been violated. The Court found that concurrent jurisdiction over § 1983 claims by state and federal courts did not prevent removal of those cases to federal court. Pace v. Hunt, 847 F. Supp. at 509. The Court acknowledged that 28 U.S.C. § 1441 governed the removal of any civil action brought in state court and clarified that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant ...." Id. at 509 (quoting 28 U.S.C. § 1441(a)). The Court further noted that 28 U.S.C. § 1331 declared that federal courts have original jurisdiction of "all civil actions arising under the Constitution ... [and] laws of the United States." Id. The Court concluded that "from a plain reading of these two statutes, this action brought in part under 42 U.S.C. § 1983, is a case arising under the laws of the United States, for which this Court has original jurisdiction." Id. The Court held that

> the removal statute would be eviscerated if actions such as the present one were remanded to state court simply because such courts have concurrent jurisdiction. This Court would have to ignore the clear language contained in the statute to grant the Plaintiff's Motion to Remand. The Court also finds that if presented with the opportunity, the Fifth Circuit would follow its holding in *Baldwin* regarding cases under the ADEA and apply such a holding to cases arising under 42 U.S.C. § 1983.

Pace v. Hunt, 847 F. Supp. at 510.

Finally, in Webb v. City of Leland, 2004 U.S. Dist. LEXIS 30550 (N.D. Miss. Dec. 6, 2004), Defendant removed a case brought in state court under the Mississippi Tort Claims Act and 42 U.S.C.

§ 1983. The found that Plaintiff's complaint, "on its face, presents a federal question and that federal jurisdiction is present in this case." Id. at p. *6. The Court rejected Plaintiff's argument that the case should be remanded because state courts had concurrent jurisdiction over § 1983 claims. Citing Baldwin v. Sears, Roebuck & Co., 667 F.2d 458 (5th Cir. 1982), and Pace v. Hunt, 847 F. Supp. 508 (S.D. Miss. 1994), the Court held that "[t]his argument fails because the fact that a state court has concurrent jurisdiction over a cause of action does not require that the action be remanded from federal court back to state court." Id. at *5. Defendant submits that the existence of concurrent jurisdiction by the federal and state courts for claims under 42 U.S.C. § 1983 establishes no basis to remand this case to state court.

## C. No discretion to reject the removal.

Plaintiffs make vague and unsupported arguments that the Court has discretion to reject Defendant's Notice of Removal and remand this case to state court even though the requirements of 28 U.S.C. § 1441(a) have been met. (Remand Brief at p. 4, 6). Plaintiffs argue that "the federal questions posed in Plaintiffs' Complaint do not 'mandate' removal to federal jurisdiction." (Remand Brief at p. 4). Defendant submits that Plaintiffs misinterpret the governing principles of removal. Removal is a "broad right" created by 28 U.S.C. § 1441; it is a "statutory right" of a defendant providing "an opportunity to substitute ... [defendant's] choice of forum for the plaintiff's original choice." Baldwin v. Sears, Roebuck and Co., 667 F.2d at 459. This right of removal "can be limited only by an act of Congress expressly prohibiting it." Id. A case presenting a federal question on the face of its well-pleaded complaint is within the federal court's original jurisdiction under 28 U.S.C. § 1441(a) and accordingly, is removable. Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 386, 118 S.Ct. 2047, 2051 (1998). While it is true that Defendant was not compelled to file a notice of removal

8

removing this case to federal court, by alleging §1983 claims that arise under federal law, Plaintiffs subjected themselves to the possibility that Defendant would remove the case to the federal courts. <u>City of Chicago v. International College of Surgeons</u>, 522 U.S.at 164, 118 S.Ct. at 535.

**D.    The presence of state law claims does not require remand.**

Contrary to Plaintiffs' argument, the mere presence of a number of state law claims in Plaintiffs' Amended Complaint does not warrant remand. (Remand Brief at p. 6). In <u>Bolden v. McMillin</u>, 2007 U.S. Dist. LEXIS 92198 at *6, the Court acknowledged that the fact that "plaintiff has a greater number of state law claims as opposed to his federal law claim" did not require a remand. Rather, "the presence of **even one claim** 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. at 386, 118 S.Ct. at 2051 (emphasis added). <u>See</u>  <u>Salveson v. Western States Bankcard Ass'n</u>, 731 F.2d 1423, 1426 (9th Cir. 1984) (A case is properly removed if "**one or more** of plaintiffs' claims arose under federal ... law.")(emphasis added));  <u>Webb v. City of Leland</u>, 2004 U.S. Dist. LEXIS 30550 at *4 ("[T]he propriety of the Defendants' removal depends upon whether **any** of the Plaintiffs' claims arise under federal law, thereby giving this court original federal question jurisdiction over those claims.")(emphasis added)).  Defendant submits that neither the presence nor the number of state law claims contained in the Amended Complaint is determinative of the Court's decision on Plaintiffs' motion to remand.  As long as a federal cause of action is asserted, the removal was proper and Defendant is entitled to be in this Court.

Additionally, as long as Plaintiffs' Amended Complaint raises issues of  federal law of which the federal court would have had original jurisdiction, <u>City of Chicago v. International College of Surgeons</u>, 522 U.S. at 163, 118 S.Ct. at 529; <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. at 392, 107 S. Ct.

at 2429, the Court has the power to exercise supplemental jurisdiction over accompanying state law claims when they "derive from a common nucleus of operative fact...." City of Chicago v. International College of Surgeons, 522 U.S. at 164-65, 118 S.Ct. at 529 (quoting Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966)); 28 U.S.C. §1367(a). In the instant case, both the state and federal claims arose out of the same underlying incident that occurred on November 27, 2011, at the Hard Rock. (Am. Complaint). All of Plaintiff's claims, both state and federal, arise from the same series of events and all are related to the underlying incident that occurred on November 27, 2011, at the Hard Rock. Significantly, Plaintiffs have admitted in their motion that the state law claims "arose out of the same incidents and addressed the same course of conduct as the underlying 1983 claim...." (Remand Motion at p. 2-3). Clearly, this Court has the power to exercise supplemental jurisdiction over Plaintiffs' state law claims unless there is a reason under 28 U.S.C. § 1367(c) to exercise the Court's discretion and decline jurisdiction over the supplemental state law claims.[2] However, even assuming for the sake of argument only, that Plaintiff is correct in his assessment that the state law claims in the

---

[2] 28 U.S.C. § 1367(c) allows the Court the discretion to decline supplemental jurisdiction "over a claim" referred to in § 1367(a) if

　　　(1) the claim raises novel or complex issues of State law,
　　　(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
　　　(3) the district court has dismissed all claims over which it has original jurisdiction, or
　　　(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Defendant submits that none of these considerations apply. First, Plaintiffs' state law claims do not present any novel or complex issues of state law; rather, the issues presented appear to be settled issues of state law with which the state courts have previously dealt. Second, the state claims do not predominate the federal claims, because to prevail on all of their claims Plaintiffs must prove the same set of facts. Third, the § 1983 claims have not been dismissed and therefore, § 1367(c)(3) has no application. Finally, no "other compelling reasons" exist for declining jurisdiction of the state law claims.

Amended Complaint predominate over the § 1983 claims, that would still not mandate the remand of this entire action. In that event, 28 U.S.C. § 1441(c) allows the removal of the entire action to federal court but upon removal, "the district court shall sever from the action all claims ... [not within the original or supplemental jurisdiction of the district court] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2). No authority is given by 28 U.S.C. § 1441(c) for the Court "to remand claims that conferred removal jurisdiction .... '[I]t may not remand the component claims that are conclusively deemed to have arisen under federal law ....'" Poche v. Texas Air Corps, Inc., 549 F.3d 999, 1005 (5th Cir. 2008) (quoting Laurents v. Arcadian Corp., 69 F.3d 535, 1995 WL 625394 at *2 (5th Cir. 1995) (unpublished)). Defendant submits that the presence of the state law claims supplies no basis for the Court to remand this case.

**E.    Burford Abstention does not apply.**

Citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S.Ct. 1712 (1996), Plaintiffs argue that abstention is warranted in this case "by considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration." (Remand Brief at p. 6). Interestingly, in Quackenbush, the Supreme Court **denied** California's Insurance Commissioner's motion to remand despite the Commissioner's argument that the federal court's resolution of the case "might interfere with California's regulation of the Mission Insurance Company's insolvency." Quackenbush v. Allstate Ins. Co., 517 U.S. at 709, 116 S.Ct. at 1717. Specifically, the Commissioner contended that Allstate would raise its right to a setoff of its own contract claims against any recovery by the Commissioner, and that the "viability of these setoff claims was a hotly disputed question of state law ... that ... was currently pending before the state courts in another case arising out of the Mission insolvency." Id. Despite these arguments, the Court emphasized the "strict duty" of the federal courts "to exercise the jurisdiction that is conferred upon them by Congress." Id. at 716, 116 S.Ct. at 1720. The Court held

that the "federal courts may decline to exercise their jurisdiction" only in "'exceptional circumstances', 'where denying a federal forum would clearly serve an important countervailing interest, for example where abstention is warranted by considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'" Id. at 716, 116 S.Ct. at 1720-21 (citations omitted). The "narrow range of circumstances in which Burford can justify the dismissal of a federal action ..." included only when a case presented "'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar,' or if its adjudication in a federal forum 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" Id. at 726-27, 116 S.Ct. at 1725-26. Because the "case appears at first blush to present nothing more than a run-of-the-mill contract dispute ...," Id. at 729, 116 S.Ct. at 1727, and only legal relief was sought, the Court determined that Burford abstention was inapplicable, and the motion to remand was denied. Id. at 730, 116 S.Ct. at 1727.

Similarly, in this case there are no "exceptional circumstances" justifying this Court to decline jurisdiction. Plaintiffs' state law claims are ordinary tort claims that do not bear on any larger issue of policy whose resolution by this Court might disrupt "state efforts to establish a coherent policy with respect to a matter of substantial public concern." Quackenbush v. Allstate Ins. Co., 517 U.S. at 726-27, 116 S.Ct. at 1725-26. Further, only legal relief is sought. (Exhibit "B"). Defendant submits that there is no justification for this Court to abstain, and further, that the Court should deny Plaintiffs' motion to remand this case to state court.

## CONCLUSION

Because Plaintiffs' Complaint contained two counts alleging violations of 42 U.S.C. § 1983, claims that arise under federal law, Defendant had the right to remove this case to federal court under 28 U.S.C. § 1441(a). Defendant has established that federal jurisdiction exists and that a remand is not

warranted. Plaintiffs were the masters of their Complaint. In crafting their allegations, they had a choice between federal and state law claims, and they could have defeated Defendant's ability to remove this case to federal court by simply avoiding allegations that would provide a basis for asserting federal jurisdiction. Having failed to do that by including allegations under §1983, Defendant had the option to remove the case. Defendant submits that it has proved that a federal cause of action was asserted and that federal jurisdiction exists, and therefore, Plaintiffs' motion to remand should be denied.

This, the 9th day of May, 2013.

<div style="margin-left:40%">

Respectfully submitted,

THE CITY OF BILOXI, MISSISSIPPI

BY:  PAGE, MANNINO, PERESICH &
     McDERMOTT, P.L.L.C.

BY:  ___s/ Tere R. Steel_____
     TERE R. STEEL (MSB#5332)
     RONALD G. PERESICH (MSB#4113)

</div>

PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.
759 Vieux Marché Mall
P.O. Drawer 289
Biloxi, Mississippi  39533
Telephone: (228) 374-2100
Facsimile: (228) 432-5539
Email:  tere.steel@pmp.org
        rgp@pmp.org

## CERTIFICATE OF SERVICE

I, Tere R. Steel, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., do hereby certify that, on this date, I electronically filed the foregoing Memorandum Brief in Support of Response in Opposition to Plaintiffs' Motion to Remand with the Clerk of the Court using the ECF system which sent electronic notice of such filing to Thomas J. Bellinder, Esq., at his email address of Thomas.Bellinder@gmail.com, David W. Stewart, Esq., at his email address of dstewart@cctb.com, and to M. Jason Sumrall, Esq., at his email address of msumrall@cctb.com. Further, I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant: Warren L. Martin, Jr., Esq., Warren L. Martin, Jr., P.A., Post Office Box 1870, Jackson, MS 39215.

**SO CERTIFIED**, this the 9th day of May, 2013.


s/ Tere R. Steel
TERE R. STEEL (MSB #5332)


PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.
759 Vieux Marché Mall
P.O. Drawer 289
Biloxi, Mississippi 39533
Telephone: (228) 374-2100
Facsimile: (228) 432-5539
Email: tere.steel@pmp.org
        rgp@pmp.org