UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN,
DECEASED; AND CHRISTOPHER SOUKUP          PLAINTIFFS

VERSUS                          CIVIL ACTION NO. 1:13cv195 LG-JMR

PREMIER ENTERTAINMENT BILOXI, LLC d/b/a
HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10          DEFENDANT

PREMIER ENTERTAINMENT BILOXI LLC d/b/a HARD ROCK
HOTEL & CASINO BILOXI'S MEMORANDUM IN SUPPORT
OF MOTION FOR PARTIAL DISMISSAL

COMES NOW the Defendant, Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino Biloxi, by the through their counsel of record, Copeland, Cook, Taylor & Bush, P.A., and pursuant to Federal Rules of Civil Procedure 12(b)(6), files this its Memorandum in Support of Motion for Partial Dismissal, and in support hereof would show unto the Court as follows:

I. RELEVANT FACTS

The original Complaint in this matter was filed on April 5, 2013 in the Circuit Court of Harrison County, Mississippi, Second Judicial District and named the incorrect Hard Rock entity as a Defendant. (Document 1-1, p. 7). The Complaint alleges various claims arising out of an incident which occurred on the premises of Hard Rock Hotel &

Casino in Biloxi, MS on November 27, 2011. An Amended Complaint was filed on April 11, 2013 (Document 1-1, p. 67) naming the correct Hard Rock entity and this matter was removed to the United States District Court for the Southern District of Mississippi on April 22, 2013. (Document 1).

Among the claims asserted by the Amended Complaint filed on April 11, 2013 are the following:

    a.    Negligence Per Se (Count III , in part);

    b.    Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 (Counts X and XII)[1];

    c.    Intentional Inflict of Emotional Distress (Count XIV);

    d.    The Common Law Tort of Outrage (Count XVI);

    e.    Civil Conspiracy (Count XIX);

    f.    Malicious Prosecution (Count XX);

    g.    False Arrest and False Imprisonment (Count XXI);

    h.    Civil Assault (Count XXII);

    i.    Civil Battery (Count XXIII); and

    j.    Abuse of Process (Count XXIV).

(Document 1-1, p. 67, et seq.).

For the reasons discussed in more detail below, the above cited claims should be dismissed as to Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino Biloxi.

---

[1] There is no Count XI plead by the Plaintiffs.

## II. ARGUMENT

### A. *Negligence Per Se*

In Count III of the Plaintiffs' Amended Complaint, a negligence *per se* claim is asserted. (Document 1-1, p. 79). In support of the negligence *per se* claim, the Plaintiffs state:

> To the extent that one of [sic] more of these Defendants, through their act(s) and/or omission violated a Mississippi statute in the operation of the casino, night club, and police department at issue, and (i) the Plaintiffs were in the class of persons the statute was designed to protect and (ii) the injuries they sustained were of a type the statute was designed to prevent, then these Defendants are per se negligent....

(Document 1-1, p. 79-80). Nowhere in the Amended Complaint does it actually cite a statute or regulation that the Plaintiffs allege was violated. *Id.*

"Negligence *per se* ...is a theory by which statutes are used to establish the appropriate standard of care." *Cole v. Noble Drilling Corp.*, 2007 U.S. Dist LEXIS 64055 at *8-9 (S.D. Miss. 2007) *(quoting Gray ex rel. Rudd v. Beverly Enterprises-Mississippi*, 390 F.3d 400, 407 (5th Cir. 2004)); *See also Moore v. K&J Enters.*, 856 So. 2d 621, 624 (Miss. Ct. App. 2003) ("Negligence *per se* is founded on the violation of a statutory standard, usually a penal one."). "When the doctrine of negligence *per se* applies, the general standard of care of a reasonable man is replaced by a specific rule of conduct established in a statute or regulation." *Id.* at *9 (*quoting Lowe v. General Motors Corp.*, 624 F.2d 1373, 1380 (5th Cir. 1980)).

Pursuant to Federal Rule of Civil Procedure Rule 8(a)(2)[2], the Plaintiff is required to include in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief..."

In the present matter, the Plaintiff has failed to identify any statute or regulation that they alleged was violated by the Defendant. Accordingly, the Defendant asserts that the Plaintiffs have failed to state a claim for which relief can be granted under a negligence *per se* theory and their claim for negligence *per se* should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as to Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino Biloxi.

### B.    *Violation of Civil Rights Pursuant to 42 U.S.C. § 1983*

In Counts X and XII of their Amended Complaint, the Plaintiffs assert claims pursuant to 42 U.S.C. § 1983.

"To state a viable claim under § 1983, 'a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Lauderdale v. Tex. Dep't Crim. Justice*, 512 F.3d 157 (5th Cir. 2007) (*quoting Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (1994)); *See also Mollaghan v. Varnell*, 105 So. 3d 291 (Miss. 2012)).

In defining what constitutes "under the color of state law", the 5th Circuit has held that "'Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under

---

[2] Mississippi Rule of Civil Procedure 8(a)(1) includes the same requirement.

the color of state law.'" *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (*quoting United States v. Causey*, 185 F.3d 407, 415 (5th Cir. 1999)). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (*quoting American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 143 L.Ed. 2d 130, 119 S.Ct. 977 (1999)). "A plaintiff must show that the party charged with depriving the plaintiff of her federal right is an entity that can be fairly described as a state actor." *Id.* (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 73 L. Ed. 2d 482, 102 S. Ct. 2744 (1982)).

Courts have applied multiple tests in assessing whether one is a state actor including the "nexus" test, the "state compulsion" test, and the "public function" test. *See Landry v. A-Able Bonding*, 75 F.3d 200, 204 n. 2 (5th Cir. 1996) (holding that bail bondsman making an out of state arrest was not a state actor and no subject to liability under § 1983); *See also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449, 453, 42 L. Ed. 2d 477 (1974) (applying the "nexus" test, which asks whether the relationship between the party's actions and the state is such that the party's actions may be fairly treated as that of the state itself); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170-71, 90 S. Ct. 1598, 1615, 26 L. Ed. 2d 142 (1970) (applying the "state compulsion" test, which asks whether the state has exercised such coercive power or significant encouragement that the party's actions must be deemed to be that of the state); *Terry v. Adams*, 345 U.S. 461, 475-77, 73 S. Ct. 809, 816-17, 97 L. Ed. 1152

(1953) (applying the "public function" test, which asks whether the party exercised powers that are traditionally the exclusive prerogative of the state).

In the present case, the Plaintiff has failed to allege facts tending to show that Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi fits within any previously defined test for defining a state actor and has failed to allege facts tending to show that Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi acted under color of state law. *See Webb v. Morella*, 2013 U.S. App. 7393 (5th Cir. 2013) (*citing S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) ("In the context of a 12(b)(6) motion in a section 1983 suit, the focus should be whether the complaint properly sets forth a claim of a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States caused by persons acting under color of state law.")). Accordingly, this Defendant asserts that Plaintiffs § 1983 claims should be dismissed as to Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi.

### C. *Intentional Torts Alleged*

Plaintiffs allege the following intentional torts in their complaint: Intentional Inflict of Emotional Distress (Count XIV); the Common Law Tort of Outrage (Count XVI); Civil Conspiracy (Count XIX); Malicious Prosecution (Count XX); False Arrest and False Imprisonment (Count XXI); Civil Assault (Count XXII); Civil Battery (Count XXIII); and Abuse of Process (Count XXIV).

Miss Code Ann. § 15-1-35 states that:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be

commenced within one (1) year next after the cause of such action accrued, and not after.

Notably, the statute expressly includes assault, battery, and false imprisonment. Miss Code Ann. § 15-1-35.

Mississippi appellate Courts have likewise held that this statute applies to claims for false arrest, malicious prosecution, intentional infliction of emotional distress, and civil conspiracy. *See City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990) (applying the one year statute of limitations to claim of false arrest and malicious prosecution); *See also Brown v. Harrah's Entertainment, Inc.*, 14 So. 3d 827 (Miss. Ct. App. 2009) (false arrest subject to one year statute of limitations); *Jones v. Fluor Daniels Services Corp.*, 32 So. 3d 417 (Miss. 2010) (intentional infliction of emotional distress subject to one year statute of limitations); *McGuffie v. Herrington*, 966 So. 2d 1274 (Miss. Ct. App. 2007) (*citing Gasparrini v. Bredemeier*, 802 So. 2d 1062, 1065-66 (Miss Ct. App. 2001)) (applying one year statute of limitations to claims for civil conspiracy). In addition, abuse of process has been held to be subject to the one year statute of limitations by Federal Courts applying Mississippi law. *See Sullivan v. Boyd Tunica, Inc.*, 2007 U.S. Dist. LEXIS 11499 (N.D. Miss. 2007) (*citing Suthoff v. Yazoo County Indus. Dev. Corp.*, 722 F.2d 133, 136 (5th Cir. 1983)).

As to Plaintiff's claim for "Outrage", Mississippi has not previously recognized this as a separate tort, though "outrageous conduct"[3] is one element of a claim for intentional infliction of emotional distress. See *Carter v. Reddix*, 2012 Miss. App.

---

[3] The Plaintiffs' claim for "Outrage" refers repeatedly to "outrageous conduct" and also refers to "psychological and emotional well-being." (Document 1-1, p. 90 of 117).

LEXIS 813 (Miss. Ct. App. 2012) (*citing J.R. ex rel R.R. v. Malley*, 62 So. 2d 3d 902, 906 (Miss. 2011)). The Defendant asserts that "outrageous conduct" as plead in the Plaintiffs' Complaint is nothing more than one element of Intentional Infliction of Emotional Distress, which is subject to the one year statute of limitations in Mississippi. *See Jones v. Fluor Daniels Services Corp.*, 32 So. 3d 417 (Miss. 2010). To the extent that it is found to be a separate tort, it is clearly alleged to be an intentional tort and is thus subject to Miss Code Ann. § 15-1-35.[4] *Id.*

In the present matter, the underlying acts occurred on November 27, 2011, but the original Complaint was not filed until April 5, 2013. (Document 1-1, p. 7). As to Plaintiffs' claim for malicious prosecution, the Complaint fails to state a date on which the it is alleged criminal proceedings were terminated in the Plaintiffs' favor (it is not even stated for certain that such proceedings were terminated in the Plaintiffs' favor as to each separate Plaintiff) and as such, Plaintiffs have failed to adequately plead this claim pursuant to Federal Rule of Civil Procedure Rule 8(a)(2).[5] (See Document 1-1, p. 93 of 117).

Therefore, all of Plaintiffs' claims for intentional torts should be dismissed as to Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino Biloxi.

### III. CONCLUSION

Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino Biloxi asserts that the Plaintiffs have failed to adequately plead a claim for negligence per se.

---

[4] In fact, the Amended Complaint expressly uses the phrase "premeditated abuse of authority." (Document 1-1, p. 90 of 117).

[5] Mississippi Rule of Civil Procedure 8(a)(1) includes the same requirement.

Further, Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi has not been properly pled to be a state actor and subject to suit under 42 U.S.C. § 1983. Finally, the Plaintiffs claims for Intentional Inflict of Emotional Distress (Count XIV); the Common Law Tort of Outrage (Count XVI); Civil Conspiracy (Count XIX); Malicious Prosecution (Count XX); False Arrest and False Imprisonment (Count XXI); Civil Assault (Count XXII); Civil Battery (Count XXIII); and Abuse of Process (Count XXIV) are all time barred as to this Defendant (and to this end, Plaintiffs claim for malicious prosecution is not adequately pled). Accordingly, this Defendant respectfully requests that these claims be dismissed with prejudice as to Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino Biloxi.

This the 15th day of May, 2013.

Respectfully submitted,

PREMIER ENTERTAINMENT BILOXI LLC
D/B/A HARD ROCK HOTEL & CASINO BILOXI

BY: COPELAND, COOK, TAYLOR & BUSH, P.A.

BY: /s/David W. Stewart
DAVID W. STEWART, MSB No. 9040
M. JASON SUMRALL, MSB No. 102112

## CERTIFICATE

I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Thomas Bellinder, Esq.

Tere R. Steel, Esq.

Further, I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Warren L. Martin, Jr., Esq.

So certified, this the 15th day of May, 2013.

/s/David W. Stewart
DAVID W. STEWART
Mississippi Bar No. 9040
M. JASON SUMRALL
Mississippi Bar No. 102112

David W. Stewart
dstewart@cctb.com
M. Jason Sumrall
msumrall@cctb.com
COPELAND, COOK, TAYLOR & BUSH, P.A.
Post Office Box 10
Gulfport, MS 39502
(228) 863-6101
(228) 863-1884 (fax)