# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JASON JORDAN; ALYSSA JORDAN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF UNBORN
BABY JORDAN, DECEASED AND ON BEHALF OF ALL
OF THE HEIRS AND LAW AND WRONGFUL DEATH
BENEFICIARIES OF UNBORN BABY JORDAN, DECEASED;
AND CHRISTOPHER SOUKUP**           **PLAINTIFFS**

**v.**           **CIVIL ACTION NO. 1:13CV195 LG-JMR**

**PREMIER ENTERTAINMENT BILOXI, LLC d/b/a
HARD ROCK HOTEL & CASINO BILOXI; THE CITY
OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA
HAMILTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE
DEFENDANT FIVE AND DOE DEFENDANTS 6-10**          **DEFENDANTS**

## ANSWER

COMES NOW Defendant, City of Biloxi, and for its answer to the First Amended Complaint filed herein would answer and show as follows, to-wit:

### FIRST DEFENSE

The First Amended Complaint fails to state a claim against Defendant upon which relief can be granted. Further, this Court lacks jurisdiction hereof.

### SECOND DEFENSE

Defendant answers the allegations of the First Amended Complaint filed herein paragraph by paragraph, as follows:

1. It is admitted that personal jurisdiction and venue are proper in the United States District Court for the Southern District of Mississippi, Southern Division. The remaining allegations of

paragraph 1 are denied.

2. It is admitted that the United States District Court for the Southern District of Mississippi, Southern Division has personal jurisdiction over Defendant. The remaining allegations of paragraph 2 are denied.

3. It is admitted that venue is proper in the United States District Court for the Southern District of Mississippi, Southern Division. The remaining allegations of paragraph 3 are denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and would therefore deny the same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and would therefore deny the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and would therefore deny the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and would therefore deny the same.

8. It is admitted that the City of Biloxi, Mississippi is a municipality organized and existing under the laws of the state of Mississippi. It is admitted that the City of Biloxi may be served with process by service on its Mayor at 140 Lameuse Street, Biloxi, MS. The remaining allegations of paragraph 8 are denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and would therefore deny the same.

10. It is admitted that Joshua Hamilton is an adult citizen. The remaining allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 are denied.

13. The allegations of paragraph 13 are denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and would therefore deny the same.

15. It is admitted that a notice of claim was addressed to the City of Biloxi, the Biloxi Department of Police, and the Mississippi Attorney General. It is admitted that a copy of the document is attached to the Complaint as Exhibit "A," and that the document speaks for itself. The remaining allegations of paragraph 15 are denied.

16. It is admitted that a fight occurred in the Hard Rock in Biloxi involving Plaintiffs and others on or about November 27, 2011. It is admitted that the Hard Rock is located at 777 Beach Boulevard, Biloxi, Mississippi. The remaining allegations of paragraph 16 are denied.

17. It is admitted that a fight occurred in the Hard Rock in Biloxi involving Plaintiff Soukoup and others on or about November 27, 2011. The remaining allegations of paragraph 17 are denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and would therefore deny the same.

19. The allegations of paragraph 19 are denied.

20. It is admitted that Biloxi police officers arrived at the Hard Rock. The remaining allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. It is admitted that Plaintiff Jason Jordan's pants became dislodged. It is admitted that Plaintiff Alyssa Jordan was arrested. The remaining allegations of paragraph 25 are denied.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 that Alyssa Jordan was pregnant and would therefore deny the same. The remaining allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. It is admitted that Plaintiff Jason Jordan was placed in a police vehicle. The remaining allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and would therefore deny the same.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied. It is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

39. The allegations of paragraph 39 are denied. It is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

40. The allegations of paragraph 40 are denied. It is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

41. The allegations of paragraph 41 are denied. It is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

42. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 41. The remaining allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 46 are denied.

47. The allegations of paragraph 47 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of

paragraph 47 are denied.

48. The allegations of paragraph 48 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 49 are denied.

50. The allegations of paragraph 50 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 51 are denied.

52. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 51. The remaining allegations of paragraph 52 are denied.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 that Alyssa Jordan was pregnant and would therefore deny the same. The remaining allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief at all.

55. The allegations of paragraph 55 are denied.

56. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 55. The remaining allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 and each subparagraph contained therein do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 58 are denied.

59. The allegations of paragraph 59 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 59 are denied.

60. The allegations of paragraph 60 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 do not appear to relate to this Defendant and no answer is required of this Defendant. To the extent Defendant is mistaken in this belief, the allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

65. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 64. The remaining allegations of paragraph 65 are denied.

66. The allegations of paragraph 66 are denied, and it is further denied that Plaintiffs are entitled to any relief prayed for or any relief whatsoever.

67. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 66. The remaining allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 and all subparagraphs thereunder are denied, and it is further denied that Plaintiffs are entitled to any relief prayed for or any relief whatsoever.

69. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 68. The remaining allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are denied.

71. The allegations of paragraph 71 are denied.

72. The allegations of paragraph 72 are denied.

73. The allegations of paragraph 73 are denied.

74. The allegations of paragraph 74 are denied.

75. The allegations of paragraph 75, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

76. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 75. The remaining allegations of paragraph 76 are denied.

77. The allegations of paragraph 77 are denied.

78. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 77. The remaining allegations of paragraph 78 are denied.

79. The allegations of paragraph 79 are denied.

80. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 79. The remaining allegations of paragraph 80 are denied.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and would therefore deny the same.

82. The allegations of paragraph 82 are denied.

83. The allegations of paragraph 83 are denied, and it is further denied that Plaintiffs are entitled to the relief requested or any relief whatsoever.

84. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 83. The remaining allegations of paragraph 84 are denied.

85. The allegations of paragraph 85 are denied.

86. The allegations of paragraph 86 are denied.

87. The allegations of paragraph 87 are denied.

88. The allegations of paragraph 88 are denied.

89. The allegations of paragraph 89 are denied.

90. The allegations of paragraph 90 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

91. The allegations of paragraph 91 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

92. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 91. The remaining allegations of paragraph 92 are denied.

93. The allegations of paragraph 93 are denied.

94. The allegations of paragraph 94 are denied.

95. The allegations of paragraph 95 are denied.

96. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 95. The remaining allegations of paragraph 96 are denied.

97. The allegations of paragraph 97 are denied.

98. The allegations of paragraph 98 are denied.

99. The allegations of paragraph 99 are denied.

100. The allegations of paragraph 100 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

101. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 100. The remaining allegations of paragraph 101 are denied.

102. The allegations of paragraph 102 are denied.

103. The allegations of paragraph 103 are denied.

104. The allegations of paragraph 104 are denied.

105. The allegations of paragraph 105 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

106. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 105. The remaining allegations of paragraph 106 are denied.

107. The allegations of paragraph 107 are denied.

108. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 107. The remaining allegations of paragraph 108 are denied.

109. The allegations of paragraph 109 are denied.

110. The allegations of paragraph 110 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

111. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 110. The remaining allegations of paragraph 111 are denied.

112. The allegations of paragraph 112 are denied.

113. The allegations of paragraph 113 are denied.

114. The allegations of paragraph 114 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

115. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 114. The remaining allegations of paragraph 115 are denied.

116. It is admitted that Defendant City of Biloxi had the authority to hire, fire, and discipline employees, including police officers. The remaining allegations of paragraph 116 are denied.

117. The allegations of paragraph 117 are denied.

118. The allegations of paragraph 118 are denied.

119. The allegations of paragraph 119 are denied.

120. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 119. The remaining allegations of paragraph 120 are denied.

121. The allegations of paragraph 121 are denied.

122. The allegations of paragraph 122 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

123. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 122. The remaining allegations of paragraph 123 are denied.

124. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124 and would therefore deny the same.

125. The allegations of paragraph 125 are denied.

126. The allegations of paragraph 126 are denied.

127. The allegations of paragraph 127 are denied.

128. The allegations of paragraph 128 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

129. The allegations of paragraph 129 are denied.

130. The allegations of paragraph 130 are denied.

131. The allegations of paragraph 131 are denied.

132. The allegations of paragraph 132 are denied.

133. The allegations of paragraph 133 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

134. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 133. The remaining allegations of paragraph 134 are denied.

135. The allegations of paragraph 135 are denied.

136. The allegations of paragraph 136 are denied.

137. The allegations of paragraph 137 are denied.

138. The allegations of paragraph 138 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

139. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 138. The remaining allegations of paragraph 139 are denied.

140. The allegations of paragraph 140 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

141. Defendant adopts and re-alleges all answers and defenses contained herein including paragraphs 1 through 140. The remaining allegations of paragraph 141 are denied.

142. The allegations of paragraph 142 are denied.

143. The allegations of paragraph 143 are denied.

144. The allegations of paragraph 144 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

145. Defendant adopts and re-alleges all answers and defenses contained herein including but not limited to paragraphs 1 through 144. The remaining allegations of paragraph 145 are denied.

146. The allegations of paragraph 146 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

147. Defendant adopts and re-alleges all answers and defenses contained herein including but not limited to paragraphs 1 through 146. The remaining allegations of paragraph 147 are denied.

148. The allegations of paragraph 148 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

149. The allegations of paragraph 149 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

150. The allegations of paragraph 150 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

151. Defendant adopts and re-alleges all answers and defenses contained herein including but not limited to paragraphs 1 through 150. The remaining allegations of paragraph 151 are denied.

152. The allegations of paragraph 152 are denied, and it is further denied that Plaintiffs are entitled to any relief requested or any relief whatsoever.

153. The allegations of paragraph 153 are denied.

154. It is admitted that Plaintiffs have demanded a jury trial, but it is denied that they are entitled to one.

155. Defendant denies the allegations of the unnumbered paragraph of the Amended Complaint immediately following paragraph 154 and beginning "WHEREFORE, PREMISES CONSIDERED." It is further denied that Plaintiffs are entitled to any relief prayed for or any relief whatsoever, and Defendant prays to be dismissed from this suit at Plaintiffs' costs.

**THIRD DEFENSE**

Any alleged damage to Plaintiffs, which is denied, was in whole or in part caused by Plaintiffs' own conduct, intentional and negligent. Defendant hereby raises the defenses of contributory negligence and assumption of the risk.

**FOURTH DEFENSE**

As to Plaintiffs' claims under Mississippi law, Plaintiffs have failed to follow the procedures set forth in Miss. Code Ann. § 11-46-1 et seq., including but not limited to, providing a good and proper notice of claim as required by the Mississippi Tort Claims Act and therefore, the claims are barred.

**FIFTH DEFENSE**

As to Plaintiffs' claims under Mississippi law, the Court lacks jurisdiction as a result of Plaintiffs' failure to comply with the notice requirements under Miss. Code Ann. § 11-46-11.

**SIXTH DEFENSE**

The alleged damages of which Plaintiffs complain were proximately caused by the acts of a person other than this Defendant whose acts constitute the proximate, superseding or independent intervening cause of Plaintiffs' alleged injuries. Alternatively, Defendant seeks apportionment pursuant to Miss. Code Ann. § 85-5-7.

**SEVENTH DEFENSE**

The activities which are alleged are activities which fall within the governmental function of the City of Biloxi, and Defendant is thereby immune from liability under the doctrine of sovereign immunity.

**EIGHTH DEFENSE**

Defendant is exempt from liability on Plaintiff's claims by Miss. Code Ann. § 11-46-9, including but not limited to subsections (1) (a), (b), (c), (d), (e), (f), (g), (h), (j) and (u).

**NINTH DEFENSE**

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert any such defenses.

**TENTH DEFENSE**

To the extent that discovery may reveal that any of the injuries allegedly suffered by Plaintiffs, which are denied, were pre-existing, Defendant raises that defense.

**ELEVENTH DEFENSE**

The activities as alleged do not involve the implementation or execution of a policy, statement, ordinance, regulation, or decision officially adopted and/or promulgated by the City of Biloxi, nor do they implement any custom or usage of the City of Biloxi. Further, the City of Biloxi neither promulgated nor condoned any policy or custom or usage, the implementation of which resulted in any constitutional violation or deprivation to Plaintiffs.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

**THIRTEENTH DEFENSE**

Defendant asserts that any cause of action asserted by Plaintiffs is barred by the applicable statute of limitations.

**FOURTEENTH DEFENSE**

Any alleged detention, arrest and/or imprisonment of Plaintiffs was based on reasonable suspicion and/or probable cause and was conducted in good faith and without malice.

**FIFTEENTH DEFENSE**

Plaintiffs are barred from recovering punitive damages against Defendant.

**SIXTEENTH DEFENSE**

Plaintiffs' Complaint, to the extent that it seeks punitive or exemplary damages, violates certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to the following: the Complaint violates Defendant's protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article III, Section 28 of the Constitution of the State of Mississippi; the Complaint further violates the

Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi; the Complaint violates the Fourteenth Amendment as said Amendment guarantees the Defendant equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendant on the basis of wealth; the Fourth, Fifth and Sixth Amendments form the basis for laws governing the process, convicting and sentencing of criminal defendants and to the extent that the Defendant is subjected to a criminal sanction through punitive damages, the burden of proof required to impose same should be proved "beyond a reasonable doubt", and punitive damages should not be awarded without affording the Defendant the full range of criminal procedural safeguards afforded by the Constitution of the United States; the imposition of punitive damages would further violate Article I, Section X of the Constitution of the United States, and related provisions of the Constitution of the State of Mississippi; and the Defendant further believes that Plaintiffs' Complaint and each cause of action stated therein is barred by Article VI of the United States Constitution.

### SEVENTEENTH DEFENSE

To the extent that discovery may reveal that Plaintiffs failed to mitigate damages, Defendant raises that defense.

### EIGHTEENTH DEFENSE

Plaintiffs are not entitled to a jury trial on any claims against Defendant City of Biloxi under the Mississippi Tort Claims Act.

### NINETEENTH DEFENSE

Plaintiffs lack standing to prosecute this lawsuit.

**TWENTIETH DEFENSE**

To the extent that discovery may reveal that Plaintiffs are not the real parties in interest, Defendant raises that defense.

**TWENTY-FIRST DEFENSE**

To the extent that discovery may reveal that Plaintiffs have not been properly authorized to prosecute this lawsuit, Defendant raises that defense.

**TWENTY-SECOND DEFENSE**

To the extent that discovery may reveal that Plaintiffs have failed to join an indispensable party, Defendant raises that defense.

**TWENTY-THIRD DEFENSE**

All actions of Defendant were lawful and reasonable under the circumstances presented and under the United States Constitution.

**TWENTY-FOURTH DEFENSE**

The actions of Defendant were not in reckless disregard of the safety and well being of Plaintiffs. Further, Plaintiffs were engaged in criminal, wrongful or unlawful activity.

**TWENTY-FIFTH DEFENSE**

Any detention of Plaintiffs was objectively reasonable in its nature, purpose, extent, and duration.

**TWENTY-SIXTH DEFENSE**

Any detention of Plaintiffs was based on a duty to respond to reports of criminal activity.

Having fully answered, Defendant prays that the Complaint against it will be dismissed with prejudice at the cost of Plaintiffs, and that Defendant will be afforded any other relief to which it is entitled.

This the 15th day of May, 2013.

               Respectfully submitted,

               CITY OF BILOXI

       BY: PAGE, MANNINO, PERESICH
          & McDERMOTT, P.L.L.C.

       BY: s/ Tere R. Steel
          TERE R. STEEL (MSB #5332)
          RONALD G. PERESICH (MSB#4113)

PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.
759 Vieux Marché Mall
Post Office Drawer 289
Biloxi, MS 39533
Telephone: (228) 374-2100
Facsimile: (228) 432-5539
E-mail: tere.steel@pmp.org
E-mail: rpg@pmp.org

**CERTIFICATE OF SERVICE**

  I, TERE R. STEEL, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., do hereby certify that, on this date, I electronically filed the foregoing ANSWER with the Clerk of the Court using the ECF system which sent electronic notice of such filing to Thomas Bellinder, Esq. at his email address of thomas.bellinder@gmail.com; to David W. Stewart, Esq. at his email address of dstewart@cctb.com; and to M. Jason Sumrall, Esq. at his email address of msumrall@cctb.com. Further, I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant: Warren L. Martin, Jr., Esq., Warren L. Martin, Jr., P.A., Post Office Box 1870, Jackson, MS 39215.

  THIS the 15th day of May, 2013.

                s/Tere R. Steel
                TERE R. STEEL

PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.
759 Vieux Marche' Mall
Post Office Drawer 289
Biloxi, Mississippi 39533
Telephone: (228) 374-2100
Facsimile: (228) 432-5539
Email: tere.steel@pmp.org
Email: rgp@pmp.org