IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JASON JORDAN; ALYSSA JORDAN,**
**Individually and on behalf of the**
**Estate of Unborn Baby Jordan,**
**Deceased, and on behalf of all the heirs**
**and law and Wrongful death beneficiaries**
**of Unborn Baby Jordan, Deceased; and**
**CHRISTOPHER SOUKUP**                                    **PLAINTIFFS**

**v.**                                         **CAUSE NO. 1:13CV195-LG-JMR**

**PREMIER ENTERTAINMENT BILOXI,**
**LLC, doing business as Hard Rock Hotel**
**& Casino Biloxi; THE CITY OF BILOXI,**
**MISSISSIPPI; DOE DEFENDANT ONE;**
**JOSHUA HAMILTON, in his official and**
**individual capacities; DOE DEFENDANT**
**THREE; DOE DEFENDANT FOUR; DOE**
**DEFENDANT FIVE; and DOE**
**DEFENDANTS 6-10**                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR PARTIAL DISMISSAL**

BEFORE THE COURT is the [15] Motion for Partial Dismissal filed by

Defendant Premier Entertainment Biloxi, LLC, doing business as Hard Rock Hotel

& Casino Biloxi (hereinafter "Hard Rock Hotel & Casino") pursuant to Federal Rule

of Civil Procedure 12(b)(6). The plaintiffs, Jason Jordan, Alyssa Jordan, who sues

individually and on behalf of her deceased unborn child, and Christopher Soukup,

have filed a response in opposition to the Motion. Hard Rock Hotel & Casino has

filed a rebuttal. Having reviewed the pleadings and the relevant law, it is the

opinion of the Court that the Motion should be granted.

## BACKGROUND

Jason Jordan, Alyssa Jordan, and Christopher Soukup claim that they were injured by Hard Rock Hotel and Casino security guards and officers of the Biloxi Police Department during an altercation that occurred at the casino on November 27, 2011.  The plaintiffs also allege that the unborn child of Jason and Alyssa Jordan died as a result of the altercation.  In their First Amended Complaint, the plaintiffs attempt to assert the following claims: (1) premises liability, (2) wrongful death, (3) negligence and negligence per se, (4) gross negligence, (5) negligent hiring, retention, supervision, and control, (6) res ipsa loquitur, (7) respondeat superior, (8) agency, (9) loss of consortium, (10) a general allegation of violation of civil rights pursuant to 42 U.S.C. § 1983, (11) failure to implement appropriate policies, customs, and practices in violation of 42 U.S.C. § 1983, (12) negligent infliction of emotional distress, (13) intentional infliction of emotional distress, (14) breach of non-delegable fiduciary duty, (15) the common law tort of outrage, (16) reckless disregard for the rights and safety of others, (17) negligent failure to discipline or take necessary corrective action; (18) civil conspiracy; (19) malicious prosecution; (20) false arrest and false imprisonment; (21) civil assault; (22) civil battery; and (23) abuse of process.[1]  The plaintiffs seek economic damages, non-economic damages, and punitive damages.

Hard Rock Hotel & Casino moves to dismiss the complaint in part.

---

[1] The First Amended Complaint purports to assert twenty-four causes of action, but the causes of action are misnumbered.

Specifically, it seeks dismissal of the plaintiffs' negligence *per se* claim, the § 1983 claims, and the intentional tort claims.

## DISCUSSION

### The Legal Standard

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true all well-pleaded facts and views them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.)

### Negligence Per Se

Hard Rock Hotel & Casino moves to dismiss the plaintiffs' negligence *per se* claim on the grounds that the claim "fails as a matter of law as the Plaintiff has not identified a statute or regulation that was violated by this Defendant." (Mot. for Partial Dismissal 2, ECF No. 9). Count III of the First Amended Complaint alleges claims of negligence and negligence *per se*. (First Am. Compl. 13-15 (¶¶56-64), ECF No. 1-1). The plaintiffs allege that the defendants were negligent in that they failed

"to exercise reasonable care to protect invitees from reasonably foreseeable injuries," and "to provide adequate security" and "security personnel" at the Hard Rock, and "by failing to take or implement reasonable measures for the personal security and safety of the Plaintiffs, . . . to warn [them] of the foreseeable harm they suffered, and by failing to reasonably inspect and make safe the premises[.]" (*Id.* at 14 (¶62)).  With respect to the claim of negligence *per se*, the First Amended Complaint states:

> To the extent that one of [sic] more of these Defendants, through their act(s) and/or omission(s) violated a Mississippi statute in the operation of the casino, night club and police department at issue, and (i) the Plaintiffs were in the class of persons the statute was designed to protect and (ii) the injuries they sustained were of a type the statue [sic] was designed to prevent, then these Defendants are *per se* negligent.

(*Id.* at 14-15 (¶63)).  As Hard Rock Hotel & Casino submits, however, the plaintiffs do not cite a specific statute that is alleged to have been violated.  In response to the Motion, the plaintiffs argue that "[i]n order to set forth the full extent of the violation of a Mississippi statute, including the violation as well as the statutory authority, requires proof outside of the four corners of the Plaintiff's complaint." (Pls. Mem. 7, ECF No. 15).  The plaintiffs do not submit any other argument regarding the negligence *per se* claim; nor do they point to which Mississippi statute they contend has been violated by the defendants.

The Mississippi Court of Appeals has explained that "[n]egligence *per se* is founded on the violation of a statutory standard, usually a penal one." *Moore v. K &*

-4-

*J Enter.*, 856 So. 2d 621, 624 (¶5) (Miss. Ct. App. 2003).  To prevail on such a claim, the plaintiffs must show that: (1) they are "member[s] of the class sought to be protected under the statute;" (2) that their "injuries were of a type sought to be avoided by the statute;" and (3) "that the violation of the statute proximately caused or contributed to [their] injuries."  *Id.* (citing *Brennan v. Webb*, 729 So. 2d 244, 249 (Miss. Ct. App. 1998)).  The Court finds that, even when viewing the complaint in the light most favorable to the plaintiffs, the plaintiffs have not sufficiently plead their claim of negligence *per se* under Mississippi law.  They have not pointed to, or even alleged, a violation of any particular statute, and therefore the Court has no basis on which to draw an inference that the defendants could be liable for negligence *per se.  See Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.) Accordingly, this claim is dismissed.

**Section 1983 Claims**

The First Amended Complaint alleges that the defendants violated the plaintiffs' Fourth and Fourteenth Amendment rights, and are liable for damages under 42 U.S.C. § 1983. (First Am. Compl. 19-22 (¶¶84-95)).  Hard Rock Hotel & Casino moves to dismiss the plaintiffs' § 1983 claims on the grounds that the plaintiffs have not alleged facts tending to show that Hard Rock acted under color of state law.  Hard Rock Hotel & Casino also argues that the plaintiffs' allegations do not show that it meets any definition of "state actor."  (Def. Mem. 6, ECF No. 10).

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under color of law deprived him of a right secured by the Constitution or laws of the

United States.  *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997); *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984).  This analysis consists of two separate inquiries: (i) whether there was a deprivation of a constitutional right and (ii) whether the defendants acted under color of state law.  *See Lugar v. Edmondson Oil Co., Inc.* 457 U.S. 922, 931 (1982) (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978) (additional citation omitted)).  For purposes of § 1983, state action and color of state law are treated as the same thing.  *See Lugar*, 457 U.S. at 929.

Hard Rock Hotel & Casino is a private party.  The United States Supreme Court has held that the "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (citation omitted); *see also Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).  Thus, unless there is a facially plausible claim that Hard Rock Hotel & Casino acted under color of state law, it will not be liable for claims brought pursuant to § 1983.

In certain circumstances, private parties may be liable under § 1983 where they have engaged in state action for purposes of the Fourteenth Amendment.  "Private action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be 'fairly attributable to the State.'" *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (quoting *Lugar*, 457 U.S. at 937).  For

conduct to be "fairly attributable" to the state, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* A party may be considered a "state actor" because "he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state." *Id.*

There are several tests used by courts to determine whether a private party's conduct may be charged to the state. *See Bass*, 180 F.3d at 241-42 (citing *Lugar*, 457 U.S. at 937-39) (recognizing public function test, state compulsion test, nexus test, and joint action tests); *see also Richard*, 355 F.3d at 352. The Fifth Circuit has summarized these tests as follows:

> Under the public function test, a private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state. . . . The state compulsion (or coercion) test holds that a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. . . . Under the nexus or joint action test, state action may be found where the government has 'so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the enterprise. . . . Under any formula, however, the inquiry into whether private conduct is fairly attributable to the state must be determined based on the circumstances of each case.

*Bass,* 180 F.3d at 241-42 (internal citations and quotations omitted).

In response to Hard Rock Hotel & Casino's argument that it is not a state actor for purposes of § 1983, the plaintiffs argue that the evidence will prove that Hard Rock "acted as the agent of the City of Biloxi." (Pls. Mem. 8, ECF No. 15). Plaintiffs, however, do not articulate a legal basis on which Hard Rock Hotel & Casino could be considered an "agent" of the City of Biloxi.  The plaintiffs have not attempted to address how Hard Rock Hotel & Casino meets any of the above-described state actor tests.  They have not articulated to the Court, either in their pleadings or in response to the instant Motion, any precedent under which Hard Rock Hotel & Casino, or its employees, could be considered state actors.  Nor have they pointed to any facts in their First Amended Complaint that could be relevant to show that  Hard Rock Hotel & Casino's conduct is fairly attributable to the City.[2]

The plaintiffs' repeated assertion that they will prove that Hard Rock is an "agent" of the City of Biloxi is essentially a legal conclusion, and not sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.)  They have not attempted to explain how the discovery will demonstrate that Hard Rock Hotel & Casino acted under color of law, or could be considered a state actor, as defined in the case law interpreting § 1983.  The plaintiffs have not set

---

[2] The plaintiffs also claim that they believe "further serious violations of statutory and constitutional rights are certain to be unearthed" in discovery.  (Pls. Mem. 9).  However, they still do not point to any facts alleged in the complaint that would support their argument that Hard Rock Hotel & Casino is a state actor, or explained how the discovery could demonstrate that Hard Rock Hotel & Casino acted under color of law for purposes of § 1983 liability.

forth any basis on which the Court can infer that Hard Rock Hotel & Casino acted under color of law, and therefore the § 1983 claims are not sufficiently plead. Therefore, the plaintiffs' § 1983 claims against Hard Rock Hotel & Casino are dismissed.

**Intentional Tort Claims**

The plaintiffs' complaint alleges several intentional tort claims, including intentional infliction of emotional distress (Count XIV); the "common law tort of outrage" (Count XVI); civil conspiracy (Count XIX); malicious prosecution (Count XX); false arrest and false imprisonment (Count XXI); civil assault (Count XXII); civil battery (Count XXIII); and abuse of process (Count XXIV).  (Compl. 22-29, ECF No. 1-1).  Hard Rock Hotel & Casino moves to dismiss these claims on the grounds that they are barred by the applicable one-year statute of limitations, and that the plaintiffs have failed to sufficiently plead the malicious prosecution claim.

Section 15-1-35 of the Mississippi Code provides:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

Miss. Code. Ann. § 15-1-35.  Thus, the plaintiffs' civil assault, civil battery, and false imprisonment claims are subject to the one-year statute of limitations. Additionally, Mississippi courts have held that the one-year statute of limitations applies to claims of intentional infliction of emotional distress, civil conspiracy, false

arrest, abuse of process, and malicious prosecution.[3]  *See Jones v. Fluor Daniel Servs. Corp.,* 32 So. 3d 417, 423 (Miss. 2010) (intentional infliction of emotional distress); *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840-41 (S.D. Miss. 2011) (citing *McGuffie v. Herrington*, 966 So.2d 1274, 1278 (Miss. Ct. App. 2007) (civil conspiracy and abuse of process); *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990) (false arrest); *Bankston v. Pass Rd. Tire Ctr., Inc.*, 611 So. 2d 998, 1003 (Miss. 1992) (citing *Johnson*, 562 So. 2d at1218 (malicious prosecution).

In response to the instant Motion, the plaintiffs argue that there are "outstanding discovery issues relevant to whether or not Defendant was the agent" of the City of Biloxi, and in the event there is such an agency relationship, the intentional tort claims would be subject to a six-year statute of limitations.  (Pl. Mem. 9-10, ECF No. 15).  However, the plaintiffs do not cite any precedent in which an entity such as Hard Rock Hotel & Casino has been subject to a six-year statute of limitations under such an "agency" theory.[4]

---

[3] The Mississippi Supreme Court has recognized that a claim for "outrage" is "the same tort" as intentional infliction of emotional distress.  *Speed v. Scott*, 787 So. 2d 626, 629 (¶11) (n. 1) (Miss. 2001) (citing Restatement (Second) of Torts § 46 (1965)).  Therefore, the same statute of limitations would apply to both claims.

[4] The only case cited by the plaintiffs in support of this argument is *Shaw v. McCorkle*, 537 F.2d 1289 (5th Cir. 1976).  *Shaw*, however, dealt with an action against Mississippi highway patrolmen and their surety, and was determined to be an action in contract.  *Id.* at 1294.  It is inapplicable to this case.

The Court finds that, under the authorities discussed above, all of the alleged intentional torts are subject to a one-year statute of limitations.  All of the plaintiffs' intentional torts claims, except for the malicious prosecution claim, accrued on or about November 27, 2011, the date of the incident at the Hard Rock Hotel & Casino and the alleged harm.  The one-year statute of limitations for those claims, therefore, ran on or about November 27, 2012.  The plaintiffs filed their initial complaint in the Circuit Court of Harrison County several months later, on April 5, 2013.  Accordingly, those intentional tort claims are barred by the statute of limitations and are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The plaintiffs' claim of malicious prosecution requires further analysis, because such a cause of action accrues on the day the criminal proceedings are terminated in favor of the plaintiff.[5]  *Coleman v. Smith*, 841 So. 2d 192, 194 (¶4) (Miss. Ct. App. 2003).  In their First Amended Complaint, the plaintiffs do not state what criminal proceedings were instituted against them.  According to the facts in the complaint, Biloxi police officers handcuffed Jason Jordan and put him into a "police SUV," but the complaint does not provide any information about what criminal statute Jordan was charged with violating, or any criminal proceedings. (Compl. 7, ECF No. 1-1).  The complaint also alleges that Christopher Soukup was handcuffed and detained by security personnel at the Hard Rock Hotel & Casino,

---

[5] The Court notes that this is in contrast to an abuse of process claim, which accrues at the time the acts complained of are committed.  *See Hyde Const. Co. v. Koehring Co.,* 321 F. Supp. 1193, 1207 (S.D. Miss. 1969).

but does not appear to allege that any criminal charges were brought against him. The complaint simply states that "[u]pon information and belief the charges were subsequently dismissed in favor of Plaintiffs," but those charges are unspecified, and the complaint does not provide a date on which they were dismissed. (Compl. 27 (¶126), ECF No. 1-1). The plaintiffs have not submitted any information regarding the criminal proceedings, or their termination, in response to the instant Motion. Therefore, the Court cannot determine, based on the record before it, whether the malicious prosecution claim was filed within the statute of limitations. Viewing the pleadings in the light most favorable to the plaintiffs, the Court will not dismiss the malicious prosecution claim for a failure to comply with the statute of limitations.

However, Hard Rock Hotel & Casino moves to dismiss the plaintiffs' malicious prosecution claim on the additional ground that the complaint fails to satisfy Federal Rule of Civil Procedure 8(a)(2). That rule requires that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To establish a claim for malicious prosecution under Mississippi law, a plaintiff must prove: (1) the institution of civil or criminal proceedings by the defendant; (2) termination of the proceedings in the plaintiff's favor; (3) malice in instituting the proceedings; (4) want of probable cause; and (5) damages. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 693 (5th Cir. 2010) (citations omitted). This Court reviews the plaintiffs' First Amended Complaint under the standard set forth

in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which require that a plaintiff plead sufficient facts to state a claim for relief that is facially plausible.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.)  The requirement of plausibility "asks for more than a sheer possibility that a defendants has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of an entitlement to relief.'" *Id.*

The Court finds that the plaintiffs have not stated a facially plausible claim for malicious prosecution.  The plaintiffs' First Amended Complaint does not specify what, if any, criminal proceedings were instituted against the plaintiffs, or how or when those proceedings were terminated in their favor.  Nor do they provide this information in response to the Motion for Partial Dismissal.  In response to the Motion, the plaintiffs do not cite any alleged facts with respect to the malicious prosecution claim, but rely solely on their argument that Hard Rock is an agent of the City of Biloxi.  This argument amounts to a legal conclusion, and is not sufficient to demonstrate any entitlement to relief on this claim.  Accordingly, this claim is dismissed.

CONCLUSION

For the reasons set forth above, the Motion for Partial Dismissal is granted. The plaintiffs' claims pursuant to 42 U.S.C. § 1983 against Defendant Hard Rock Hotel & Casino are dismissed without prejudice.  The plaintiffs' state law claims of negligence *per se* and malicious prosecution are also dismissed without prejudice. Finally, the plaintiffs' claims of intentional infliction of emotional distress, the common law tort of outrage, civil conspiracy, malicious prosecution, false arrest, false imprisonment, civil assault, civil battery, and abuse of process are dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [15] Motion for Partial Dismissal filed by Defendant Premier Entertainment, LLC, doing business as Hard Rock Hotel & Casino Biloxi, is **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 13th day of March, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE