IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JASON JORDAN; ALYSSA JORDAN, Individually and on behalf of the Estate of Unborn Baby Jordan, Deceased, and on behalf of all the heirs and law and wrongful death beneficiaries of Unborn Baby Jordan, Deceased; and CHRISTOPHER SOUKUP | PLAINTIFFS |
| v. | CAUSE NO. 1:13CV195-LG-JCG |
| PREMIER ENTERTAINMENT BILOXI, LLC, doing business as Hard Rock Hotel & Casino Biloxi; THE CITY OF BILOXI, MISSISSIPPI; DOE DEFENDANT ONE; JOSHUA HAMILTON, in his official and individual capacities; DOE DEFENDANT THREE; DOE DEFENDANT FOUR; DOE DEFENDANT FIVE; and DOE DEFENDANTS 6-10 | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT PREMIER ENTERTAINMENT BILOXI LLC'S
MOTIONS FOR SUMMARY JUDGMENT**

BEFORE THE COURT are the following Motions filed by Defendant Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino Biloxi ("Hard Rock" or "Defendant"): [99] Motion for Summary Judgment as to All Claims of Alyssa Jordan; [101] Motion for Summary Judgment as to All Claims of Jason Jordan; [103] Motion for Summary Judgment as to All Claims of Christopher Soukop; and [105] Motion for Summary Judgment as to Alyssa Jordan's Wrongful Death Claim.

Based on the evidence before it, the Court finds that Hard Rock's Motions for Summary Judgment should be granted. Hard Rock met its summary judgment burden on multiple claims which Plaintiffs have not addressed. Specifically,

Plaintiffs failed to come forward with any evidence to create a genuine issue of material fact on their claims for premises liability, breach of fiduciary duty, and wrongful death.

Hard Rock is also entitled to summary judgment on Plaintiffs' negligence and reckless disregard claims with respect to alleged mistreatment at the hands of Hard Rock security personnel. Those claims seek to recover for intentional torts, and, thus, are barred by the one-year statute of limitations.

Furthermore, Hard Rock met its summary judgment burden on Plaintiffs' claims for "negligent hiring, retention, supervision, and control" and "negligent failure to discipline or take necessary corrective action," and none of the evidence submitted by Plaintiffs in their responses shows the existence of a genuine issue for trial on these claims.

Finally, the Jordan Plaintiffs cannot state a derivative loss of consortium claim where none of their underlying claims survive summary judgment. Hard Rock's Motions for Summary Judgment should be granted and all of Plaintiffs' claims dismissed based on Plaintiffs' failure to carry their summary judgment burden and because the claims are barred by the applicable statute of limitations.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs Jason Jordan, Alyssa Jordan, and Christopher Soukup claim that they were injured by Hard Rock security guards and officers of the Biloxi Police Department during an altercation that occurred at the casino on November 27, 2011. They also allege that the unborn child of Jason and Alyssa Jordan died as a

result of the altercation.

Plaintiffs were attending an informal social gathering of United States Air Force personnel at The Ledge Lounge inside the Hard Rock when an intoxicated Jason Jordan began arguing with another member of the group, "Airman Dorack." There is no dispute that only members of the Air Force group were involved in the initial confrontation between Jason Jordan and Airman Dorack "up to the point that Hard Rock security entered The Ledge to respond to it . . . ." (Jason Jordan Dep. 69:20-70:1, Ex. B to Def's. Mot., ECF No. 99-2). Christopher Soukup, who was also with the group, testified that he became involved when he saw Airman Dorack "becoming verbally confrontational and visibly agitated" with Jason Jordan. (Soukup Dep. 79:3-5, Ex. D to Def's. Mot., ECF No. 99-4). Soukup stepped in and physically separated the two and "attempted to get Jordan out of the nightclub[.]" (*Id.* at 79:6-13).

Plaintiffs' allegations against Hard Rock all stem from what happened when Hard Rock security personnel intervened in the altercation. Plaintiffs allege that Jason Jordan and Christopher Soukup were mistreated by the Hard Rock employees and also by the City of Biloxi police once they arrived on the scene. In support of their position, Plaintiffs submit the Affidavit of Dennis Waller,[1] whom

---

[1] While Plaintiffs purported to submit deposition testimony with their summary judgment responses, no deposition pages were attached beyond the first page. Regardless, the Court has considered the deposition testimony quoted in Plaintiffs' responses to the extent relevant to a summary judgment analysis. Plaintiffs also submitted the Waller Affidavit multiple times, but since each Affidavit is identical, the Court will refer to Document 138-1 throughout for ease of

Plaintiffs retained to offer expert testimony as a "police practices consultant and certified legal investigator." (Pls.' Mem. 8, ECF No. 140).

Waller and Plaintiffs claim that Mr. Jordan was rendered unconscious after a Hard Rock security officer placed his entire weight on Mr. Jordan for more than four minutes while Mr. Jordan was in a prone position on the floor until the Biloxi police arrived. They also claim that Hard Rock security officers handcuffed Mr. Soukop, but did not "double lock" the handcuffs, as they should have done to prevent injury. The security officers then removed Mr. Soukup to a small room, where he remained in handcuffs for a period of time before Biloxi police officers removed him.

Plaintiffs originally alleged numerous claims against Hard Rock, including negligence *per se*, claims of constitutional violations brought pursuant to 42 U.S.C. § 1983, and multiple intentional torts, including assault and battery. On March 3, 2014, the Court dismissed Plaintiffs' claims for intentional torts as untimely and also dismissed Plaintiffs' negligence *per se* and § 1983 claims. (Order, ECF No. 67).

Therefore, the following claims against Hard Rock, which the parties do not dispute are governed by Mississippi law, remain: (1) premises liability; (2) wrongful death; (3) negligence; (4) gross negligence; (5) negligent hiring, retention,

---

reference. Hard Rock filed a Motion to Exclude related to portions of the Waller Affidavit. However, the alleged objectionable portions of the Waller Affidavit do not affect this Court's determination that summary judgment should be granted in favor of Hard Rock on all claims.

supervision, and control; (6) loss of consortium; (7) negligent infliction of emotional distress; (8) reckless disregard for the rights and safety of others; (9) breach of non-delegable fiduciary duty; and (10) negligent failure to discipline or take necessary corrective action.[2] Hard Rock has moved for summary judgment as to each of these claims.

## STANDARD OF REVIEW

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). As movant, Defendant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). Defendant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may

---

[2] Plaintiffs' First Amended Complaint also included claims for "res ipsa loquitur," "respondeat superior," and "agency," none of which are causes of action under Mississippi law. Although Plaintiffs sued the City of Biloxi and Officer Hamilton in this action, they have now settled with those Defendants. Even so, Hard Rock is not liable for the actions of any City of Biloxi employee, such as Plaintiffs' allegation that Officer Hamilton used a taser on Plaintiff Jason Jordan, under an agency or *respondeat superior* theory. There is no argument or evidence before the Court of any agency relationship between Hard Rock and the City of Biloxi.

not grant the Motions, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

If Defendant carries its summary judgment burden, the burden shifts to Plaintiffs to show that summary judgment should not be granted. *Celotex*, 477 U.S. at 324-25. Plaintiffs may not rest upon mere allegations in their First Amended Complaint but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca*, 404 F.3d at 940. The mere existence of a factual dispute does not preclude the granting of summary judgment since the requirement is that there be no dispute of *material* fact.[3] *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987).

## DISCUSSION

**Premises liability**

Hard Rock states that Plaintiffs' premises liability claim fails because Hard Rock did not have actual or constructive knowledge of any alleged assailant's violent nature or that an atmosphere of violence existed on the premises. Plaintiffs have not responded to Hard Rock's arguments with respect to their premises

---

[3] For example, Plaintiffs argue that the differing deposition testimony as to what actually transpired between Airman Dorack and Jason Jordan creates an issue of fact surrounding the initial altercation. (*See* Pls.' Mem. 12, ECF No. 142). However, since Plaintiffs' claims are limited to actions taken by Hard Rock security personnel after the initial altercation, any disputed facts related to the initial altercation are not material.

6

liability claim.[4]

"[A] premises owner must employ reasonable care to protect an invitee from 'reasonably foreseeable injuries at the hands of another.'" *Holmes v. Campbell Props., Inc.*, 47 So. 3d 721, 725 (Miss. Ct. App. 2010) (quoting *Newell v. S. Jitney Jungle Co.*, 830 So. 2d 621, 623 (Miss. 2002)). "An assault on the premises is reasonably foreseeable if the defendant had either: (1) actual or constructive knowledge of the assailant's violent nature, or (2) actual or constructive knowledge an atmosphere of violence existed on the premises." *Id.* (citation and quotation marks omitted).

Plaintiffs have not come forward with any evidence to rebut Hard Rock's summary judgment showing, based on Jason Jordan's own deposition testimony, that it did not have knowledge of any assailant's violent nature or that an atmosphere of violence existed on the premises. Accordingly, the Court finds that summary judgment is proper on Plaintiffs' premises liability claim. *See Holmes*, 47 So. 3d at 725.

**Breach of fiduciary duty**

Hard Rock argues that there is no Mississippi law recognizing a fiduciary duty owed to an invitee by a business owner under similar circumstances as those alleged in this action. Again, Plaintiffs have not responded.

---

[4] Hard Rock also argues that Plaintiffs cannot sustain a slip and fall claim, but the Court finds that Plaintiffs are not stating such a claim and, regardless, have not offered any evidence to support such a claim.

"The existence of a fiduciary duty must be established before a breach of that duty can arise." *Merchants & Planters Bank of Raymond v. Williamson*, 691 So. 2d 398, 403 (Miss. 1997). Like Hard Rock, the Court has reviewed Mississippi law and finds no support for the proposition that Hard Rock owed a fiduciary duty to any Plaintiff. Therefore, the Court finds summary judgment is also appropriate on this claim.

**Wrongful death**

Mississippi's wrong death statute provides for damages for the death "of any unborn quick child . . . caused by any real, wrongful or negligent act or omission . . . ." Miss. Code Ann. § 11-7-13. The Mississippi Supreme Court has defined "quick child" as "one that has developed so that it moves within the mother's womb." *66 Fed. Credit Union v. Tucker*, 853 So. 2d 104, 110 (Miss. 2003). Furthermore, to recover damages for wrongful death, a plaintiff is required to prove that the defendant's negligence or wrongful acts caused the decedent's death. *See Wilks v. Am. Tobacco Co.*, 680 So. 2d 839, 842 (Miss. 1996).

Hard Rock presented the affidavit of its medical expert, Dr. William Roberts, in which he states that Alyssa Jordan's fetus was not "quick" at the time of her alleged miscarriage and that, even if the fetus was "quick," the November 2011 incident was not the proximate cause of the miscarriage. (*See* Roberts Aff., Ex. D to Def's. Mot., ECF No. 105-4). Plaintiffs have not offered any evidence in response or otherwise attempted to show that a genuine issue of material facts remains

regarding these issues. Hard Rock is entitled to summary judgment on the wrongful death claim.

**Negligence, gross negligence, negligent infliction of emotional distress, and reckless disregard**

Hard Rock argues that Plaintiffs' negligence and reckless disregard claims are properly categorized as intentional torts, and, thus, are barred by the one-year statute of limitations for intentional torts, Miss. Code Ann. § 15-1-35. Plaintiffs have not made any argument as to why those claims should not be treated as untimely intentional tort claims.

The limitation period in § 15-1-35 "has been interpreted to encompass other intentional acts that are substantially similar to the causes of action enumerated therein." *McGee v. Willbros Const., US, LLC*, No. 5:11-CV-00080-DCB-JMR, 2011 WL 6781434, at *2 (S.D. Miss. Dec. 27, 2011). "Moreover, courts are not bound to accept a plaintiff's style of the cause of action and may look to the 'essence of the action' to determine whether" the one-year statute applies. *Id.* (citation omitted). The rationale behind doing so "is to prevent a plaintiff from mischaracterizing his tort claims in an attempt to escape the statute's reach." *Id.* Thus, a plaintiff's "attempt to re-cast an intentional tort claim as a negligence action will not circumvent the statute of limitations that applies to intentional torts." *Maas v. City of Ocean Springs*, No. 1:11cv287LG-RHW, 2012 WL 2603620, at *3 (S.D. Miss. July 5, 2012). In a case similar to this one, involving allegations of unlawful arrest and assault against a police officer, the Mississippi Supreme Court held that "'language

9

in the complaint alleging negligence was 'of no moment' because the complaint 'stated a claim generically akin to common law assault and battery.'" *Id.* (quoting *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1215 (Miss. 1990)); *see also Howard v. Wilson*, 62 So. 3d 955, 956 (Miss. 2011) (discussing numerous cases where the Mississippi Supreme Court "has prohibited the characterization of an intentional tort as an act of negligence in order to escape the one-year bar").

Plaintiffs' allegations of negligence and reckless disregard related to their treatment at the hands of Hard Rock security personnel are no different. These claims are akin to common law assault and battery. Plaintiffs allege that "[m]oments after the altercation ended, several large males without any insignia or nametags identifying them as security or police or Hard Rock employees, grabbed, restrained and physically assaulted Jason Jordan" and one of them "pinned Jason Jordan to the ground by placing the entirety of his weight onto Jordan's body . . . ." (1st Am. Compl. 6 (¶¶18-19), ECF No. 7-2). They also allege that Soukup "was handcuffed and detained by personnel of the Hard Rock" and that he "suffered a dislocated elbow and a broken wrist at the hands of the Hard Rock employees." (*Id.* at 8 (¶31)). According to Plaintiffs, "[t]hese *physical attacks* resulted in significant physical injuries and emotional distress to Mr. Jordan and Mr. Soukup, including broken wrists, a dislocated elbow[,] numerous scrapes, cuts, bruising, sprains and strains, and potentially permanent nerve damage." (*Id.* at 8 (¶32)) (emphasis added). *Cf. Howard*, 62 So. 3d at 957. As the Mississippi Supreme Court has

recognized, there is no such thing a "negligent assault" or a "negligent battery." *See Howard*, 62 So. 3d at 957.

Accordingly, the statute of limitations bars Plaintiffs' negligence and reckless disregard claims.[5]  Those claims accrued on November 27, 2011, and, thus, the applicable statute of limitations ran on or about November 27, 2012, several months before Plaintiffs instituted legal action in April 2013.[6]

For the same reason, the Court finds that Plaintiffs' claim for negligent infliction of emotional distress is time-barred.  *See Maas v. Moran*, No. 1:11CV287-LG-RHW*,* 2013 WL 4456154, at *9 (S.D. Miss. Aug. 16, 2012).

Finally, the Court rejects Plaintiffs' argument that there are disputes of material fact regarding whether medical personnel should have been requested to examine Mr. Jordan before removing him from the casino, "as well as whether or not the manner and method of removal was proper." (Pls.' Mem. 13, ECF No. 140). Those claims are not against the remaining Defendant, but the City of Biloxi police. (*See* Waller Aff. 5 (¶18), ECF No. 138-1).

---

[5] Any negligence action by Alyssa Jordan would still fail because Hard Rock met its summary judgment burden of showing that there was no genuine issue of material fact that any alleged injury suffered by Mrs. Jordan was not proximately caused by any action of Hard Rock security personnel and Plaintiffs offered no evidence to rebut this showing.  Mrs. Jordan herself testified that she was not injured nor did she seek medical treatment for any physical injury from the incident.

[6]  The Court finds that Plaintiffs have also made negligence claims, separate and apart from their intentional tort claims, that Hard Rock was negligent in its training and supervision of security employees.  Since those claims are not barred by the statute of limitations, the Court addresses them below.

**Plaintiffs' claims related to Hard Rock's training and supervision of employees**

The Court agrees with Hard Rock that Plaintiffs' Count XVII for "Negligent Failure to Discipline or Take Necessary Corrective Action" is redundant of Count V for "Negligent Hiring, Retention, Supervision, and Control." In order to prove their claims of negligent training and supervision, Plaintiffs are required to show that Hard Rock knew or should have known that one or more of its employees allegedly involved in the incident at issue was incompetent or unfit. *Doe ex rel. Brown v. Pontotoc Cnty. Sch. Dist.*, 957 So. 2d 410, 416-17 (Miss. Ct. App. 2007). This requires proof that Hard Rock "had either actual or constructive knowledge of an employee's incompetence or unfitness . . . ." *Id.* at 417.

Where an assault by an employee is alleged, "specific evidence of an employer's actual or constructive knowledge of its employee's dangerous or violent tendencies is necessary in order to create a genuine issue of material fact . . . ." *Holmes*, 47 So. 3d at 729. The mere fact of an altercation occurring is not enough to meet this burden. *Parmenter v. J & B Enters., Inc.*, 99 So. 3d 207, 218 (Miss. Ct. App. 2012); *see also Holmes*, 47 So. 3d at 728-29 ("violent act of an employee standing alone is simply insufficient to defeat summary judgment on an allegation of failure to train[;] specific evidence of an employee's actual or constructive knowledge of its employee's dangerous or violent tendencies is necessary in order to create a genuine issue of material fact on an improper training or supervision theory of liability").

Here, even assuming that one or more Hard Rock employees acted improperly, Plaintiffs present no evidence that any Hard Rock employee had a history of incompetence, unfitness, or violence *and* that Hard Rock had actual or constructive knowledge of the same.  In their First Amended Complaint, Plaintiffs stated that they would "show that over the course of the past several years, there have been numerous complaints made about, but not limited to, incidents of excessive force, violence by officers and security personnel and the failure to provide adequate supervision of employees, police officers and/or security personnel." (1st Am. Compl. 25-26 (¶117), ECF No. 7-2).  However, any such evidence is absent from Plaintiffs' summary judgment responses.

Plaintiffs' citation to deposition testimony of various Hard Rock witnesses with respect to whether Hard Rock security personnel are authorized or trained to make arrests, (*see* Pls.' Mem. 9-11, 16-17, ECF No. 140; Pls.' Mem. 9-11, 13, ECF No. 142), does not change this result.  At most, the cited testimony shows that there is an issue of fact whether the employees followed Hard Rock policy in their own conduct.  It does not create an issue of fact whether Hard Rock was negligent in failing to properly train or supervise its employees.  Hard Rock is entitled to summary judgment on Plaintiffs' claims related to its supervision and training of employees.

**Loss of consortium**

Because the Court finds that summary judgment is due to be granted on all claims, the loss of consortium claims by the Jordans necessarily fail.  *See, e.g., J & J*

*Timber Co. v. Broome*, 932 So. 2d 1, 6 (Miss. 2006) ("Mississippi law dictates that if the underlying personal injury claim is disposed of, the loss of consortium claim cannot be maintained on its own.").

## CONCLUSION

For the reasons discussed herein, the Court grants Defendant's Motions for Summary Judgment in full. Because this Order adjudicates the last remaining claims in this action, a separate Judgment will enter.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Premier Entertainment Biloxi LLC d/b/a Hard Rock Hotel & Casino's [99] Motion for Summary Judgment as to All Claims of Alyssa Jordan, [101] Motion for Summary Judgment as to All Claims of Jason Jordan, [103] Motion for Summary Judgment as to All Claims of Christopher Soukop, and [105] Motion for Summary Judgment as to Alyssa Jordan's Wrongful Death are **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims of Plaintiffs Jason Jordan, Alyssa Jordan, and Christopher Soukup are **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE